IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON,<br>　　Plaintiff,<br><br>　　v.<br><br>JESSELYN A. RADACK,<br>　　Defendant. | Civil Action No. 3:19-cv-477-REP |

**Objection to Motion to Seal**

Eugene Volokh submits this objection to Defendant Radack's Motion to Seal (Dkt. No. 8). Though he is not a party, "nonparties . . . may submit memoranda . . . in opposition to the motion [to seal]." E.D. Va. Loc. Civ. R. 5(C). Objectors to sealing are also entitled to litigate such matters *pro se*, without having to call on a member of the local bar. *See, e.g., Bonner v. Justia Inc.*, No. 3:18-cv-9187 (PGS) (LHG), 2019 WL 3892858, *1 (D.N.J. Aug. 19, 2019); *Grube v. Trader*, 142 Haw. 412, 428-29, 420 P.3d 343, 359-60 (2018). Loc. Civ. R. 5(C) appears not to require a separate motion to intervene, but, if this Court believes such a motion is necessary, Volokh also moves to intervene; nonparties are entitled to intervene to oppose sealing. *See, e.g., Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994); *In re Associated Press*, 162 F.3d 503, 508 (7th Cir. 1998); *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000); *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015).

Volokh is a professor at UCLA School of Law, and publishes a blog at the Reason Magazine site, http://reason.com/volokh, where he often writes about First Amendment matters. (He is filing this motion solely in his personal capacity, as is customary for professors, and not on behalf of UCLA.) He has written about this case already at Eugene Volokh, *Rape Claims, Speech Restrictions, and Consent*, VOLOKH CONSPIRACY (July 1, 2019, 8:01 AM), https://reason.com/2019/

1

07/01/rape-claims-and-speech-restrictions-in-the-assange-snowden-world, and has written a follow-up post about a related case between the two parties at Eugene Volokh, *Limits of Revenge Porn Laws,* VOLOKH CONSPIRACY (July 11, 2019, 8:01 AM), https://reason.com/2019/07/11/limits-of-revenge-porn-laws.

His first article quoted portions of the Agreement that had been excerpted in the Complaint, but because the Agreement had not been publicly filed, he had to hedge his discussion using provisos such as "the settlement agreement (assuming FitzGibbon's follow-up complaint accurately reports it)," Volokh, *Rape Claims, Speech Restrictions, and Consent, supra.* He plans to write further about the case, but would like to be able to avoid having to make such assumptions in his future writing. He therefore seeks access to all the court documents, including the Settlement Agreement that defendant is trying to seal.

## I. The public has a presumptive First Amendment right to access documents connected to defendant's Motion to Dismiss, including the Settlement Agreement

Count II in this case—the breach of contract claim—alleges breach of the Settlement Agreement. Compl. (Dkt. No. 1) at 10-12, ¶ 24. Defendant's Motion to Dismiss argues that plaintiff himself breached the Agreement, Mot. to Dismiss (Dkt. No. 7) at 1 n.1, that defendant's liability for breaches is limited by the Agreement itself, *id.* at 2, 9-12, and that this limitation of liability thus deprives this Court of jurisdiction over the breach of contract claim, *id.* at 2, 12. The Agreement is thus at the heart of this case, and ought not be sealed from public view.

"Motions to file documents under seal are disfavored and discouraged." Loc. Civ. R. 5(C). Sealing presumptively violates the public's First Amendment right to access court records, a right that extends to "judicial records," which include "documents filed with the court . . . [that] play a role in the adjudicative process." *In re U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D),* 707 F.3d 283, 290 (4th Cir. 2013).

