IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TREVOR FITZGIBBON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-477-REP |
| ) | |
| ) | |
| JESSELYN A. RADACK ) | |
| ) | |
| Defendant. ) | |
| ) | |

# RESPONSE AND MEMORANDUM IN SUPPORT
# OF OPPOSITION TO MOTION TO SEAL

Plaintiff, Trevor Fitzgibbon ("Plaintiff"), by counsel, pursuant to the Court's Order entered October 3, 2019 [*ECF No. 14*] and Local Civil Rule 7(F), respectfully submits this Response and Memorandum in Support of the Objection to Motion to Seal filed by non-party, Eugene Volokh [*ECF No. 14 ("Volokh Objection")*].

1. Plaintiff agrees with the Volokh Objection.

2. "The Fourth Circuit has held that there is a presumption that the public can inspect and copy all materials that are judicial records and that documents filed with the district court should be public. This is so because public access to judicial records is a societal interest (not just one related to the litigants), which is why the Court is not bound by the litigants' wishes. The right to inspect judicial records comes from two sources: (1) the common law and (2) the First Amendment." *Craddock v. LeClairRyan*, 2019 WL 2437460, at * 6 (E.D. Va. 2019) (citations omitted).

3. The common law presumes a right of the public to inspect and copy all judicial records and documents. But, this right is not absolute, and a district court may seal documents where the public's right of access is **heavily** outweighed by competing interests. *Craddock*, 2019 WL 2437460 at * 6; *Benedict v. Hankook Tire Company Limited*, 323 F.Supp.3d 747, 754 (E.D. Va. 2018) ("To substantively overcome the common law presumption of access ... a court must find that there is a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness") (quotation omitted).

4. The settlement agreement is clearly a judicial record. There are no "competing" or "significant countervailing" interests that would justify abrogating the public's right of access to the settlement agreement. Contrary to Radack's suggestion, there are no non-public "personal identifiers of third parties" in the document. A litigant's mere self-interest in protecting herself from embarrassment or reputational harm is not enough to overcome the strong presumption in favor of public access.

## CONCLUSION

For the reasons stated, Radack's motion to seal should be denied.


DATED: October 22, 2019


Signature of Counsel on Next Page

TREVOR FITZGIBBON

By:   */s/ Steven S. Biss*
     Steven S. Biss (VSB # 32972)
     300 West Main Street, Suite 102
     Charlottesville, Virginia 22903
     Telephone:  (804) 501-8272
     Facsimile:  (202) 318-4098
     Email:  **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 22, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF. A copy was also emailed to non-party, Eugene Volokh.

By:   */s/Steven S. Biss*
     Steven S. Biss (VSB # 32972)
     300 West Main Street, Suite 102
     Charlottesville, Virginia 22903
     Telephone:  (804) 501-8272
     Facsimile:  (202) 318-4098
     Email:  **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*