UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:19-cv-477-REP |
| vs. | ) |
| | ) |
| JESSELYN A. RADACK, | ) |
| | ) |
| Defendant. | ) |

## ANSWER OF DEFENDANT JESSELYN A. RADACK TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND JURY DEMAND

Defendant, Jesselyn A. Radack ("Defendant" or "Radack"), by counsel, hereby answers Plaintiff Trevor Fitzgibbon's ("Plaintiff" or "Fitzgibbon") Amended Complaint with affirmative defenses, and asserts counterclaims against Plaintiff Trevor Fitzgibbon, as follows:

### ANSWER

1. Denied.

2. The Court's April 26, 2019, Order speaks for itself and is the best evidence of its contents. Therefore, any and all characterizations of its contents are denied.

3. Denied.

4. Denied.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same and demands strict proof.

6. Admitted in part; denied in part. Defendant admits that she is a resident of the District of Columbia. Defendant denies that she has ties to Virginia or that she has multiple clients in Virginia for whom she provides substantial ongoing legal services. Defendant denies that she

consults and provides business advice to multiple persons in Virginia, including members of the Advisory Board of ExposeFact.  Defendant admits that she wrote a self-published book entitled "The Canary in the Coalmine: Blowing the Whistle in the Case of 'American Taliban'" which was later published under the title: "TRAITOR: The Whistleblower and the American Taliban." Defendant denies that she has starred in any movies, however, admits that she has participated in unpaid documentaries and speaking engagements.  Defendant denies that she advertises her services through Twitter.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and therefore denies the same and demands strict proof.

7.    Denied.

8.    Denied.

9.    Denied.

10.   The April 13, 2018, Complaint speaks for itself and is the best evidence of its contents.  Therefore, any and all characterizations of its contents are denied.

11.   Denied.

12.   Denied.

13.   The Settlement Agreement speaks for itself and is the best evidence of its contents. Therefore, any and all characterizations of its contents are denied.  All of the remaining allegations are denied.

14.   Denied.

15.   Denied.

16.   Denied.

17.     The Settlement Agreement speaks for itself and is the best evidence of its contents.  Therefore, any and all characterizations of its contents are denied.

18.     The Settlement Agreement speaks for itself and is the best evidence of its contents.  Therefore, any and all characterizations of its contents are denied.

19.     The Settlement Agreement speaks for itself and is the best evidence of its contents.  Therefore, any and all characterizations of its contents are denied.

20.     The Settlement Agreement speaks for itself and is the best evidence of its contents.  Therefore, any and all characterizations of its contents are denied.

21.     The Settlement Agreement speaks for itself and is the best evidence of its contents.  Therefore, any and all characterizations of its contents are denied.

22.     Admitted.

23.     Admitted.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Denied.

28.     Denied.

29.     Denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

## AFFIRMATIVE DEFENSES

1.      The Court lack subject-matter jurisdiction over this action.

2.      The Court lacks personal jurisdiction over Defendant.

3.      Venue is improper in this District.

4.      The Amended Complaint fails to state a claim upon which relief may be granted.

5.      Plaintiff's claims are barred by qualified and absolute privilege.

6.      The statements made by Defendant that form the basis of Plaintiff's Amended Complaint are true.

7.      The statements made by Defendant that form the basis of Plaintiff's Amended Complaint are statements of opinion.

8.      Defendant reserves the right to amend this Answer, including, but not limited to, adding additional affirmative defenses and counterclaims that may be appropriate based upon additional facts that may be uncovered and learned through litigation and discovery in this action.

WHEREFORE, Defendant Jesselyn Radack, by counsel, respectfully requests that the Amended Complaint be dismissed with prejudice, that judgment be entered in her favor and against Plaintiff on all claims asserted therein, and that Defendant be awarded her attorney's fees and costs herein, and that this Court award such other and further relief as the Court deems proper.

