UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 3:19-cv-477-REP ) ) |
| JESSELYN A. RADACK, | ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JESSELYN A. RADACK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2)**

Defendant Jesselyn A. Radack ("Radack" or "Defendant"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(2) submits this Memorandum of Points and Authorities in Support of her Motion to Dismiss the Amended Complaint filed herein by Plaintiff Trevor Fitzgibbon ("Fitzgibbon" or "Defendant"), and in support thereof, states as follows:

**STANDARD OF REVIEW**

When a court's personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure 12(b)(2), as is the case here, the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *Dowless v. Warren-Rupp Houdailles, Inc.,* 800 F.2d 1305, 1307 (4th Cir 1986).

**ARGUMENT**

I. **THIS COURT SHOULD DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

A. **This Court Lacks Personal Jurisdiction Over Radack in Virginia.**

1

"[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). However, where the state long-arm statute is coextensive with the reach of the Due Process Clause, the "statutory inquiry merges with [the] constitutional inquiry." *Id.* at 396-97. Here, the scope of Virginia's "long-arm statute is coextensive with Constitutional due process." *D.W. Boyd Corp v. Coon,* 86 Va. Cir. 509, 513 (Cir. Ct. 2013).

"To satisfy the constitutional due process requirement, a defendant must have sufficient 'minimum contacts' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 277 (4th Cir. 2009) (citations omitted). "This test is designed to ensure that the defendant is not 'haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts.'" *Id.* (citations omitted). Requiring minimum contacts "protects a defendant from having to defend himself in a forum where he should not have anticipated being sued." *Consulting Eng'rs,* 561 F.3d at 277. (internal quotations and citations omitted).

Courts have recognized two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 711 (4th Cir. 2002). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Id.* at 712 (citations omitted). Specific personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or related to' those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985); *see also Indep. Printers*

*Worldwide, Inc. v. Cole,* No. 3:15cv185, 2015 US Dist. LEXIS 103600, *6 (E.D. Va. Aug. 6, 2015) (to demonstrate specific jurisdiction, defendants must show that they "purposefully availed themselves of the Commonwealth and that their actions gave rise to this cause of action"). Whether the jurisdiction asserted is general or specific, the court's inquiry must focus on the acts of the individual defendant and not on those of other defendants or third parties. *See, e.g., Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 417 (1984); *Chung v. NANA Dev. Corp.,* 783 F.2d 1124, 1127 (4th Cir. 1986).

As set forth in detail below, Plaintiff has not and cannot show that Radack is subject to either general or specific jurisdiction in Virginia. As a result, exercising jurisdiction over Radack would "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Wash,* 326 U.S. 310, 316 (1945) (internal quotations and citations omitted). Plaintiff's claims against Radack should therefore be dismissed.

**B. Specific Personal Jurisdiction Does Not Exist Over Radack in Virginia.**

The Fourth Circuit has a three-part test to determine whether the exercise of specific jurisdiction is appropriate. The Court examines: "(1) [t]he extent to which the defendant purposefully availed [himself] of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at this State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan,* 293 F.3d at 712. (citations omitted). "[S]pecific jurisdiction requires a claim-specific analysis, as a nonresident defendant lacking continuous and systematic contacts with the forum state could not 'reasonably anticipate being haled into court' on claims unrelated to the defendant's forum state contacts, and thus haling them into court on those unrelated claims would violate their due process rights." *Gatekeeper Inc. v. Stratech Sys.,* 718 F.Supp.2d 664, 667-668 (E.D. Va. 2010).

### 1. Radack Did Not Purposefully Avail Herself of the Privilege of Conducting Activities in Virginia.

Plaintiff's Amended Complaint alleges five causes of action. The causes of action all arise from representations made in connection with, or purported breaches of, the Settlement Agreement entered into by the parties resolving the Radack Action. None of the acts giving rise to these claims occurred in Virginia. Plaintiff's claim for fraudulent inducement (Count I) arises out of alleged misrepresentations made by Radack in a Settlement Agreement which she did not enter into in Virginia. Radack Decl. ¶ 14 attached hereto as **Exhibit A**. None of the alleged misrepresentations were made by Radack in Virginia. *Id.* Counts II, III, IV, and V concern alleged statements that Radack made, or directed others, to make on social media of, or concerning, the Plaintiff. Even if it could be proven that these statements were directed to Plaintiff, he was not a citizen of Virginia at the time any of the statements were made. Am. Compl. ¶ 5. The Supreme Court has long held that the purposeful availment prong of the personal jurisdiction analysis can be met if a defendant's "intentional conduct [in the foreign state was] calculated to cause injury to [the plaintiff] in [the forum state]." *Calder v. Jones,* 465 U.S. 783, 791, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). Moreover, none of the alleged tweets, retweets, or likes were expressly directed at, or even mention Virginia. *See McNeil v. Biaggi Prods.,* No. 3:15cv751, 2017 U.S. Dist. LEXIS 93185, at * 17 (E.D. Va. June 16, 2017) (holding that specific jurisdiction was not established when online posts were not expressly directed at Virginia, but to an undefined audience of Internet users around the world).

