UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 3:19-cv-477-REP ) ) |
| JESSELYN A. RADACK, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JESSELYN A. RADACK'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1)**

Defendant Jesselyn A. Radack ("Radack" or "Defendant"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(1), submits this Memorandum of Points and Authorities in Support of her Motion to Dismiss the Amended Complaint filed herein by Plaintiff Trevor Fitzgibbon ("Fitzgibbon" or "Defendant"), and in support thereof, states as follows:

**OVERVIEW**

Plaintiff's Amended Complaint states that the Settlement Agreement entered into between the parties resolving the prior lawsuit (the "Radack Action") "is a valid and enforceable contract." Am. Compl. ¶ 23. Yet, Plaintiff would have this Court believe that the Settlement Agreement consisted solely of Radack's agreement not to post, or direct others to post, anything on social media that mentions Plaintiff or that is, of or concerning, Plaintiff.[1] Am. Compl. ¶ 11. However, this was only one of the bargained-for exchanges made in the Settlement Agreement and cannot be applied in a vacuum. The parties also anticipated that a breach of Paragraphs 4(a)-(c) may

---

[1] This term of the Settlement Agreement was a mutual obligation by the parties. As detailed in Radack's Counterclaim, Plaintiff has materially breached this provision on numerous occasions.

occur in the future and contracted to limit the remedies available in the event of such breach. In Paragraph 4(e) of the Settlement Agreement, Plaintiff "acknowledge[d] and agree[d]" that his sole remedy for a material breach would be the "amount $1,000 for each, tweet, retweet, reply, like, post or comment that violates paragraphs 4(a), 4(b)[sic], or 4(c)" of the Settlement Agreement. *See* Am. Compl. ¶ 18.

Pursuant to the calculation explicitly set forth in the Settlement Agreement, the Plaintiff can recover at most $20,000 which assumes, *arguendo,* that he is able to prove the alleged material breaches set forth in the Amended Complaint; this sum does not exceed the amount in controversy requirement of $75,000.00 set forth in title 28 U.S.C § 1332. For these reasons, all Counts in Plaintiff's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

## STANDARD OF REVIEW

Federal courts have limited jurisdiction, and the statutes that define the scope of their jurisdiction are strictly construed out of "[d]ue regard for the rightful independence of state governments." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109 (1941). Once the propriety of the amount in controversy is challenged under Federal Rule of Civil Procedure 12(b)(1), the party seeking to invoke the subject matter jurisdiction of the federal courts has the burden of proving jurisdiction by showing, to a legal certainty, that the claim for relief is not less than the statutorily prescribed jurisdictional amount. *McKinney v. Stonebridge Life Ins. Co.,* Case No. 4:06cv00029, 2006 US Dist. LEXIS 62869, *3 (Sept. 1, 2006). Thus, the burden is on Plaintiff in this case to prove the amount in controversy is greater than $75,000.

# ARGUMENT

**A.    The Damages Claimed by Plaintiff in his Breach of Contract (Count II), Defamation *Per Se* (Count III), Common Law Conspiracy (Count IV), and Personal Trespass and Computer Harassment (Count V) Causes of Action are Barred by the Liquidated Damages Clause in the Settlement Agreement and as Result this Court Lacks Subject Matter Jurisdiction.[2]**

It has been well established that, "the existence of subject matter jurisdiction is a prerequisite for the maintenance of an action in federal district court." *Royo v. Commonwealth of Virginia,* Case No. 3:96-cv-161, 1996 U.S. Dist. LEXIS 7697, *4 (E.D. Va. Apr. 11, 1996). Therefore, "when it becomes apparent—from a challenge by a party under Rule 12(b)(1) or from a *sua sponte* review—that the Court lacks subject matter jurisdiction, the Court is duty-bound to dismiss the action. *Id.* (citations omitted).  The Court "is free to look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (citations omitted).

Here, Plaintiff elected to sue for tort and contract damages and as a consequence, "affirmed the contract and consented to be bound by its provisions." *CGI Fed. Inc. v. FCi Fed., Inc.* 295 Va. 506, 520 (2018) (citations omitted).  "Accordingly, the parties' express contract remains in effect." *Id.* The damages claimed by Plaintiff in the instant Amended Complaint blatantly ignore the fact that the Settlement Agreement contains the following liquidated damages provision:

> The Parties acknowledge and agree that a material breach of the provisions of this paragraph 4 would result in significant damage to the non-breaching Party.  The Parties hereby acknowledge and agree that the amount of damages in the event of a material breach of the provisions of this paragraph 4 would be difficult or impossible to determine and that the amount $1,000 for each tweet, retweet, reply, like, post or comment that violates paragraphs 4(a), 4(b)[sic] or 4(c) is the best and most accurate estimate of the damages the non-breaching Party would suffer in the event of a material breach of this paragraph 4, that such estimate is reasonable under the circumstances existing as of the date of this Agreement and under the circumstances that the Parties reasonably anticipate would exist at the time of such

---

[2] Count I of Plaintiff's Amended Complaint (Fraudulent Inducement) fails to state a claim for which relief may be granted as set forth in Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

> breach and that the breaching Party agrees to pay the non-breaching Party that amount as liquidated damages, and not as a penalty, if the non-breaching Party asserts, and a court of competent jurisdiction confirms, such a material breach. The burden of proof in any action alleging a breach of this paragraph 4 shall be proof by clear and convincing evidence.

