IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON,<br>Plaintiff,<br><br>v.<br><br>JESSELYN A. RADACK,<br>Defendant. | Civil Action No. 3:19-cv-477-REP |

### Reply to Notice of Withdrawal of Motion to Seal

This Court's October 3, 2019 order provides that the "objector . . . shall file a reply." Objector therefore submits this brief reply to Ms. Radack's withdrawal of her Motion to Seal.

"Unless otherwise provided by law, Court rule, or prior order of the Court, no document or portion of a document may be filed under seal unless the filer has complied with the procedures set forth herein." E.D. Va. Loc. Civ. R. 5(A). One of those "procedures" is a motion to file under seal; the Settlement Agreement filed at Dkt. No. 11 was presumably temporarily sealed "pending a determination by the Court on the motion to seal." E.D. Va. Loc. Civ. R. 5(C).

But now that the contemporaneous Motion to Seal has been withdrawn, there is no basis to deny public access to this filed document. "Failure to file a timely motion to seal may result in the document being placed in the public record," *id.*; the withdrawal of a motion to seal should lead to the same result. *See, e.g.*, *Berman v. Freedom Financial Network, LLC*, No. 18-cv-01060-YGR, 2019 WL 4194195, *1 n.1 (N.D. Cal. Sept. 4, 2019) (concluding that, after a motion to seal was largely withdrawn, "[w]ithin five business days of this Order, all other documents previously filed provisionally under seal shall be re-filed on the public docket"); *Art of Design, Inc. v. Pontoon Boat, LLC*, No. 3:16-cv-595-JD-JEM, 2019 WL 3749990, *4 (N.D. Ind. Aug. 8, 2019) (granting

1

a motion to withdraw motion for leave to file under seal, and therefore directing "the Clerk of Court to remove the seal" from the previously sealed documents).

"[J]udicial proceedings are by default public." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 92 (D.D.C. 2014). In the absence of a motion to seal, that default condition must prevail. And this is true whether or not the Settlement Agreement was actually relied on by this Court in deciding the motion. The Agreement was filed in this Court's docket in connection with the September 9, 2019 and October 15, 2019 Motions to Dismiss (which apparently cited it as Exhibit A, *see* Dkt. No. 7, at 1 and Dkt. No. 17, at 1. "[D]ocuments filed in connection with a summary judgment motion in a civil case" are judicial records to which the "First Amendment standard should . . . apply" "[b]ecause summary judgment adjudicates substantive rights and serves as a substitute for a trial," *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253, 252 (4th Cir. 1988); the same logic applies to documents filed in connection with a motion to dismiss.

Nor does it matter whether the document has been relied on by the Court. It would be "legal error" to conclude that "materials are not judicial documents because [a court] did not rely on them in adjudicating a motion"—"the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

Objector therefore asks that the document be returned to public access, just as the other documents in this docket are publicly accessible.

Respectfully submitted,

s/ Eugene Volokh

Eugene Volokh, pro se
UCLA School of Law
    First Amendment Clinic
385 Charles E. Young Dr. E.
Los Angeles, CA 90095
(310) 206-3926
volokh@law.ucla.edu

## CERTIFICATE OF SERVICE

I certify that on Friday, October 25, 2019, I served this Reply by e-mail on all parties; all parties have consented to such e-mail service. On the same day, I submitted the Reply to the Court by Monday delivery.

s/ Eugene Volokh

Eugene Volokh, pro se

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that no attorney (other than me) has prepared or assisted in the preparation of my Reply.

*/s/ Eugene Volokh*

Eugene Volokh, *pro se*

Executed on: October 25, 2019