UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JESSELYN A. RADACK, )<br>)<br>Defendant. ) | Civil Action No. 3:19-cv-477-REP |

**DEFENDANT JESSELYN A. RADACK'S REPLY BRIEF SUPPORTING MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant Jesselyn Radack ("Radack" or "Defendant"), by counsel, states as follows for her Reply Brief Supporting Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

**I. This Court can, and should, hold that as a matter of law Plaintiff fails to state a fraudulent inducement claim upon which relief may be granted.**

Plaintiff seeks to rebut his inability to plead reasonable reliance—a required element to state a fraudulent inducement claim—by stating that reliance is a question of fact that is usually reserved for the trier of fact. Plaintiff does not address whatsoever the plethora of facts which establish, as a matter of law, that no such reasonable reliance can exist in the instant case.[1] *See Fessler v. IBM,* Case No. 1:18-cv-798, 2018 U.S. Dist. LEXIS 202725, *16-23 (E.D. Va. 2018)

---

[1] Plaintiff seeks to distinguish the *Metrocall* and *Muryama* cases relied upon in Radack's Memorandum by stating that they involved actions to rescind a settlement agreement versus the instant case wherein Plaintiff sues for money damages. However, this is a distinction without a difference, the relief sought does not change the fact that reasonable reliance is a required element to state a claim for fraudulent inducement.

1

(holding that reliance on Defendant's statements were unreasonable as a matter of law and dismissing fraudulent inducement claim under Rule 12(b)(6)); *Wilson v. Lee,* 2018 Va. Unpub. LEXIS 9, (Va. 2018) (deciding the issue of reasonable reliance as a matter of law at the pleading stage and finding that "[n]o reasonable person, under all the circumstances alleged in the amended complaint would be justified in relying on the continued assurances that the real estate was actually being placed in trust."); *ShoMe Techs., Inc. v. Nobska Group,* 190 Fed. Appx. 298, *6 (4th Cir. 2006) (holding that as a matter of law plaintiff failed to show reasonable reliance). Additionally, in both the *Metrocall* and *Murayama* cases which are cited in Radack's initial Memorandum, and which are on all fours with the instant case, the Supreme Court of Virginia affirmed the trial courts' findings of lack of reasonable reliance as a matter of law. *Metrocall of Delaware, Inc. v. Cont'l Cellular Corp.,* 246 Va. 365, 375 (1993); *Murayama 1997 Tr. V. NISC Holdings, LLC,* 284 Va. 234, 248 (2012).[2] For the foregoing reasons this Court can, and should, find under Rule 12(b)(6) that Plaintiff cannot establish reasonable reliance based upon the pleadings as a matter of law.

None of the caselaw cited by Plaintiff is at all analogous to the instant case, where the four corners of the Settlement Agreement entered into by the Parties preclude a finding of reasonable reliance. Plaintiff would like for this Court to ignore the parties' lengthy litigation history, Plaintiff's repeated public declarations that Radack is a lying and dishonest individual, and the plain meaning of the liquidated damages clause within the Settlement Agreement, and instead is asking this Court to analyze in isolation the parties' future promise not to make statements defamatory, disparaging, or even concerning the other on social media. The Settlement Agreement states that the "Parties acknowledge and agree" that should social media offenses occur in the future, damages in the amount of $1,000 per social media offense would be the "most accurate

---

[2] In the *Murayama* case the Fairfax County Circuit Court found lack of reasonable reliance at the Demurrer stage and dismissed the plaintiff's complaint which was affirmed on appeal.

estimate" of damages. It is disingenuous, and completely without merit, for Plaintiff to now argue that he "reasonably relied" upon Radack's future promise to refrain from the aforementioned social media offenses and that "Defendant's true colors only became apparent *after* the Plaintiff settled," when in the Settlement Agreement Plaintiff acknowledged, contemplated, and understood that future social media offenses may occur. The fact that the Settlement Agreement assigns a damage value to the exact conduct which Plaintiff complains of in the instant lawsuit, affirmatively undermines any claim of reasonable reliance and bars Plaintiff from pursuing the instant fraudulent inducement cause of action. For the foregoing reasons, Count I of Plaintiff's Amended Complaint should be dismissed with prejudice.

**II. Plaintiff's conspiracy claim must be dismissed (Count IV).**

Radack's initial Memorandum noted that the alleged conspiracy claim in Count IV of the Amended Complaint grossly fails to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) because it does not allege facts that show "who, what, where, when, why and how." *See Feeley v. Total Realty Mgmt.,* 660 F. Supp. 2d 700, *31 (E.D. Va. 2009). The Amended Complaint sets out only conclusory statements rather than factual allegations describing the parameters of the alleged conspiracy or how Radack acted "in concert" with any of the arbitrarily listed individuals for the purpose of doing harm to Plaintiff. *See, e.g., Bell Atlantic Court. v. Twombly,* 550 U.S. 544, 547 (2007) (court "not bound to accept as true a legal conclusion couched as a factual allegation" on hearing a motion to dismiss) (quotations omitted). Plaintiff's Opposition does not even attempt to refute this failure, instead Plaintiff again just conclusory asserts that a conspiracy has been adequately alleged.

The Amended Complaint is devoid of any facts establishing that Radack even knows who the people are that she allegedly conspired with, much less that there was a meeting of the minds

to commit a conspiracy. Plaintiff makes the conclusory and factually devoid assumption that because people have made comments about him on social media, those people must somehow be connected to Radack. Moreover, it is unclear from the Amended Complaint whether there are allegedly one, or multiple conspiracies, with the numerous named and unnamed parties (identified by Twitter handle only) because Plaintiff lumps them all together. These allegations cannot, as a matter of law, serve as the foundation for stating a conspiracy claim and should be dismissed with prejudice.

### III. Plaintiff's personal trespass and computer harassment claims must be dismissed (Count V).

Plaintiff's allegations of personal trespass and computer harassment simply regurgitate the elements of this cause of action and are unsupported by any underlying facts in the Amended Complaint. Plaintiff's Opposition does not respond to the fact that none of the tweets at issue constitute obscenities under the holding in *Barson v. Commonwealth,* 284 Va. 67, 726 S.E.2d 292 (2012). For these reasons, Count V of Plaintiff's Amended Complaint should be dismissed with prejudice.

### CONCLUSION

For the reasons set forth above, Defendant Jesselyn Radack respectfully requests that the Court grant her Motion to Dismiss and dismiss with prejudice Counts I, IV, and V of Plaintiff's Amended Complaint pursuant to Fed. R. Civil P. 12(b)(6).

Dated this 12th day of November, 2019

        /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2019, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

        /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)