UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 3:19-cv-477-REP |
| vs. ) | |
| ) | |
| JESSELYN A. RADACK, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT JESSELYN A. RADACK'S REPLY BRIEF SUPPORTING MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2)**

Defendant Jesselyn Radack ("Radack" or "Defendant"), by counsel, states as follows for her Reply Brief Supporting Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(2).

## ARGUMENT

**I. Radack is not domiciled in Virginia and has no "continuous or systematic" contacts with Virginia that would warrant the exercise of general jurisdiction over her in this case.**

Plaintiff's Opposition brief does not even attempt to provide any "exceptional circumstances" that would warrant the exercise of general jurisdiction over Radack, who has never been domiciled in Virginia. *FireClean LLC v. Tuohy*, No. 1:16cv294, 2016 U.S. Dist. LEXIS 109620, at *4 (E.D. Va. June 14, 2016) (holding that "[a]bsent exceptional circumstances, [a] defendant is only subject to the general jurisdiction of the forum state if it is the defendant's domicile") (citations omitted). Instead, Plaintiff jumps to the unsubstantiated conclusion, without any analysis whatsoever, that "continuous and systematic" contacts can support general

1

jurisdiction over a non-resident individual defendant. Plaintiff does not cite to one case in support of this proposition, and even if this were the standard, Plaintiff fails to establish that Radack has anything more than a smattering of tenuous, occasional, and fortuitous contacts with Virginia. These "Virginia contacts" also occurred well before March of 2019, which is the pertinent timeframe for the instant case. Plaintiff also supports his Motion with a general declaration attesting to facts many of which Plaintiff could have no personal knowledge of and many of which are used in support of unfounded and patently false conclusions. None of the alleged "Virginia contacts" relied upon by Plaintiff are sufficient to warrant exercising general jurisdiction over Radack in Virginia.

Plaintiff identifies the following "contacts" Radack has had with Virginia:

- Nearly 15 years ago, Radack was a party to civil litigation in Virginia. *See In Re: In Camera Office of Inspector General Report, et al. v. United States,* Case No. 1:03-mc-00062-TSE. This fact is wholly irrelevant to any jurisdictional analysis and it is unclear why Plaintiff believes this would ever be properly considered as a basis for the exercise of general jurisdictional.

- Over the course of Radack's career – spanning over 20 years – she has provided advice or representation to two individuals (Edward Snowden and John Kiriakou) who have or had cases in Virginia. **Yet, Radack did not represent these individuals in any Virginia proceedings**. Case No. 3:18-cv-00247-REP, Second Radack Declaration, Dkt. No. 29-2, ¶ 14. Representation of two people well before the events alleged in the Amended Complaint even occurred does not constitute as Plaintiff alleges "represent[ation of] numerous whistleblowers and leakers in Virginia."

- Radack has previously represented two clients who have residences in Virginia, John Kiriakou and Said Barodi. Radack's representation of Kiriakou and Barodi was not in any proceeding or matter occurring in Virginia or relating to Virginia law. *Id.* at ¶ 18. The fact that prior to any of the events at issue in the current lawsuit, Radack represented two individuals who happen to live in Virginia, regarding matters unrelated to Virginia or Virginia law has no relevance to a general jurisdiction analysis.

- More than seven years ago, Radack spoke via telephone to Talk Nation Radio

- about issues affecting whistleblowers. *Id.* at ¶ 19. Even assuming *arguendo* that the Talk Nation Radio host, David Swanson, lives and works in Virginia, this fact would have no relevance to this jurisdictional analysis. Five years ago, again, many years before any of the events at issue in this case occurred, Radack appeared on Larry King Live.

- As noted in Radack's initial Memorandum, only 1.3% of Radack's 36,780 followers live in Virginia. Radack Declaration, Dkt. No. 25-1, ¶ 13.

- Contrary to Plaintiff's statements, Radack is not a member of Daniel Hale's defense team in the pending case identified in Plaintiff's Opposition Brief on page 5. A cursory review of CM/ECF for Case No. 1:19-cr-00059 confirms that Hale is represented by Todd Richman and Cadence Mertz at the Office of the Federal Public Defender, not Radack.[1] Plaintiff misinterprets Radack's statement regarding "fighting the Wikileaks Warmup," as representing Daniel Hale in the pending litigation. As if the only possible definition of the word "fighting" is "legal representation." When indeed, Radack's statement refers to signing a letter (along with 173 other people and 50 organizations) to condemn the charges against Hale and her discussions on NPR and other public outlets regarding the Hale, Julian Assange, and Joshua Schulte prosecutions under the Espionage Act.

- Radack has never represented Jeffrey Sterling in any matter and never provided professional advice to him. Case No. 3:18-cv-00247-REP, Second Radack Declaration, Dkt. No. 29-2, ¶ 15.

