IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| TREVOR FITZGIBBON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-477-REP |
| | ) | |
| | ) | **TRIAL BY JURY** |
| JESSELYN A. RADACK | ) | **IS DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

# <u>SECOND AMENDED COMPLAINT</u>

Plaintiff, Trevor Fitzgibbon, by counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure (the "Rules") and the Court's Order entered on November 20, 2019 [*ECF No. 42*], files the following Second Amended Complaint against Defendant, Jesselyn A. Radack ("Radack").

Plaintiff seeks (a) compensatory damages and punitive damages in an amount not less than **$4,350,000.00**, (b) prejudgment interest on the principal sum awarded by the Jury from April 9, 2019 to the date of Judgment at the rate of six percent (6%) per year, (c) reasonable attorney's fees in an amount to be determined by the Court, but not less than **$250,000.00**, pursuant to contract, § 18.2-152.12 of the Virginia Code (1950), as amended (the "Code"), and Rule 54(d)(2), and (d) court costs – arising out of Defendant Radack's fraud in the inducement, breach of contract, defamation, common law conspiracy, personal trespass and computer harassment.

## I.  **INTRODUCTION**

1.      Jesselyn Radack is a deceitful and spiteful abuser of social media.

2.      On April 26, 2019, the United States District Court for the Eastern District of Virginia held Radack in contempt.  In its Order, the Court specifically found that:

> Neither contrition nor emotional distress nor illness nor financial difficulties can excuse deliberate misconduct of this sort by any litigant, much less by a lawyer.  And, the record here shows that Radack is a sharp-tongued, mean-spirited, proliferous user of social media.  Her conduct here is just more of the same.  Neither contrition nor emotional distress nor illness nor financial distress have caused Radack to ameliorate her penchant for nasty social media communication.

[*Fitzgibbon v. Radack*, Case 3:18-cv-247 (Document 97, p. 3)].

3.      This case is about Radack's fraud in the inducement of a settlement agreement, her repeated breaches of that contract, and her continuing nasty use of Twitter to publish false and defamatory statements about Fitzgibbon.

4.      In this case, Fitzgibbon seeks money damages for the extreme and unconscionable defamation being perpetrated by Radack and her confederates.  Radack's vengeful, indiscriminate and persistent use of social media to defame must be stopped.  Radack holds a law license.  She has committed criminal or deliberately wrongful acts that reflect adversely on her honesty, trustworthiness or fitness to practice law.  She has engaged in conduct involving dishonesty, fraud, deceit and misrepresentation.  She and her confederates cannot be allowed to use social media as a weapon to injure human

2

beings.  Radack should be punished for her unlawful actions and a very strong message needs to be sent to prevent others from acting in a similar way.

## II.  PARTIES

5.     Plaintiff, Trevor Fitzgibbon ("Fitzgibbon"), was born in Lynchburg, Virginia.  He is 48-years old.  He is a citizen of North Carolina.  Fitzgibbon provides domestic and global public relations and communication strategy for clients in Virginia and elsewhere.  Fitzgibbon's clients include whistleblowers, authors, artists and activists.

6.     Radack is a citizen of the District of Columbia.  Through her business as an advisor to whistleblowers and Government leakers, Radack has deep ties to Virginia. She has multiple clients in Virginia for whom she provides substantial ongoing legal services.  In addition, she consults and provides business advice to multiple persons in Virginia, including, without limitation, members of the Advisory Board of ExposeFacts. [https://exposefacts.org/advisory-board/].  Radack is a high-profile strategist, business advisor, attorney, author and lecturer.  She regularly accepts speaking engagements, both in the United States (including Virginia) and abroad, including the following since 2013:

https://www.youtube.com/watch?v=I5SXW3rTHEw (September 30, 2013)
(Testifying before the European Union Parliament Committee)

https://www.whistleblower.org/press/prominent-national-security-whistleblowers-coming-fiu (October 24, 2013)
(Speaking at Florida State University)

https://www.youtube.com/watch?v=xjGsT-nmydA (February 8, 2014)
(Speaking in Tacoma, Washington, for almost 2 hours)

https://www.youtube.com/watch?v=IEUEhxEjj_I (February 21, 2014)
(Speaking at the New Hampshire Liberty Forum)

https://www.youtube.com/watch?v=4ephmr5x-Go (March 10, 2014)
(Speaking in India at the India Today Conclave)

https://www.youtube.com/watch?v=mEq42BDBVWk (March 16, 2014)
(In London, England, to give the annual Sam Adams Award for Integrity and
Intelligence to Bradley (a/k/a) Chelsea Manning – "Jesselyn had just been
harassed by the UK Border Police and spoke about being questioned about her
representation of Edward Snowden and Private Manning")

https://www.c-span.org/video/?318762-1/challenges-facing-whistleblowers
(April 8, 2014)
(Speaking at the University of Southern California-Annenburg)

https://www.youtube.com/watch?v=78ZeqS49pkM (April 23, 2014)
(At the Tribeca Film Festival in New York)