2

"[D]ocuments filed in connection with a summary judgment motion in a civil case" are judicial records to which the "First Amendment standard should ... apply," "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252, 253 (4th Cir. 1988). Documents filed in connection with a motion to dismiss should be treated the same way, because motions to dismiss adjudicate substantive rights just as motions for summary judgment do (for instance, by leading to a dismissal of the case if they are successful). "Even at the motion to dismiss stage, the public has a First Amendment right of access to documents submitted." *Hilton v. Stern & Eisenberg P.C.*, No. 1:17-cv-00852, 2019 WL 2897720, *1 (M.D.N.C. July 2, 2019); *see also Marks v. Licul*, No. CIV.A. DKC 13-0347, 2013 WL 6014026, *6 (D. Md. Nov. 7, 2013); *ATI Indus. Automation, Inc. v. Applied Robotics, Inc.*, 801 F. Supp. 2d 419, 427-28 (M.D.N.C. 2011). (If the Court "rule[s] on the motion [to dismiss] without considering the materials [accompanying the motion]," then the First Amendment right of access might not apply, *see In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296, *4, 23 Media L. Rep. 2486 (4th Cir. 1995); but in this case, it is hard to see how the motion to dismiss could be evaluated without referring to the Agreement.)

"Publicity of [court] records, of course, is necessary in the long run so that the public can judge the product of the courts in a given case." *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 203 F.3d 291, 303 (4th Cir. 2000). Defendant herself states that "It is important that for purposes of evaluating the merits of Defendant's Motion to Dismiss (Dkt. No. 7) that the Settlement Agreement be read as a whole and not only the select provisions relied upon by Plaintiff in his Complaint." Mem. in Supp. of Mot. to Seal (Dkt. No. 9) at 1, ¶ 3. It is equally important that, for purposes of the public's judging the product of the courts in this case, the Agreement—the basis for the breach of contract claim—be accessible to the public just as it is to the court.

3

## II. The presumptive right of access is not rebutted here

The First Amendment right of access is even "more rigorous" than the common-law right of access, *Rushford*, 846 F.2d at 253, with "the thumb [being] even more firmly on the scale in favor of open access." *Benedict v. Hankook Tire Co. Ltd*, 323 F. Supp. 3d 747, 766 (E.D. Va. 2018). "When the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Virginia Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) (*quoting Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). No such compelling interest has been shown here. (Indeed, the Motion to Seal should be denied even under the common-law right of access, because defendant cannot show that "countervailing interests heavily outweigh the public interests in access," *Rushford*, 846 F.2d at 253; but, for reasons given in Part I, the First Amendment right of access applies here.)

### A. There is no compelling interest in sealing settlement agreements, even when they have been designated as confidential

The right of access extends to settlement agreements filed in connection with a motion to dismiss. *Teras v. Wilde*, No. CIV. A. DKC 14-0244, 2015 WL 858310, *10-*12 (D. Md. 2015). The mere fact that an agreement was a settlement agreement does not justify sealing it in a later lawsuit based on alleged breach of the agreement.

In *Teras*, for instance—just as in this case—the plaintiffs sued the defendants for breach of a settlement agreement; the defendants moved to dismiss and also to seal the settlement agreement, arguing that the settlement agreement contained "personal and confidential" information. *Teras*, 2015 WL 858310, at *10. The motion also argued that the settlement agreement contained "sensitive commercial information about how the parties conduct their law practices, including among

other things, pricing information and client lists." *Id.* But the court rejected this argument, concluding that "[d]efendants have provided only superficial allegations that the information in the Settlement Agreement is sensitive commercial information," *id.* at *12, and that "[d]efendants have not provided any specific factual representations," *id.* Likewise, defendant does not specifically explain just what facts in the Settlement Agreement are so confidential that there is a compelling interest in sealing the document.

Nor is it sufficient that the parties had agreed that the Settlement Agreement be kept confidential. "Agreement of the parties that a document or other material should be filed under seal or the designation of a document or other material as confidential during discovery is not, by itself, sufficient justification for allowing a document or other material to be filed under seal." Loc. Civ. R. 5(C). Likewise, "the fact that the parties previously stipulated [when entering into the agreement] that the Settlement Agreement should remain confidential does not provide an adequate justification for sealing the document," *Teras,* 2015 WL 858310, at *11, even under the less stringent common-law right of access.