## COUNTERCLAIM

COMES NOW Defendant/Counterclaim Plaintiff Jesselyn Radack, by counsel, and files the instant Counterclaim against Plaintiff/Counterclaim Defendant Trever Fitzgibbon, and in support thereof, states as follows:

## PARTIES

1.      Defendant/Counterclaim Plaintiff Jesselyn Radack is a resident of the District of Columbia.

2.      Upon information and belief, Plaintiff/Counterclaim Defendant Trevor Fitzgibbon is currently residing in North Carolina.

## JURISDICTION AND VENUE

3.      Radack disputes that this District has personal or subject matter jurisdiction over any of the claims raised in Fitzgibbon's Amended Complaint or the instant Counterclaim for the reasons set forth in Radack's Motion to Dismiss.[1]

---

[1] In an abundance of caution, Radack files the instant Counterclaim to preserve her right to assert claims against Fitzgibbon should the Court decide that jurisdiction does exist within the Eastern District of Virginia.

4.      Radack disputes that venue in this District is proper for the reasons set forth in Radack's Motion to Dismiss.

## COUNT I – Breach of Contract

5.      Radack restates and re-alleges herein all of her answers to Plaintiff's allegations in the Amended Complaint and all of her Affirmative Defenses asserted above as if set forth fully herein.

6.      On April 13, 2018, Fitzgibbon commenced an action against Radack in the United States District Court for the Eastern District of Virginia (Case No. 3:18-cv-247-REP) (the "First Radack Action").  In the First Radack Action, Fitzgibbon alleged causes of action for malicious prosecution, defamation, insulting words, abuse of process, and conspiracy.  Fitzgibbons claim's stem for the fact that in 2016 Radack, along with two other women, made police reports against Fitzgibbon for sexual assault.

7.      In the past, a dozen or more different women have also accused Fitzgibbon of sexual misconduct. *See* "The Disturbing Story of Widespread Sexual Assault Allegations at a Major Progressive PR Firm."      *https*://www.huffingtonpost.com/entry/fitzgibbon-mmedia_us_567330fce4b014efe0d4cb4e    The article quotes a joint statement from former Fitzgibbon Media staffers which "reported over a half dozen incidents of sexual harassment and at least two involving sexual assault committed by Trevor FitzGibbon against his own employees." *Id.*  The article goes on to describe that this was not the first time Fitzgibbon faced accusations of inappropriate workplace behavior, as he was previously disciplined by his prior employer, Fenton Communications, amid accusations from female colleagues of sexual harassment. *Id.*

8.   Sexual misconduct accusations by other women against Fitzgibbon have also appeared on social media:



See also Tweet by @skinnyedmundo comparing Fitzgibbon to Roger Ailes:

 **Caren Benjamin (@skinnyedmundo)**

5/19/17, 10:30 AM
RIPurgatory, Roger. #TrevorFitzgibbon proudly carrying on your tradition bit.ly/2qBj9gu
twitter.com/NYDailyNews/st…

9.     Despite the prevalence of reports by numerous women regarding Fitzgibbon's ongoing sexual misconduct, he has repeatedly singled out Radack as someone attempting to smear his already tarnished reputation.

### History of Fitzgibbon's Retaliatory Smear Campaign Directed Towards Radack

10.     Fitzgibbon has organized a campaign to harass, bait, and dox Radack dating back to 2017 when Fitzgibbon co-founded a business called ShadowBox Strategies ("ShadowBox"). ShadowBox was run by Fitzgibbon, along with his co-conspirators Manuel "Defango" Chavez III and Thomas Schoenberger ("Schoenberger").  ShadowBox has described its mission as follows:

> **THIS IS WAR**
>
> **Shadowbox is your army.**  We solve your problems and expose truth.  We unleash a multifaceted, **strategic battle plan** through integrated research earned media, legal and digital chaos.
>
> Where your enemies have lied to paint you as the bad guy, we sow the seeds of doubt and present the counter-narrative that they are, in fact, the villains, and you have been unjustly accused.  We do this through **sophisticated use of internet technology, meme creation, PR, and cyber-guerrilla tactics** that stop the bleeding and begin to sway public opinion and the media in your favor.
>
> **WHAT WE DO**
>
> Shadowbox designs crisis management/ counterinsurgencies to debunk and hit back at malicious and defamatory online and media attacks on our clients…..Our operations unit effectively routs adversaries away from you, **sending them to chase phantoms and rendering them exhausted and perplexed.**…"
>
> https://trackingmeroz.wordpress.com/tag/thomas-schoenberger/

11.     In furtherance of the mission of ShadowBox, and in an effort to take down Radack, Fitzgibbon befriended a woman by the name of Beth Bogaerts ("Bogaerts").  Fitzgibbon convinced Bogaerts that Radack was a mole for the government, that Radack had falsely accused Fitzgibbon of rape, and recruited her to assist him in his efforts to threaten, harass, and retaliate against Radack through social media.

12.     Bogaerts, at the instruction of Fitzgibbon, created a proxy Twitter account aimed at harassing Radack.  Fitzgibbon directed Bogaerts to tweet phrases such as "tick tock" at Radack for the sole purpose of intimidating and harassing Radack on social media.  Fitzgibbon also instructed Bogaerts to conduct research about Radack to assist him in his efforts to smear and sabotage Radack.

13.     Fitzgibbon and Bogaerts engaged in numerous discussions regarding ways to harass Radack, which include but are not limited to, the following:

   a.   Conversation wherein Fitzgibbon asked Bogaerts to look at Radack's Facebook page because he was blocked and then replied, "it seriously makes me wonder . . . if I'm really evil":



b.  Conversation between Bogaerts and Fitzgibbon, wherein Fitzgibbon discusses
making an alternative account not attributed to him to post Radack's nude text
messages calling it "the setup":



c.  Email from Fitzgibbon to Schoenberger regarding a plan to have Bogaerts reach

out to a journalist who had previously done a story on Radack, to write another

story about Radack:



14.    The foregoing communications illustrate Fitzgibbon's long-standing obsession

with stalking and harassing Radack.

11

15.     Bogaerts eventually informed Fitzgibbon that she no longer wanted to be involved with his campaign against Radack because it became clear that Fitzgibbon's obsession with smearing Radack was contrived.

**Fitzgibbon's Continued Harassment of Radack Post-Settlement of the First Radack Action**

16.     On April 9, 2019, the parties entered into a settlement agreement (the "Settlement Agreement") whereby Fitzgibbon agreed that:

    a.  He would not tweet, retweet, reply, like or otherwise post anything on Twitter, Facebook, YouTube or any other social media platform, or any other print or media outlet, that mentions Radack or that is of or concerning Radack;

    b.  He would not direct, request, encourage, entire, procure or otherwise cause any third party, including but not limited to any friends, colleagues, or clients of the other to tweet, retweet, reply, like or otherwise post anything on Twitter, Facebook, YouTube, any other social media platform, or any print or media outlet, that mentions Radack or that is of and concerning Radack.;

    c.  He agreed to refrain from publishing, making, printing or communicating, electronically, orally, in writing, or in any other manner, to any third party (excluding family members) or to the print or broadcast media, within social media of any nature, or on the Internet, any disparaging comments or words that could cause or contribute to such Party being held in disrepute by the public.

    Paragraphs 4(a)-(c)

17.     Not surprisingly, and in clear violation of the Settlement Agreement, Fitzgibbon has continued in his crusade to retaliate against, tarnish, defame, embarrass, and humiliate Radack through posting, and directing others to post on social media and other media outlets, statements of or concerning Radack.  Fitzgibbon's action include, without limitation, the following:

    a.  Upon information and belief, on or about May 3, 2019, Fitzgibbon instructed his long-time friend and journalist, Lara Logan, to post the following false and defamatory language on Twitter, alongside Radack's Twitter handle and profile picture: "[She] took everything from [Fitzgibbon]—his reputation, his home,

his ability to provide for his family. As a victim of gang-rape and sodomy, I say firmly that I stand by every victim of rape and sexual assault—the ones who do not lie."

b. Upon information and belief, on or about May 8, 2019, Fitzgibbon instructed Lara Logan, to post the following false and defamatory information on Twitter which is of or concerning Radack:

**7:43**

I say firmly that I stand by every victim of rape and sexual assault – the ones who do not lie.