Plaintiff's vague assertion that "Radack conducts her business, including advertising her services to clients and prospective clients in Virginia, by and through Twitter" is wholly inaccurate and lacks any factual basis. Indeed, Radack has no current clients that live in Virginia. Radack Decl., ¶ 12. It is also unclear what speculative prospective clients the Amended Complaint is

referring to as Plaintiff provides no facts whatsoever to support this vague and unsubstantiated assertion. Radack Decl., ¶¶ 9-11.[1] Plaintiff's causes of action therefore do not involve Radack availing herself of the privilege of conducting any activities in Virginia.

**2. Plaintiff's Claims Do Not Arise Out of Radack's Contacts with Virginia.**

Plaintiff's claims against Radack should also be dismissed because there can be no dispute that Radack does not have any minimum contacts with Virginia. *See Consulting Eng'rs,* 561 F.3d at 278-79 (to satisfy the second prong of the specific jurisdiction test, "defendant's contacts with the forum state [must] form the basis of the suit") (citations omitted). It is clear that the tweets, likes, and replies that form the basis of Plaintiff's claims have no connection to Virginia. These statements manifested no intent to target Virginia readers; Virginia was not mentioned in a single tweet that forms the basis of this lawsuit; none of the tweets reference any events that took place in Virginia. "This court does not have specific personal jurisdiction over [defendant] in this lawsuit because none of [plaintiff's] claims arise out of [defendant's] forum-related activities."). *Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545, 552 (E.D. Va. 2004).

**C. Radack is Not Subject to General Jurisdiction in Virginia.**

"General personal jurisdiction is 'all-purpose jurisdiction' over a defendant in the forum state, which is 'limited' in its availability . . . Absent exceptional circumstances, [a] defendant is only subject to the general jurisdiction of the forum state if it is the defendant's domicile."

---

[1] Plaintiff also seeks to imply that Radack represents Edward Snowden in the pending criminal case in the United States District Court for the Eastern District of Virginia. *See* Am. Compl. ¶ 6, ft note 2. Plaintiff's assertion is clearly erroneous and a simple PACER search establishes that Radack does not represent Snowden in the litigation pending in Virginia. Radack Decl., ¶ 11. Radack does not now, nor has she ever represented a client in a state or federal court in Virginia or in a regulatory proceeding in Virginia. *Id.* Radack has never been admitted *pro hac vice* to any court in Virginia. *Id.*

*FireClean LLC v. Tuohy*, No. 1:16cv294, 2016 U.S. Dist. LEXIS 109620, at *4 (E.D. Va. June 14, 2016) (citations omitted); *Kuhnen v. Remington,* No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at * 8 (M.D.N.C. June 29, 2016) (holding that because there was no suggestion that any defendant was domiciled in the forum state the court lacks general personal jurisdiction over the defendants); *ADi Motorsports, Inc. v. Hubman*, No. 4:06cv00038, 2006 U.S. Dist. LEXIS 85479, at *11 (W.D. Va. Nov. 27, 2006) (*citing Corry v. CFM Majestic, Inc.,* 16 F.Supp.2d 660 *663 (E.D. Va. 1998) (holding that non-residents are subject to general personal jurisdiction when they "are essentially domiciled within the forum state."); *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."). In the instant case, Plaintiff concedes that Radack does not reside in Virginia. Am. Compl. ¶ 6 ("Radack is a citizen of the District of Columbia"). This factor alone weighs strongly against the existence of general jurisdiction. *See Daimler AG v. Bauman,* 134 S.Ct. 746, 761 n. 19 (2014) (observing that only in an "exceptional case" will an individual be subject to general jurisdiction in a state other than his home state).

Plaintiff appears to assert in his Amended Complaint that this Court can exercise general jurisdiction over Radack based upon her "continuous and systematic contacts" with Virginia. Am. Compl. ¶ 8. The Supreme Court, however, has expressed doubt about whether the concept of general jurisdiction through "continuous and systematic contacts" with the forum can ever apply to non-resident individual defendants. *See Burnham v. Superior Court of Cal.,* 495 U.S. 604, 610 n.1, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990) (plurality opinion) (observing that "[i]t may be that [general jurisdiction] applies only to corporations"). As explained by the Court in *Fid. Nat'l Title Ins. Co. v. M & R Title, Inc.,* the Supreme Court has only applied general jurisdiction over foreign corporations because the "continuous and systematic" test "originally derived from the need to

6

create a workable fiction in order to determine the physical presence of corporate entities for jurisdictional purposes, in light of the reality that those entities cannot be physically 'present' anywhere in the traditional sense. **This logic does not seem to apply to natural persons, who physically are present only in one place at a time[.]**" *Fid. Nat'l Title Ins. Co. v. M & R Title, Inc.,* 21 F. Supp. 3d 507, 514 n. 1 (D. Md. 2014) (emphasis added).