Am. Compl. ¶ 18. In Plaintiff's Amended Complaint, he states that the "settlement agreement is a valid and enforceable contract" and he includes a direct quote of Paragraph 4(e), the liquidated damages clause in the Settlement Agreement. Am. Compl. ¶¶ 18, 23. Plaintiff, however, seeks to ignore, or evade, this contract provision and seeks over three million in damages for alleged breaches of the Settlement Agreement. Pursuant to the calculation explicitly set forth in the Settlement Agreement, the most Plaintiff can recover, assuming he is able to even prove a material breach, would be $20,000 which is well under the amount in controversy requirement for federal court subject matter jurisdiction.

Parties to a contract "may agree in advance about the amount to be paid as compensation for loss or injury which may result from a breach of the contract '[w]hen the actual damages contemplated at the time of the agreement are uncertain and difficult to determine with exactness and when the amount fixed is not out of all proportion to the probable loss.'" *301 Dahlgren Ltd. P'ship v. Bd. of Suprv'rs*, 240 Va. 200, 202-03 (1990) (*quoting Taylor v. Sanders,* 233 Va. 73, 75 (1987); *Perez v. Capital One Bank,* 258 Va. 612, 615-16 (1999). The case law is clear that the stipulated amount, "forms, in general, the measure of damages in case of a breach, and the recovery must be for that amount. No larger or smaller sum can be awarded though the actual loss may be greater or less. Put another way, 'a liquidated damages clause in a contract is an advance settlement of the anticipated actual damages arising from a future breach.'" *4U Promotions, Inc. v. Excellence in Travel, LLC*, Case No. 2:15-cv-1673, 2017 U.S. Dist. LEXIS 126729, *8 (S.D. Oh. Aug. 9, 2017).

Here, the Settlement Agreement provides for liquidated damages in the amount of $1,000 for any statement, disparaging, defamatory, or otherwise made on social media of or concerning the other party. Am. Compl. ¶ 18. This amount was agreed to in advance by the parties as the "best and most accurate estimate of damages the non-breaching [p]arty would suffer," resulting from a future breach of Paragraphs 4(a)-(c) of the Settlement Agreement because the parties specifically acknowledged that such damages would be "difficult or impossible to determine." *Id.* As specifically acknowledged by the parties in the Settlement Agreement, the amount of damages for future claims related to defamatory posts on social media are notoriously uncertain. *See WJLA-TV v. Levin*, 264 Va. 140, 162 (2002) (*quoting News Leader Co. v. Kocen,* 173 Va. 95, 103 (1939) ("[w]ith respect to claims of defamation, we have said that '[t]o ascertain what is a fair and reasonable compensation for such an injury, inflicted under the circumstances, is not easy. It has been repeatedly stated that there is no rule of law fixing the measure of damages, nor can it be reached by any process of computation'"); *see also Gazette, Inc. v. Harris*, 229 Va. 1, 41 (1985) (there is no fixed standard for measuring compensatory damages in a libel action, and the amount of the award is largely a matter of discretion with the jury to be based on the facts and circumstances of each case).

The Settlement Agreement is consistent with the conclusion that the parties intended damages in the amount stated. The language of the liquidated damages provision is clear with respect to the reasons supporting the parties' choice of this amount. The liquidated damages clause is not a boiler plate liquidated damages provision; rather, it was freely negotiated by the parties both represented by counsel and possessing equal bargaining power. The parties—Radack an attorney and Fitzgibbon a "global public relations and communication[s] strat[egist]"—cannot fairly be characterized as unsophisticated. Am. Compl. ¶¶ 5-6. Moreover, the parties have a long

history of litigation, which include the Plaintiff filing a bar complaint and numerous lawsuits against Radack and her employer, this suggests that the parties were well aware that the $1,000 per violation amount was an accurate estimation of damages in the event of a future breach. The purpose of settlement is to end litigation, not to provide a breather before the next round, which is Plaintiff's clear intent here and should not be allowed. For these reasons, the maximum amount Plaintiff could recover under Counts II, III, IV and V—all causes of action which stem from future alleged breaches of the Settlement Agreement governed by Paragraph 4(e)—is $20,000 which comes nowhere near the statutory requirement of $75,000. Accordingly, Plaintiff's Amended Complaint should be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, Defendant Jesselyn Radack respectfully requests that the Court grant the instant Motion and dismiss with prejudice Plaintiff's Amended Complaint pursuant to Fed. R. Civil P. 12(b)(1).

Dated this 23rd day of October, 2019

    /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 23, 2019, a copy of the foregoing document was filed with the Court electronically.  Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

    /s/  D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)