- The Supplemental Answers to Interrogatory No. 5 (the "Supplemental Answers") attached as Exhibit B to Plaintiff's Opposition Brief show 14 calls made by Radack to Virginia phone numbers (there is no evidence that these calls were even received in Virginia) over a 4-year span, all of which occurred before the pertinent time frame for the instant case. The Supplemental Answers also show a total of 101 emails sent, before the pertinent time frame in this case, to two different clients who happened to live in Virginia regarding matters unrelated to Virginia law. There is no evidence that any of these emails were even received in Virginia.

None of the foregoing occurrences come anywhere close to establishing what Plaintiff terms as "continuous in-state business contacts." Plaintiff is grasping at straws in a contrived attempt to invoke Virginia jurisdiction over Radack. Additionally, Plaintiff's repeated

---

[1] Radack is not a criminal defense attorney. Thus, to the extent the media conflates Radack's representation of Hale on whistleblower matters 6 or 7 years ago, with the current criminal prosecution, such inference is wholly inaccurate.

statements that Radack has represented multiple clients in the "EDVA" is misleading, because it implies that Radack has represented more than two people who lived in Virginia and that she actually served as their attorney for matters pending in Virginia, both implications which are patently false.

**II.     There is no basis to exercise specific jurisdiction over Radack in Virginia.**

Plaintiff argues that Radack made "numerous misrepresentations in Virginia that induced Plaintiff to settle the First Action;" yet Plaintiff fails to identify what misrepresentations he is referring to. *See* Plaintiff's Opposition Br. P. 19. The only alleged misrepresentations set forth in the Amended Complaint are those contained in the Settlement Agreement, therefore to the extent Plaintiff's argument is Radack made those statements in Virginia, then Plaintiff's argument is flatly contradicted by Radack's Declaration that provides that Radack did not sign the Settlement Agreement in Virginia and none of the tweets, retweets, or likes at issue in the Amended Complaint were made in Virginia. Radack Declaration, Dkt. No. 25-1, ¶ 14. It is also unclear how Plaintiff reaches the conclusion that the Settlement Agreement was accepted in Virginia when neither of the parties to the contract reside in Virginia. Furthermore, the fact that the Settlement Agreement is governed under Virginia law, pertains to choice of law, not jurisdiction.

Lastly, by Plaintiff's logic Radack could be haled into court in every spot on the planet where Twitter is accessible. The 7th Circuit has warned that "[c]ourts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.,* 751 F.3d 796, 803 (7th Cir. 2014) (citations omitted). This conclusion is equally

applicable to social media sites such as Twitter. Here, none of the acts in the instant case were specifically targeted at causing injury in Virginia (a state where neither of the parties to this action are domiciled). It should also be noted that both of the cases cited by Plaintiff, *Calder* and *Gubarev,* involved conduct calculated to cause injury to the plaintiff in the forum state. *See Calder v. Jones,* 465 U.S. 783, 791 (1984); *Gubarev v. BuzzFeed,* 253 F. Supp. 3d 1149, 1159 (S.D. Fla. 2017). Here, Plaintiff does not even live in the forum state. Thus, Plaintiff's Amended Complaint should be dismissed due to lack of personal jurisdiction.

### III. No wavier of Radack's jurisdictional defenses has occurred.

Waiver of the defense of lack of personal jurisdiction is governed by Rule 12(h). Waiver occurs when a defendant fails to raise a jurisdictional defense in a "motion under [Rule 12]" or by failing to "include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course." *See* Fed. R. Civ. P. 12(h). Here, Radack timely asserted the defense of lack of personal jurisdiction by raising it in this Rule 12 Motion, Radack also states in her compulsory Counterclaim that she seeks to preserve her courterclaims "should the Court decide that jurisdiction does exist within the Eastern District of Virginia." *See* Dkt. No. 23, p. 5. The *Gilpin* case relied upon by Plaintiff in support of waiver was decided under the Virginia Rules and has no relevance to federal court practice and procedure. For these reasons, Plaintiff's waiver argument fails.

### CONCLUSION

For the reasons set forth above, Defendant Jesselyn Radack respectfully requests that the Court grant her Motion to Dismiss and dismiss with prejudice Plaintiff's Amended Complaint pursuant to Fed. R. Civil P. 12(b)(2).

Dated this 12th day of November, 2019

                                              /s/ D. Margeaux Thomas
                                        D. Margeaux Thomas (VSB #75582)
                                        The Thomas Law Office PLC
                                        11130 Fairfax Blvd., Suite 200-G
                                        Fairfax, VA 22030
                                        Telephone: 703.957.2577
                                        Facsimile: 703.957.2578
                                        Email: mthomas@thomaslawplc.com
                                        *Counsel for Defendant Jesselyn A. Radack*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2019, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

                                              /s/ D. Margeaux Thomas
                                        D. Margeaux Thomas (VSB #75582)