https://www.youtube.com/watch?v=cAKjEtLy45o (June 20, 2014)
(Interviewed in Berlin, Germany)

https://www.irishtimes.com/news/world/europe/spy-scandal-threatens-german-us-
relations-1.1857423 (July 3, 2014)
(Testimony before the German Bundestag Commission)

https://www.youtube.com/watch?v=isiBjM5W96M (December 12, 2014)
(Joining *Larry King Live* from Arlington, Virginia)

https://www.youtube.com/watch?v=aFszjzDjbo8 (March 6, 2015)
(Speaking in Geneva, Switzerland)

https://www.youtube.com/watch?v=jcg5aO_H9OU (March 31, 2015)
(Speaking at Harvard University)

https://www.youtube.com/watch?v=1FByjXWmiXk (April 12, 2015)
(Speaking at the Goethe Institute in Germany)

https://www.youtube.com/watch?v=1_1hKFXNbeI (June 22, 2015)
(Interviewed in London, England)

https://video.muhlenberg.edu/media/Woodrow+Wilson+Fellow+Jesselyn+Radack
+lecture%2C+%E2%80%9CWhistleblowing+and+the+Snowden+Effect%E2%80%9D/1
_egoqi1e2 (September 9, 2015)
(Speaking at Muhlenberg College in Allentown, Pennsylvania)

https://www.youtube.com/watch?v=MkheUav0dq0 (February 16, 2016)
(Speaking on panel at the 66th Berlin International Film Festival)

https://www.youtube.com/watch?v=-ACHCkyip1M (March 11-12, 2016)
(Speaking at the CIJ Symposium in Berlin)

https://www.youtube.com/watch?v=fHOKUDP9n0g (March 28, 2016)
(Speaking at Harvard Law School)

https://www.youtube.com/watch?v=PVXYdZZpZsA (April 27, 2016)
(Speaking at the Boyd School of Law at UNLV)

https://www.youtube.com/watch?v=tvGb-KlE9NE (August 16, 2016)
(Speaking in the United Kingdom)

https://www.youtube.com/watch?v=u9_mIwDq4yY (February 9, 2017)
(Speaking in Oslo, Norway, at the Public Calling conference for over 29 mins)

https://matthewhoh.com/tag/jesselyn-radack/ (February 2018)
(Speaking in London, England, at the Guardian)

https://elevate.at/en/speakers/radack/ (March 4, 2018)
(Speaking at the Elevate Festival in Graz, Austria)

https://rightscon2018.sched.com/speaker/jesselynradack1 (May 16-18, 2018)
(Speaking at RightsCon in Toronto, Canada)

https://tcij.org/logan-symposium-2018/speakers/gabriella-coleman/3481-2/
(Goldsmiths, University of London, October 19-20, 2018[1]

https://www.youtube.com/watch?v=Zgta8M3DMsM (April 11, 2019)
(Appearing on PBS Newshour)

https://www.youtube.com/watch?v=euE76-hA9Fs&feature=youtu.be
(September 19, 2019) (Interview with Rico Brouwer – How to Defend Against
Lawfare)

https://www.msnbc.com/ali-velshi/watch/snowden-atty-official-whistleblowers-
channels-at-best-accomplish-nothing-70110277839 (September 27, 2019)
(Appearing on MSNBC).[2]

---

[1]     Radack clearly has no problem whatsoever travelling around the World.
She most certainly can travel to Richmond, Virginia, for trial.

[2]     Radack publicly represents that she is counsel for Edward Snowden.  In
2013, the United States of America filed a criminal complaint against Snowden in
the United States District Court for the Eastern District of Virginia.  The matter is pending.
[https://www.washingtonpost.com/world/national-security/us-charges-snowden-with-
espionage/2013/06/21/507497d8-dab1-11e2-a016-92547bf094cc_story.html].

Radack conducts her business, including advertising her services to clients and prospective clients in Virginia, by and through Twitter. Radack operates Twitter account, **@JesselynRadack**. She has over 36,500 followers. Prior to this action being filed, she described herself as follows:



Immediately after Fitzgibbon filed this action, Radack changed her Twitter profile to falsely suggest that her retweets and likes were not endorsements of the defamatory content:



Many of Radack's high-profile followers – *i.e.*, her audience to whom she tweets, promotes her causes, solicits and engages in business – live and work in Virginia. [*E.g.*, @RVAwonk; @JohnKiriakou; @barodi_said; @MarkWarner; @andrewmcockburn; @B_Ehrenreich; @MatthewPHoh; @joshgerstein; @AdamParkhomenko].    Radack published the tweets at issue in this action to each of these Virginians.  The tweets were read in Virginia.

### III.  <u>JURIDICTION AND VENUE</u>

7.    The United States District Court for the Eastern District of Virginia has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  The parties are citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and fees.