And this is especially true when—as with the breach of contract count in this very case—the "document[] go[es] to the very heart of the Plaintiff's claims." *Gentry v. Maggie Valley Resort Mgmt., LLC,* No. 1:13-CV-00108-MR-DLH, 2014 WL 1384451, at *2 (W.D.N.C. 2014) (denying plaintiff's motion to seal documents the parties had designated as confidential when the "documents related" to the Plaintiffs claims on common-law grounds). If the parties' agreement to keep a document confidential outweighed the public's right of access, such a rule "could easily convert the exception to the commonplace, as all settlements would then be sealed if any party insisted on it as a condition of settlement." *Miles v. Ruby Tuesday, Inc.,* 799 F. Supp 2d 618, 624 (E.D. Va. 2011).

### B. There is no compelling interest in limiting public discussion of this lawsuit, or in preventing embarrassment or reputational harm to the parties

Defendant seeks to seal the Settlement Agreement in part "to avoid further exposure of the confidential aspects concerning the settlement of the Prior Lawsuit to discourse in social media and otherwise," Mem. in Supp. of Mot. to Seal (Dkt. No. 9) at 2, ¶ 6. The "otherwise" might in part be expressly aimed at Volokh, who appears to be the only commentator at a traditional media site to have written about this case and about the Agreement. (The prior lawsuit had gotten more coverage.)

Yet "discourse" about documents attached to dispositive motions—especially documents that "go to the very heart of the Plaintiff's claims," *Gentry*, 2014 WL 1384451, at *2—is precisely what the right of access seeks to defend. "[P]ublic access promotes . . . the public's interest in monitoring the functioning of the courts," *Doe v. Public Citizen*, 749 F.3d 246, 266 (4th Cir. 2014), and that monitoring requires free public discourse about court filings.

Defendant's interest in limiting the public's discussion of the Settlement Agreement may relate to concerns about reputational harm. But "bare allegation[s] of reputational harm" do not themselves justify sealing. *Id.* at 269. "'[A] litigant who might be embarrassed, incriminated or exposed to litigation through dissemination of materials is not, without more, entitled to the court's protection." *Tustin v. Motorists Mut. Ins. Co.*, 668 F. Supp. 2d 755, 761 (N.D. W. Va. 2009) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)).

Part of the reason why reputational harm does not justify sealing is that the danger of reputational harm and embarrassment is commonplace in court proceedings—yet "[a]djudicating claims that carry the potential for embarrassing or injurious revelations about a [party's] image, by contrast, are part of the day-to-day operations of federal courts." *Doe*, 749 F.3d at 269. Indeed, the same reputational arguments for secrecy could be made by defendants in a wide range of other

6

intentional tort cases. And of course some criminal defendants might prefer to have all the allegations against them being tried in secret as well. Yet the right of access to court records precludes such secrecy.

### C. There is no compelling interest in concealing the names of third parties; and, if there were, that would justify only modest redactions, not outright sealing

Preventing harm to third parties may support granting a motion to seal. *Tustin*, 668 F. Supp. 2d at 761; *United States v. Jacobson*, 785 F. Supp. 563, 569 (E.D. Va. 1992). But defendant does not explain how third parties will be harmed if the Settlement Agreement is not sealed.

Defendant says that the Agreement "includes reference to personal identifiers of third parties," Mem. in Supp. of Mot. to Seal (Dkt. No. 9) at 2, ¶ 5, but does not state what those "personal identifiers" are. If they are just the names of third parties, then there may well be no basis for sealing them. *See, e.g., Tustin*, 668 F. Supp. 2d at 762 (concluding that documents that merely name particular third parties as "credible persons" should not be sealed); *Teras*, 2015 WL 858310, at *12 (concluding that a document naming the clients of a law practice should not be sealed). Indeed, the names of witnesses and other third parties are routinely revealed in court filings, opinions, and trials.