💬 4          🔁 81          ♡ 335          ⬆



**Lara Logan** @lara_j_logan · 4d       ⌄
Who has the courage to stand up for the real victims of rape by protecting them from those who exploit this terrible crime and use it to deceive and destroy? I know Trevor and his family. What they've endured is unimaginable. This is a big day. There is only one truth.



**unRADACKted**
@JesselynRadack                    Follow ⌄

Since April 2018, I have been involved in litigation with Trevor Fitzgibbon. We have

13



**Lara Logan** @lara_j_logan · 1d

And as he co-parents, back and forth from city to city, he has fought back. What of the woman, an attorney, who falsely accused him?  She was just held in CONTEMPT OF COURT according to public records. .@SharylAttkisson pacermonitor.com/case/ 24217627/...

Neither contriti

financial difficultie

sort by any litigant,

shows that Radack is

user of social media.

Neither   contrition

financial distress ha

for nasty social medi

Document 97  Filed 04/26/19  Page 3 of 5 PageI...

are from the pleadings in this case

; the Amended Complaint (ECF No. 12);

nd other papers in the case) that Rada

at a lawyer knowingly would violate an

her from engaging in certain conduct

ter which cannot be excused by contri

or financial distress.  The simple fac

ly violated the July 31, 2018 ORDER (EC

unications that she admittedly made.

ontempt of the ORDER (ECF No. 41).

💬 2          ⟲ 18          ♡ 53          ⬆

c.   Upon information and belief, on or about June 1, 2019, Fitzgibbon instructed his close friend Michael J Daugherty, to post the following on Twitter which is of or concerning Radack:



d.  On June 13, 2018, while the First Radack Action was pending, Fitzgibbon

appeared on the show Full Measure with Sharyl Attkisson which has a

viewership of approximately 700,000 or more.  On the show Fitzgibbon made numerous false and defamatory statements including that all sexual conduct between himself and Radack was 100% consensual, statements implying that Radack sent him text messages on December 8th after she was raped which indicate that she was "happy," and statements implying that Radack's allegedly false sexual assault claims have caused him to be vilified and lose his home and business.[2]

https://www.youtube.com/watch?v=JL8U3G8pKiQ;https://www.prnewswire.com/news-releases/ratings-for-full-measure-with-sharyl-attkisson-grow-by-76-regularly-beating-cable-news-programs-on-sunday-mornings-300390182.html

After the settlement of the First Radack Action occurred, Fitzgibbon provided Sharyl Attkisson with information regarding the settlement which was published in the following article on June 29, 2019.  The article falsely implies that Radack fabricated criminal allegations against Fitzgibbon for sexual assault.   https://sharylattkisson.com/2019/06/smearing-wikileaks/

e.   Upon information and belief, on July 11, 2019, Fitzgibbon instructed his confederate, and business partner in Shadowbox, Manuel "Defango" Chavez III to post the following false and defamatory information on Twitter which is of or concerning Radack:

---

[2] Fitzgibbon also provided to Full Measure nude pictures of Radack, as well as pictures of Radack wearing lingerie, which were featured on the show.  Fitzgibbon's continuous and blatant attempts to disseminate these pictures to the public serve no other purpose but to harass, intimidate, and humiliate Radack for reporting to the police that she was sexually assaulted by Fitzgibbon.



f.   On or about August 1, 2019, @TFawnstaff (an account which upon information and belief is controlled by Fitzgibbon but recently deactivated), posted the following false and defamatory information on Twitter which is of or concerning Radack:



17



g.  On or about October 10, 2019, Fitzgibbon posted the following on Twitter, which contains comments of or concerning Radack:



h. While the First Radack Action was pending, Fitzgibbon created a Wikipedia entry for himself discussing the pending lawsuit. After the First Radack Action was settled, Fitzgibbon republished false and defamatory information of or concerning Radack on en.everybodywiki.com—which bills itself as "the free wiki where everybody can write their own biography."

https://en.everybodywiki.com/Trevor_Scott_FitzGibbon

i. In a blatant attempt to bait Radack, Fitzgibbon tagged two of Radack's current clients, John Kiriakou and Edward Snowden, in the following post:



j.   Upon information and belief, Fitzgibbon authored and prompted his media contacts to publish the following article which is false and defamatory and of or concerning Radack:  https://rixstep.com/1/20190529,00.shtml

k.   Fitzgibbon has engaged in an active campaign to bait, troll, and defame Radack on social media through confederates, proxies, and "alt" accounts, including but not limited to: @laralogan, @SharylAttkisson, @Suzi3d, @ElizabethleaVos, @CassandraRules, @Angel_Fox_Today, @DeCespedes, @ventuckyspaz, @TrevorFirzgibbon, @TFawnstaff, and @RADACKwatch which has the tagline "Whistleblowing on Jesselyn Radack."

18.   The Settlement Agreement entered into between Radack and Fitzgibbon, contains the following liquidated damages clause:

The Parties acknowledge and agree that a material breach of the provisions of this paragraph 4 would result in significant damage to the non-breaching Party.  The Parties hereby acknowledge and agree that the amount of damages in the event of a material breach of the provisions of this paragraph 4 would be difficult or impossible to determine and that the amount $1,000 for each tweet, retweet, reply, like, post or comment that violates paragraphs 4(a), 4(b)[sic] or 4(c) is the best and most accurate estimate of the damages the non-breaching Party would suffer in the event of a material breach of this paragraph 4, that such estimate is reasonable under the circumstances existing as of the date of this Agreement and under the circumstances that the Parties reasonably anticipate would exist at the time of such breach and that the breaching Party agrees to pay the non-breaching Party that amount as liquidated damages, and not as a penalty, if the non-breaching Party asserts, and a court of competent jurisdiction confirms, such a material breach.  The burden of proof in any action alleging a breach of this paragraph 4 shall be proof by clear and convincing evidence.

Paragraph, ¶ 4(e).

19.     As a result of Fitzgibbon's numerous breaches of the Settlement Agreement, Radack has suffered and is entitled to liquidated damages in an amount to be proven at trial, plus attorney's fees and costs.[3]

## COUNT II – Defamation (In the Alternative)

20.     Radack restates and re-alleges herein all of her answers to Plaintiff's allegations in the Amended Complaint, all of her Affirmative Defenses, and the allegations in the Counterclaim asserted above as if set forth fully herein.

21.      It is Radack's position that the liquidated damages provided for in the Settlement Agreement are the sole, and exclusive, remedy for breaches described in Paragraphs 4(a)-(c) of the Settlement Agreement, therefore damages should be capped at $1,000 per violation.  However,

---

[3] If the liquidated damages provision in the Settlement Agreement is determined to be unenforceable for any reason, or if it is determined that the liquidated damages clause does not limit the amount of damages a party can be awarded for breach of the Settlement Agreement, then Radack seeks any and all actual and consequential damages she has suffered in an amount to be determined at trial.

should the Court find that this is not the exclusive remedy, Radack pleads the instant Defamation claim.

22.     By his conduct as alleged above, Fitzgibbon has, without a privilege to do so, maliciously published and communicated to third parties false and defamatory material of or concerning Radack that ridicules Radack, treats Radack with contempt, and which attempts to discredit Radack in the minds of her family, friends, colleagues, clients, and associates.