Even assuming, *arguendo,* that an out-of-state natural person could theoretically be subjected to personal jurisdiction on the basis of "continuous and systematic contacts" with the forum state, Radack has not conducted any business in Virginia during the time frame relevant to the instant causes of action, such that the exercise of general jurisdiction would be justified. Decl. ¶¶ 10-12. To assert general jurisdiction, plaintiff would need to prove "by a **preponderance of the evidence** that defendant['s] contacts with Virginia are continuous, systematic, and so substantial as to justify suit against defendant[] in Virginia on any cause of action, regardless of its connection to [her] Virginia activities." *Sportrust Assocs. Int'l, Inc. v. Sports Corp.,* 304 F.Supp.2d 789, 793 (E.D. Va. 2004) (emphasis added). This is "a more demanding standard than is necessary for establishing specific jurisdiction." *ALS Scan,* 293. F.3d at 712; *Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545, 550 (Based on this requirement of "continuous and systematic" contact, "the standard for imposing general jurisdiction is high.").

Radack's contacts with Virginia are tenuous as best:

- Radack does not and has never lived in Virginia. Radack Decl., ¶¶ 2-3.
- Radack does not and has never owned or leased any real or personal property in Virginia. Radack Decl., ¶ 4.
- Radack has no assets or bank accounts in Virginia. Radack Decl., ¶ 6.

- Radack has no liabilities or debts owed to anyone in Virginia. Radack Decl., ¶ 7.

- Radack has never owned or operated a business in Virginia and as a result has never had any employees in Virginia, and has never had a Virginia address, post office box, or telephone number. Radack Decl., ¶¶ 8-9.

- Radack is an attorney who has never been licensed to practice law in Virginia, nor has she ever been admitted *pro hac vice* to practice in a Court in Virginia. Radack Decl., ¶¶ 10-11.

- Radack has no current clients in Virginia. Radack Decl., ¶ 12.

Lastly, Plaintiff argues Radack has multiple clients in Virginia for whom she provides "substantial ongoing legal services." Am. Compl. ¶ 6. In addition, Plaintiff alleges that Radack "consults and provides business advice to multiple persons in Virginia, including, without limitation, members of the Advisory Board of ExposeFacts." Am. Compl. ¶ 6. It is unclear who Plaintiff is referring to because Plaintiff does not list one purported client of Radack who she has provided "substantial ongoing legal services" to in Virginia, or one person on the Advisory Board of ExposeFacts who Radack has purportedly provided "consults" or "business advice" to in Virginia. Plaintiff goes on to assert that "[m]any of Radack's high-profile followers – *i.e.,* her audience to whom she tweets, promotes her causes, solicits and engages in business – live and work in Virginia," yet this blanket assertion is also unsupported by any facts. *Id.* The Twitter analytics show that only 1.3% of Radack's 36,780 actually live in Virginia. Radack Decl., ¶ 13. These social media contacts are legally insufficient to justify the exercise of general personal jurisdiction because they are not the kind of contacts that would render a defendant "essentially at home" in this state. *FireClean LLC v. Tuohy*, No. 1:16cv294, 2016 U.S. Dist. LEXIS 109620, at *4 (E.D. Va. June 14, 2016) (failing to find personal jurisdiction in Virginia in a defamation case

8

based on comments made on blog and Facebook page, even though ninety people who "liked" the Facebook page live in Virginia because it was "completely random, fortuitous, or attenuated" that those readers reside in Virginia). The *FireClean* Court explains that "[t]o hold otherwise would subject anyone with an established presence on the internet to general personal jurisdiction throughout the United States, and thereby 'subvert[]' the 'traditional due process principles governing a State's jurisdiction over persons outside its borders." *Id. (citing Young v. New Haven Advocate, 3*15 F.3d 256, 263 (4th Cir. 2002)).

It is clear that Plaintiff cannot establish that Radack had "continuous and systematic" contact with Virginia as required by due process, and therefore Plaintiff's Amended Complaint should be dismissed for lack of personal jurisdiction. *See Sportrust Assocs.,* 304 F.Supp.2d at 794 (holding that "insubstantial" contacts cannot support general jurisdiction and dismissing for lack of personal jurisdiction).

## CONCLUSION

For the reasons set forth above, Defendant Jesselyn Radack respectfully requests that the Court grant the instant Motion and dismiss with prejudice Plaintiff's Amended Complaint pursuant to Fed. R. Civil P. 12(b)(2).

Dated this 23th day of October, 2019

    /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 23, 2019, a copy of the foregoing document was filed with the Court electronically.  Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

                          /s/ D. Margeaux Thomas
                          D. Margeaux Thomas (VSB #75582)