8. Radack is subject to personal jurisdiction in Virginia pursuant to Virginia's long-arm statute, § 8.01-328.1(A)(1), (A)(3) and (A)(4) and § 8.01-328.1(B) of the Code, as well as the Due Process Clause of the United States Constitution. She is subject to both general and specific personal jurisdiction. She engages in continuous and systematic business in Virginia. The contract at issue (settlement agreement) was accepted in Virginia; performed in Virginia; and is governed by Virginia law. Radack and her agents committed multiple intentional torts and acts of defamation in whole or part in Virginia. Fitzgibbon suffered loss in Virginia, when, as a result of Radack's fraud, Fitzgibbon agreed to dismiss his action against Radack that was pending in this Court. Fitzgibbon also suffered harm in Virginia where Radack published defamatory tweets to her followers and to Fitzgibbon's clients, colleagues and friends. Radack has minimum contacts with Virginia such that the exercise of personal jurisdiction over her comports with traditional notions of fair play and substantial justice and is consistent with the Due Process Clause of the United States Constitution. Radack's misrepresentations and persistent course of defamation has been purposefully directed at Fitzgibbon and Virginia.

9. Venue is proper in the Richmond Division of the United States District Court for the Eastern District of Virginia pursuant to Title 28 U.S.C. § 1391(b)(1) and (b)(2).

## COUNT I – FRAUD IN THE INDUCEMENT

10. On April 13, 2018, Fitzgibbon commenced an action against Radack in the United States District Court for the Eastern District of Virginia (Case 3:18-cv-247-REP) (the "Radack Action). In a second amended complaint filed in the Radack Action

[Document 60], Fitzgibbon alleged claims of malicious prosecution, defamation, insulting words, abuse of process, and conspiracy. In the Radack Action, Fitzgibbon sought money damages in the sum of $10,350,000.00 as a result of Radack's malicious prosecution, defamation and wrongdoing.

11.     In March and April 2019, after the District Court in the Radack Action entered an Order to Show Cause [Document 87] why Radack should not be held in contempt for violating a restraining order entered in the Radack Action [Document 41], Radack made multiple material misrepresentations to Fitzgibbon for the purpose of inducing Fitzgibbon to settle his claims against Radack and her employer, the Institute for Public Accuracy ("IPA"),[3] and release Radack and IPA from liability. Radack falsely represented that:

- She would not tweet, retweet, reply, like or otherwise post anything on Twitter, Facebook, YouTube or any other social media platform, or any other print or media outlet, that mentions Fitzgibbon or that is of and concerning Fitzgibbon;

- She would not direct, request, encourage, entice, procure or otherwise cause any third party, including but not limited to any friends, colleagues, or clients, to tweet, retweet, reply, like or otherwise post anything on Twitter, Facebook, YouTube, any other social media platform, or any print or media outlet, that mentions Fitzgibbon or that is of and concerning Fitzgibbon;

- She would refrain from publishing, making, printing or communicating, electronically, orally, in writing, or in any other manner, to any third party (excluding her family members) or to the print or broadcast media, within social media of any nature, or on the Internet, any disparaging comments or words that would cause or contribute to Fitzgibbon being held in disrepute by the public.

(the "Radack Misrepresentations").

---

[3]     Fitzgibbon's claims against IPA were the subject of a separate action. [Case 3:19-cv-102-REP (E.D. Va.)].

12.     Fitzgibbon reasonably and justifiably relied upon the Radack Misrepresentations by agreeing to settle the Radack Action, dismiss the Radack Action with prejudice, and release Radack and IPA from liability.

13.     On April 9, 2019, Fitzgibbon signed a settlement agreement with Radack. The agreement is governed by Virginia law.  Radack delivered the settlement checks to Virginia and made the representations that induced the settlement in Virginia.  Fitzgibbon was induced by Radack's misrepresentations and deceit to enter into the settlement agreement.  But for Radack's misrepresentations, Fitzgibbon would not have signed the settlement agreement.

14.     Radack's representations were false at the time they were made.  Her actions and those of her confederates demonstrate that she had no present intention to comply with the terms and conditions of the settlement agreement.  Radack misrepresented and concealed the fact that she planned and intended to continue defaming Fitzgibbon on Twitter.  Radack acted under false and deceitful pretenses to obtain a dismissal of Fitzgibbon's viable claims stated in the Radack Action.

15.     Radack's statements, actions, and concealment constitute fraud in the inducement of contract.

16.     As a direct and proximate result of Radack's fraud in the inducement, Fitzgibbon suffered damage and incurred loss, including, without limitation, loss of his viable claims, personal injuries, attorney's fees, court costs, and other damages in the sum of $3,000,000.00 or such greater amount as is determined by the Jury.

## COUNT II – <u>BREACH OF CONTRACT</u>

17.     Paragraph 4 of the settlement agreement contains the following material terms and conditions:

> a.      The Parties each covenant and agree that they will not tweet, retweet, reply, like or otherwise post anything on Twitter, Facebook, YouTube or any other social media platform, or any other print or media outlet, that mentions the other or that is of and concerning the other.  For purposes of this Agreement, a statement is "of and concerning" a Party if the publication was intended to refer to him/her and would be so understood by persons reading it who knew him/her or if the publication was in its description or identification such as to lead those who knew or knew of the Party to believe that the statement was intended to refer to him/her.