There is no evidence that the "personal identifiers" are considerably more private identifiers than names, such as social security numbers or bank account numbers. But even if they are, they should simply be redacted. Before granting a motion to seal, a court "must . . . consider less drastic alternatives to sealing the documents," *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000), such as "releasing a redacted version of the documents," *In re U.S.*, 707 F.3d at 294.

"Anyone seeking to file a document or other material under seal must make a good faith effort to redact or seal only as much as necessary to protect legitimate interests. Blanket sealing of entire briefs, documents, or other papers is rarely appropriate." Loc. Civ. R. 5(C). "[R]edacting personal

7

identifiers like Social Security numbers, would adequately protect the parties' privacy interests," *Gentry*, 2014 WL 1384451, at *2, and the same is true as to third parties' privacy interests.

Defendant also argues that "the nature of the claims and counterclaims contained in the Prior Lawsuit, and the instant case, are deeply personal and implicate third parties." Mem. in Supp. of Mot. to Seal (Dkt. No. 9) at 2, ¶ 6. But she does not explain just how the third parties are "implicate[d]," or just why the third parties' relationship to the case is so "deeply personal" as to justify redacting their names.

And, again, any such concern about third parties would at most justify redaction, not wholesale sealing of the Agreement. Indeed, even when there is a "compelling . . . interest in the psychological health and welfare of the children involved" in a criminal case, *Jacobson*, 785 F. Supp. at 568—a compelling interest that has not been established here—the Court denied the motion to seal and instead redacted all "identifying information regarding the parents or their children," *Id.* at 569.

### III. The Bankruptcy Court's approval of an earlier motion to seal the Settlement Agreement should not affect this Court's decision

That the Bankruptcy Court had agreed to sealing the Settlement Agreement, in the earlier bankruptcy case, does not affect this Court's independent duty to provide a right of access to this Court's own records.

First, the Settlement Agreement here is central to evaluating defendant's Motion to Dismiss, Mem. in Supp. of Mot. to Seal (Dkt. No. 9) at 1, ¶ 3, and more broadly to evaluating the merits of the breach of contract count in this case. It is thus at the very heart of this case, in a way that it was not for the bankruptcy case.

Second, bankruptcy courts apply a different standard to motions to seal than courts do in non-bankruptcy actions. A bankruptcy court may grant a motion to seal in order to "protect a person

with respect to scandalous or defamatory matter contained in a paper filed in a case under this title." 11 U.S.C.A. § 107(b)(2). But in a non-bankruptcy setting, the potential of a document to cause reputational harm to a party is insufficient to outweigh the public's right of access. *See Doe*, 749 F.3d at 269; *Tustin*, 668 F. Supp. 2d at 761.

Third, this Court has an independent duty to provide a right of access to this Court's own records. That duty is not affected by a Bankruptcy Court's discharge of its own separate duty on the facts as they appeared to that court at the time of its decision.

## Conclusion

Volokh (alongside other members of the public) has a First Amendment right to access the Settlement Agreement, which is at the center of the case and which is relied on by defendant's Motion to Dismiss. Volokh cannot fully analyze the controversy in this case without access to the entire Agreement. Defendant's Motion to Seal should therefore be denied.

Respectfully submitted,

s/ Eugene Volokh

Eugene Volokh, pro se
UCLA School of Law
    First Amendment Clinic
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

## CERTIFICATE OF SERVICE

I certify that on September 16, 2019, I served this Objection by e-mail on all parties; all parties have consented to such e-mail service. On the same day, I submitted the Objection to the Court by next-day delivery.

s/ Eugene Volokh

Eugene Volokh, pro se

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that no attorney (other than me) has prepared, or assisted in the preparation of my Objection to Motion to Seal.

*Eugene Volokh*

Eugene Volokh, *pro se*

Executed on: September 16, 2019