23.     Fitzgibbon's defamatory statements and, upon information and belief those Fitzgibbon directed others to make on his behalf, taken as a whole, are defamatory *per se*. Fitzgibbon knew or should have known that these false and defamatory statements would be republished over and over by third-parties to Radack's detriment and injury.  Republication was the natural and probable consequence of Fitzgibbon's actions and was actually and/or presumptively authorized by Fitzgibbon.  Fitzgibbon is liable for the republication of the false and defamatory statements by third-parties.

24.     Fitzgibbon's false statements, and those he directed to be made, impute to Radack the commission of felonies and crimes involving moral turpitude.  Fitzgibbon's false and defamatory statements also impute to Radack an unfitness to perform the duties of an office or employment for profit, or the want of integrity in the discharge of the duties of such office or employment.

25.     Fitzgibbon made the false statements, or directed the false statements to be made, with actual or constructive knowledge that they were false or with reckless disregard for whether they were false.  Fitzgibbon acted with actual malice and reckless disregard for the truth. Fitzgibbon lacked reasonable ground for any belief in the truth of his statements.

26.     Fitzgibbon's acts of defamation have caused Radack to suffer irreparable harm and injury.  As a result of Fitzgibbon's defamatory statements, Radack has suffered compensatory damages in an amount to be proven at trial.  Due to the wanton, willful, and malicious nature of Fitzgibbon's conduct Radack is also entitled to an award of punitive damages in an amount to be proven at trial.

## COUNT III – Fraudulent Inducement (In the Alternative)

27.     Radack restates and re-alleges herein all of her answers to Plaintiff's allegations in the Amended Complaint, all of her Affirmative Defenses, and the allegations in the Counterclaim asserted above as if set forth fully herein.

28.     It is Radack's position that the liquidated damages provided in the Settlement Agreement is the sole, and exclusive, remedy for breaches of the Settlement Agreement described in Paragraphs 4(a)-(c) of the Settlement Agreement, therefore damages should be capped at $1,000 per violation.  However, should the Court find that this is not the exclusive remedy, Radack pleads the instant Fraudulent Inducement claim.

29.      Radack relied upon Fitzgibbon's representations that he would discontinue his crusade to retaliate against, tarnish, defame, embarrass, and humiliate Radack through posting, and directing others to post on social media and other media outlets, statements of or concerning Radack.  In reliance upon Fitzgibbon's agreement to "bury the hatchet" Radack dismissed her Counterclaim in the First Radack Action, dismissed her pending bankruptcy case, and settled all claims with Fitzgibbon.  Radack was induced by Fitzgibbon's misrepresentations and deceit to enter into the Settlement Agreement.

30.     Fitzgibbon's representations were false at the time they were made.  His actions, and those of his confederates, which occurred promptly after the Settlement Agreement was

entered into, demonstrate that he had no present intention to comply with the terms of the Settlement Agreement.  At the time Fitzgibbon entered into the Settlement Agreement, it is clear he intended to continue to harass, bait, and dox Radack.

31.     As a result of Fitzgibbon's fraudulent inducement, Radack has suffered compensatory damages, including, without limitation, loss of viable claims, attorney's fees, court costs, and other damages in an amount to be proven at trial.

WHEREFORE, Defendant/Counterclaim Plaintiff Jesselyn Radack respectfully requests that this Court enter judgment in her favor, and against the Plaintiff/Counterclaim Defendant Trevor Fitzgibbon in an amount to be proven at trial to include, without limitation, compensatory damages, punitive damages, pre-judgment and post-judgment interest, attorney's fees, costs, and such other and further relief as the Court deems proper.

## TRIAL BY JURY IS DEMANDED

Dated this 23rd day of October, 2019

/s/  D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2019, a copy of the foregoing document was filed with the Court electronically.  Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

>Steven S. Biss
>300 West Main Street, Suite 102
>Charlottesville, VA 22903
>*Counsel for Plaintiff*

/s/  D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)