> b.      The Parties covenant and agree that they will not direct, request, encourage, entice, procure or otherwise cause any third party, including but not limited to any friends, colleagues, or clients of the other, to tweet, retweet, reply, like or otherwise post anything on Twitter, Facebook, YouTube, any other social media platform, or any print or media outlet, that mentions the other or that is of and concerning the other.

> c.      In addition to the mutual affirmative covenants in paragraphs 4(a) and 4(b) above, each Party covenants and agrees that they will refrain from publishing, making, printing or communicating, electronically, orally, in writing, or in any other manner, to any third party (excluding family members) or to the print or broadcast media, within social media of any nature, or on the Internet, any disparaging comments or words that would cause or contribute to such Party being held in disrepute by the public.
>
> d.      For purposes of this Agreement, "disparaging" means defamatory, derogatory, deprecating, detracting, and/or pejorative.  Nothing herein is intended to restrain or otherwise prohibit disclosures, communications, statements, or comments compelled pursuant to lawful order or process of a judicial, administrative, civil or criminal authority or proceeding.

18.     Paragraph 4(e) of the settlement agreement provides that:

> e. The Parties acknowledge and agree that a material breach of the provisions of this paragraph 4 would result in significant damage to the non-breaching Party. The Parties hereby acknowledge and agree that the amount of damages in the event of a material breach of the provisions of this paragraph 4 would be difficult or impossible to determine and that the amount $1,000 for each tweet, retweet, reply, like, post or comment that violates paragraphs 4(a), 4(b)( or 4(c) is the best and most accurate estimate of the damages the non-breaching Party would suffer in the event of a material breach of this paragraph 4, that such estimate is reasonable under the circumstances existing as of the date of this Agreement and under the circumstances that the Parties reasonably anticipate would exist at the time of such material breach and that the breaching Party agrees to pay the non-breaching Party that amount as liquidated damages, and not as a penalty, if the non-breaching Party asserts, and a court of competent jurisdiction confirms, such a material breach. The burden of proof in any action alleging a breach of this paragraph 4 shall be proof by clear and convincing evidence.

19.    Paragraph 6 of the settlement agreement states that:

> 6. <u>Mutual General Releases</u>. For and in consideration of the mutual promises contained in this Agreement, and for such other good and valuable consideration, the receipt of which is hereby acknowledged, each of the Parties and their agents, attorneys, representatives and employees, and each of them, hereby forever release, discharge and acquit the other of and from any and all claims, disputes, controversies, demands, suits, actions, proceedings, causes of action, liens, sums of money, debts, obligations and liabilities of any kind, known or unknown, contractual or sounding in tort, whether pending before a court or tribunal of any kind or not, whether asserted or unasserted, and including, without limitation, the claims stated in the Fitzgibbon Action and the Radack Bankruptcy Case; *provided, however*, that nothing in this Agreement shall constitute or be construed to be a release or waiver of any rights or entitlements created under or pursuant to this Agreement.

20.    Paragraph 12 of the settlement agreement provides that:

> 12. <u>Confidentiality</u>. The Parties agree that they will not disclose the terms and conditions of this Agreement to any person or entity, directly or indirectly. The Parties agree that they will jointly request, and/or jointly cooperate in requesting, that the approval of these settlement terms remain confidential and that the explicit terms of this settlement remain under seal. Nothing herein is intended to restrain or otherwise prohibit disclosures, communications, or comments (i) to the Parties' attorneys, officers and directors, tax advisors, financial advisors, bankers, and spouses, or (ii) compelled pursuant to lawful order or process of a judicial, administrative, civil or criminal authority or proceeding, or (iii) as required or necessary to enforce this Agreement.

21.    Paragraph 19 of the settlement agreement states that:

> 19.   <u>Enforcement of Agreement; Attorneys' Fees</u>.   If any suit or action is filed by any
> Party to enforce any of the terms of this Agreement, the prevailing Party in such suit or action shall
> be entitled to recover all of their costs, expenses and attorney's fees incurred in connection with such
> suit, including, without limitation, all costs, expenses and attorney's fees incurred on any appeal,
> from the non-prevailing Party.

22.   Radack and Fitzgibbon signed the settlement agreement on April 9, 2019.

23.   The settlement agreement is a valid and enforceable contract.

24.   After April 9, 2019, Radack breached the settlement agreement by (a) tweeting, retweeting, replying, liking or otherwise posting statements on Twitter that mentioned Fitzgibbon or that were of and concerning Fitzgibbon (*see below*), (b) directing, requesting, encouraging, enticing, procuring or otherwise causing third parties, including, but not limited to, tweeps, friends, colleagues, or clients, to tweet, retweet, reply, like or otherwise post statements on Twitter that mentioned Fitzgibbon or that were of and concerning Fitzgibbon (*see below*), (c) publishing, making, printing or communicating to third parties (who were not family members) on Twitter disparaging comments or words that would cause or contribute to Fitzgibbon being held in disrepute by the public (*see below*), and (d) by disclosing the terms and condition of the settlement agreement to unauthorized persons, including Raymond Johansen (*see below*).

25.   As a direct result of Radack's breach of contract, Fitzgibbon suffered damage and incurred loss, including, without limitation, liquidated damages, loss of income and injury to business, attorney's fees, court costs, and other damages in an amount to be determined by the evidence, but not less than $500,000.00.

### COUNT III – <u>DEFAMATION *PER SE*</u>

26.   Within days of signing the settlement agreement and since April 9, 2019, Radack ruthlessly published and republished false and defamatory statements of and

concerning Fitzgibbon to third parties.  These third parties, in turn, republished Radack's

defamation on their Twitter feeds.  The false and defamatory statements at issue in this

action have been published and republished millions of times on Twitter.

27.    Beginning on May 3, 2019 – exactly **one day** after the effective date of the

settlement agreement – Radack and third parties acting in concert with her published the

following false and defamatory statements of and concerning Fitzgibbon:





unR A D A C K ted @JesselynRadack · 19h

Please unfollow me if you also follow @Millenial1706, bc you unwittingly become a conduit for this kind of abuse:

#FreeAssange ⏳ @... · 5/18/19
fuck all of you but first of all fuck you @jesselynradack

💬 3          ⟲ 1          ♡ 8          ⬆

💬 11          ⟲ 8          ♡ 18          ⬆

Randy Credico @Credico2016 · 17h
Wtf?

💬 3          ⟲          ♡ 1          ⬆

@Kaidinn was suspended. Unity4J destroyer.
@vcruytldczsdfa

Replying to @Credico2016 @JesselynRadack and @Millenial1706

Yes Randy it's by the "movement" unity4j who are working for serial rapist Fitzgibbon to harass Jesselyn into silence what he did to her.  This is being spearheaded by Fitzgibbon, his girlfriend Diani, and unity4j's Suzie/Elizabeth/Caitlin/others.

8:31 PM · May 25, 2019 · TweetDeck

💬          ⟲          ♡          ⬆

unR A D A C K ted @JesselynRadack · 2h
Replying to @vcruytldczsdfa @Credico2016 and @Millenial1706
Exactly.



[Although he is not mentioned by name, the reference in Radack's reply to "his picture" is to Fitzgibbon.  Radack and Goldberg had many communications about Fitzgibbon. The subject matters of "intimate partner violence", *i.e., rape*,, fear, abuse, coercion and threats mirror Radack's accusations concerning Fitzgibbon.  Fitzgibbon is the only male who fits "every element on this wheel"].



[Although he is not mentioned by name, the reference to "predator" and "deranged Julian groupie" is to Fitzgibbon.  As is well-known publicly, Fitzgibbon formerly represented Julian Assange and WikiLeaks.  In February 2019, Elizabeth Vos ("Vos") wrote an article and tweeted about the litigation between the parties. [*See, e.g.*, https://disobedientmedia.com/2019/02/fitzgibbon-sues-the-institute-for-public-accuracy-for-alleged-defamation-by-jesselyn-radack/;

https://twitter.com/ElizabethleaVos/status/1096470499922718723].  Radack describes

Vos as an "eager stenographer" for Fitzgibbon. Vos' articles and tweets are largely supportive of Fitzgibbon. In the past, Radack has repeatedly called Fitzgibbon a "predator"].



[In this tweet, Radack describes herself as the "victim" of doctored the texts and images that were "weaponized" against her by a "serial predator". This tweet is of and concerning Fitzgibbon and the texts and images, *i.e., the selfies*, that were at issue in the

Radack Action.  In many prior tweets, Radack has claimed that Fitzgibbon is a "serial predator" and that he "weaponized" information (which he did not).  Indeed, Fitzgibbon is the only person Radack consistently refers to as a "serial predator".].



[Although not mentioned by name, the referred to "assailant" is to Fitzgibbon.  In many other tweets, Radack and her confederates accuse Fitzgibbon of setting up a Twitter account to "stalk and threaten" Radack.  These are the same false charges she has made in this litigation.  Fitzgibbon is the only "assailant" that Radack has ever identified in tweets.  This tweet has to be referring to Fitzgibbon.].



**Angelo Carusone** ✔ @GoAngelo · Jun 3, 2018

Sinclair's @SharylAttkisson did a full segment today defending widely recognized sexual harasser Trevor Fitzgibbon, dismissed the reports from *many* women, never once even featured a single statement from the women that came forward. Just defended a sexual harasser.

Show this thread

💬 23        ↻ 106        ♡ 296        ⬆

**General Sands** @MilitiaChief · Jun 19                                         ⌄

@GoAngelo Julian Assange's PR man Trevor FitzGibbon contacted me recently. @Snowden's lawyer @JesselynRadack says he raped her. I met Sharyl Attkisson at Clinton's #whistleblower summit. I know for a fact @georgesoros funds Snowden, Manning & Assange. My name is General Sands.

---

← → ☐ ☐ https://fas.org/sgp/jud/manning/appeal-053118.pdf

| USA v. Bradley (Chelsea) Manning: Army Court of Appeals affirms prior findings of guilt | 1 /26 |

**UNITED STATES ARMY COURT OF CRIMINAL APPEALS**

Before
CAMPANELLA, CELTNIEKS, and HAGLER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
Private First Class **BRADLEY E. MANNING** (nka CHELSEA E. MANNING)
United States Army, Appellant

ARMY 20130739

U.S. Army Military District of Washington
Denise R. Lind, Military Judge
Colonel Corey J. Bradley, Staff Judge Advocate (pretrial)
Colonel James R. Agar, II, Staff Judge Advocate (post-trial)

For Appellant: Vincent J. Ward, Esquire (argued); Captain J. David Hammond, JA;

---

💬        ↻ 2        ♡ 1        ⬆

**unR̶A̶D̶A̶C̶K̶ted**                                         ⌄
@JesselynRadack

Replying to @MilitiaChief @SharylAttkisson and 3 others

Wrong on 3 counts. 1) He was never #Assange's "PR man," 2) Anyone can be an amicus on a brief, 3) Soros is not funding @Snowden or @xychelsea.

1:01 PM · Jun 26, 2019 · Twitter for iPhone



28.    The filing of this action – the second action for defamation against Radack – did not deter Radack and her confederates from continuing to defame Fitzgibbon to Radack's clients, Twitter followers and to readers in Virginia.   After June 28, 2019, Radack and her agents targeted, tweeted, retweeted and liked the following defamatory statements of and concerning Fitzgibbon:



**un~~RADACK~~ted**
@JesselynRadack

Replying to @kittyhundal and @AnnieDarkhorse

8 ppl in this @Unity4J ad attacked me...but "only in their individual capacities." That argument's been rejected by every major legal system.



10:29 AM · Jul 28, 2019 · Twitter for iPhone

 **un~~R A D A C K~~ted**
@JesselynRadack

Hint to trolls:
• don't use alts w your kids pic
• don't use alts w your initials
• don't use alts named aft your fave '80s rock band
• don't wrap yourself in a @wikileaks cape aft #Assange disavowed you
• don't use alts to stalk women
• don't f*ck w/ the crypt-literate


12:41 PM · Aug 5, 2019 · Twitter for iPhone

[Although not mentioned by name, this tweet is of and concerning Fitzgibbon.  Each of the bullet points describes something that Fitzgibbon has done or that Radack has accused him in the past of doing.  The information is very specific and is immediately attributable to Fitzgibbon.].

 **un~~R A D A C K~~ted**
@JesselynRadack

Replying to @Vice16176094 @GiveBackTheAcct and 7 others

That is false. As a survivor and victim advocate, I would never engage in or endorse stalking. Cease and desist with this defamation.

12:26 PM · Sep 3, 2019 · Twitter for iPhone

29.     On multiple occasions, Fitzgibbon requested Radack in writing to cease and desist from publishing false and defamatory statements on Twitter.   Radack disregarded Fitzgibbons pleas.[4]

30.     Radack made and published to third-parties, including her 36,500 Twitter followers, numerous false factual statements, which are detailed verbatim above, of or concerning Fitzgibbon.

31.     By tweeting and retweeting, Radack knew or should have known that her false and defamatory statements would be republished over and over by third-parties millions of times to Fitzgibbon's detriment and injury.   Republication by Radack's Twitter followers was the natural and probable consequence of Radack's actions and was actually and/or presumptively authorized by Radack.   In addition to her original publications, Radack is liable for the republication of the false and defamatory statements by third-parties under the doctrine announced in *Weaver v. Home Beneficial Co.*, 199 Va.

---

[4]     Radack has gone to the extreme lengths of contacting defendants in Fitzgibbon's counsel's other cases and tweeting about those other matters, *e.g.*:



Radack's behavior is egregious and bizarre.

196, 200, 98 S.E.2d 687 (1957) ("where the words declared on are slanderous per se their repetition by others is the natural and probable result of the original slander.").

32.     Radack's false statements constitute defamation *per se*.  The statements accuse and impute to Trevor Fitzgibbon the commission of felonies and crimes involving moral turpitude and for which Fitzgibbon may be punished and imprisoned in a state or federal institution.  Radack's statements also impute to Fitzgibbon an unfitness to perform the duties of an office or employment for profit, or the want of integrity in the discharge of the duties of such office or employment.  Radack's statements also severely prejudice Fitzgibbon in his profession or trade.

33.     Radack's false statements harmed Fitzgibbon.

34.     Radack made the false statements with actual or constructive knowledge that they were false or with reckless disregard for whether they were false.  Radack acted with actual malice and reckless disregard for the truth for the following reasons:

a.     Radack set out to intentionally breach the settlement agreement and promote her nasty predetermined agenda, which was to destroy Fitzgibbon's reputation with falsehoods.

b.     After she was admonished to cease and desist, Radack continued to publish and republish false and scandalous statements and to use unnecessarily strong, violent, scandalous and egregious language and insulting words, disproportionate to any occasion.

c.     Radack reiterated, repeated and continue to republish false and defamatory statements, and enticed others to do so out of a desire to hurt Fitzgibbon and to permanently stigmatize him.

35.     Radack lacked reasonable grounds for any belief in the truth of her statements – statements that she publicly retracted on May 3, 2019.

36.     As a direct result of Radack's defamation, Fitzgibbon suffered substantial damage and loss, including, but not limited to, presumed damages, actual damages, loss of business and income, pain and suffering, emotional distress and trauma, insult, anguish, stress and anxiety, public ridicule, humiliation, embarrassment, indignity, damage and injury to his reputation, attorney's fees, costs, and other out-of-pocket expenses in an amount to be determined by the Jury, but not less than $4,000,000.00.

**COUNT IV – <u>COMMON LAW CONSPIRACY</u>**

37.     Beginning in April 2019 and continuing through the present, Radack combined, associated, agreed or acted in concert with Raymond Johansen, Bailey Lamon, "@Kaidinn", "@jimmysllama" (and with others unknown to Plaintiff without discovery), for the express purpose of injuring Fitzgibbon in his business and reputation through the publication and republication of false and defamatory statements.  In furtherance of the conspiracy and preconceived joint plan, Radack and her confederates orchestrated a scheme the unlawful purpose of which was to defame Fitzgibbon in an effort to destroy his reputation and business.  Acting in concert, Radack and her co-conspirators utilized Twitter, encrypted email and encrypted communications software [*e.g.*, https://signal.org/] to publish, republish and spread the defamation and character assassination.  Radack and her agents tweeted and retweeted the same words and messages on the same days, demonstrating that they were working in tandem to defame Fitzgibbon.

38.    Beginning a mere **six days** after Radack signed the settlement agreement, Raymond Johansen[5] and Bailey Lamon, acting in concert with Radack, began to tweet, retweet, publish and republish false and defamatory statements of and concerning Fitzgibbon, including the following:



---

[5]    Johansen, a reputed hacker, has multiple "personas", including "Razor1911".  He communicates with Radack using Protonmail, Wire and/or Signal encrypted technologies.

 Raymond Johansen Retweeted

**Bailey, like the drink** 🎗 👤 🏴
@UptheCypherPunx

Reminder that ex-WikiLeaks PR guy Trevor Fitzgibbon [
@TrevorFitzgibb1] is a sexual predator and serial abuser w/
multiple allegations against him dating back to the early-
mid 2000s. He is NOT a victim of CIA targeting for his
work w/ WikiLeaks. 🙄



The Disturbing Story Of Widespread Sexual Assault Allegations At A Major Prog...
The group abruptly shut down on Thursday.
🔗 huffingtonpost.ca

9:15 PM · Jun 11, 2019 · Twitter Web Client

Radack is even sharing drafts of pleadings with Johansen.  The two continue to falsely

accuse Fitzgibbon of being a "serial woman abuser":

 **Raymond Johansen**
@RayJoha2

I have a few friends, pirates and colleagues that fell for Trevor Fitzgabon's claims of innocence. I'm not mad at you. I have read both sides. Have you? See Answer and Counterclaim (pdf) to the latest attack on @JesselynRadack by the serial women abuser.

 MEGA
MEGA provides free cloud storage with convenient and powerful always-on privacy. Claim your free 50GB now
🔗 mega.nz

2:53 PM · Oct 24, 2019 · Twitter Web App

39.     Anonymous Twitter account, "**@Kaidinn**", acting in concert with Radack and publishing under multiple pseudonyms, tweeted the following false and defamatory statements about Fitzgibbon:

 **"a door appearing closed doesn't mean it's locked"**
@Kaidinn

Caitlin was squealing like a pig 2 weeks ago when someone didn't believe her lies about being "raped." She works for a SERIAL RAPIST and does favorable PR for him which includes the harassment and smear campaign targeting Snowden's attorney Jesselyn Radack who he raped.

10:32 PM · Apr 10, 2019 · Twitter Web Client

29



**"a door appearing closed doesn't mean it's locked"**
@Kaidinn

Suzie's toxic cancerous grifter "movement" Unity4J has a BIG problem with supporting rapists, pedophiles, and child abusers.  One Unity4J member is a serial rapist they've been working for, speaking for, and targeted 1 of his rape victims Jesselyn Radack. #Anonymous #OpNewBlood

2:55 AM · Apr 15, 2019 · Twitter Web Client



**Unity4J's Dapeaple...** · 3h ⌄
**@JesselynRadack**
True78045100, Vice16176094, FauxWatch, and whoever else includes Kitty inside the accounts. FauxWatch is clearly the same people behind RadackWatch.  Kitty has also started to retweet serial rapist Fitzgibbon too.  Four screenshots.  👉





**@Kaidinn (an evil princess running a troll empire)**
@HatedByManyLOL

@JesselynRadack @RayJoha2 @AnonScan  Look into serial rapist Trevor Fitzgibbon being who created Unity4j and 1vs5i considering he's already funding them.   And his ShadowBox might have been what Unity4J was working for this entire time.

4:21 AM · Oct 27, 2019 · Twitter Web App

   40.  Twitter account, **@jimmysllama**, acting in concert with Radack, tweeted

the following:



**Llama**
@jimmysllama

Replying to @JesselynRadack

Sounds exactly what Trevor Fitzgibbon has been doing to a certain lawyer who defended @Snowden @xychelsea and other whistleblowers. #FitzgibbonsWar

**THIS IS WAR**

**Shadowbox is your army.**  We solve your problems and expose truth.  We unleash a multifaceted, **strategic battle plan** through integrated research earned media, legal and digital chaos.

Where your enemies have lied to paint you as the bad guy, we sow the seeds of doubt and present the counter-narrative that they are, in fact, the villains, and you have been unjustly accused.  We do this through **sophisticated use of internet technology, meme creation, PR, and cyber-guerrilla tactics** that stop the bleeding and begin to sway public opinion and the media in your favor.

3:46 PM · Aug 6, 2019 · Twitter Web App

41.     Radack acted intentionally, purposefully, without lawful justification, and with the express knowledge that she was injuring Fitzgibbon.

42.     Radack's actions constitute a common law conspiracy to defame.

43.     As a direct result of Radack's conspiracy, Fitzgibbon suffered damage and loss, including, but not limited to, actual damages, including, loss and injury to his business, insult, pain and suffering, humiliation, embarrassment and injury to reputation, presumed damages, court costs, and other damages in an amount to be determined by the Jury, but not less than $4,000,000.00.

## COUNT V – <u>PERSONAL TRESPASS AND COMPUTER HARASSMENT</u>

44.     Radack has used computers or a computer network to cause physical injury to Fitzgibbon.  Radack, with the intent to coerce, intimidate, or harass Fitzgibbon, has also used computers or a computer network to communicate vulgar, profane, and indecent language and to threaten illegal or immoral acts.

45.     Radack's conduct constitutes personal trespass by computer in violation of § 18.2-152.7 of the Code and computer harassment in violation of § 18.2-152.7:1 of the Code.

46.     Fitzgibbon was injured because of Radack's violations of § 18.2-152.7 and § 18.2-152.7:1 of the Code.

47.     As a direct result of Radack's personal trespass by computer and computer harassment, Fitzgibbon suffered damage and incurred loss, including, without limitation, pain and suffering, physical injury, severe emotional trauma, insult, embarrassment, humiliation, public ridicule, anguish, stress and anxiety, injury to reputation, special damages, attorney's fees, costs and out-of-pocket expenses in sum of $4,000,000.00 or such greater amount as is determined by the Jury.


Trevor Fitzgibbon alleges the foregoing based upon personal knowledge, public statements of others, and records in his possession.  He believes that substantial additional evidentiary support, which is in the exclusive possession of Radack and her clients, agents, surrogates, alter egos and other third-parties, including former clients of Fitzgibbon Media, will exist for the allegations and claims set forth above after a reasonable opportunity for discovery.

33

Fitzgibbon reserves the right to amend this Complaint upon discovery of additional instances of Radack's wrongdoing.

## CONCLUSION AND REQUEST FOR RELIEF

WHEREFORE, Trevor Fitzgibbon respectfully requests the Court to enter Judgment against Jesselyn Radack as follows:

A.    Compensatory damages in the amount of $4,000,000.00 or such greater amount as is determined by the Jury;

B.    Punitive damages in the amount of $350,000.00 or the maximum amount allowed by law;

C.    Prejudgment interest at the rate of 6% per year on the Principal Sum awarded by the Jury from April 9, 2019 to the date of Judgment;

D.    Postjudgment interest at the rate of six percent (6%) per annum until paid;

E.    Attorney's Fees and Costs;

F.    Such other relief as is just and proper.

## TRIAL BY JURY IS DEMANDED

DATED:    December 10, 2019

Signature of Counsel on Next Page

34

TREVOR FITZGIBBON

By:___*/s/ Steven S. Biss*_____
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:   (804) 501-8272
        Facsimile:   (202) 318-4098
        Email:      **stevenbiss@earthlink.net**

        *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By:___*/s/Steven S. Biss*_____
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:   (804) 501-8272
        Facsimile:   (202) 318-4098
        Email:      **stevenbiss@earthlink.net**

        *Counsel for the Plaintiff*