UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, )<br>)<br>Plaintiff, )<br>) Civil Action No. 3:19-cv-477-REP<br>vs. )<br>)<br>JESSELYN A. RADACK, )<br>)<br>Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JESSELYN A. RADACK'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(2)**

Defendant Jesselyn A. Radack ("Radack" or "Defendant"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(2) submits this Memorandum of Points and Authorities in Support of her Motion to Dismiss the Second Amended Complaint filed herein by Plaintiff Trevor Fitzgibbon ("Fitzgibbon" or "Plaintiff"), and in support thereof, states as follows:

**STANDARD OF REVIEW**

When a court's personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure 12(b)(2), as is the case here, the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence. *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989); *Dowless v. Warren-Rupp Houdailles, Inc.,* 800 F.2d 1305, 1307 (4th Cir 1986).

## ARGUMENT

I. **THIS COURT SHOULD DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

**A. This Court Lacks Personal Jurisdiction Over Radack in Virginia.**

"[F]or a district court to assert personal jurisdiction over a nonresident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized under the state's long-arm statute; and (2) the exercise of jurisdiction must comport with the due process requirements of the Fourteenth Amendment." *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003). However, where the state long-arm statute is coextensive with the reach of the Due Process Clause, the "statutory inquiry merges with [the] constitutional inquiry." *Id.* at 396-97. Here, the scope of Virginia's "long-arm statute is coextensive with Constitutional due process." *D.W. Boyd Corp v. Coon,* 86 Va. Cir. 509, 513 (Cir. Ct. 2013).

"To satisfy the constitutional due process requirement, a defendant must have sufficient 'minimum contacts' with the forum state such that 'the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Consulting Eng'rs Corp. v. Geometric Ltd.,* 561 F.3d 273, 277 (4th Cir. 2009) (internal quotations and citations omitted). "This test is designed to ensure that the defendant is not 'haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts . . . [requiring minimum contacts] protects a defendant from having to defend himself in a forum where he should not have anticipated being sued." *Id.* (internal quotations and citations omitted).

Courts have recognized two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 711 (4th Cir. 2002). General personal jurisdiction exists when the defendant's contacts with the forum, whether or not related to the litigation, are "continuous and systematic." *Id.* at 712 (citations omitted). Specific

personal jurisdiction exists when the defendant has "purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or related to' those activities." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985); *see also Indep. Printers Worldwide, Inc. v. Cole,* No. 3:15cv185, 2015 US Dist. LEXIS 103600, *6 (E.D. Va. Aug. 6, 2015) (to demonstrate specific jurisdiction, defendants must show that they "purposefully availed themselves of the Commonwealth and that their actions gave rise to this cause of action"). Whether the jurisdiction asserted is general or specific, the court's inquiry must focus on the acts of the individual defendant and not on those of other defendants or third parties. *See, e.g., Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 417 (1984); *Chung v. NANA Dev. Corp.,* 783 F.2d 1124, 1127 (4th Cir. 1986).

As set forth in detail below, Plaintiff has not and cannot show that Radack is subject to either general or specific jurisdiction in Virginia. As a result, exercising jurisdiction over Radack would "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Wash,* 326 U.S. 310, 316 (1945) (internal quotations and citations omitted). Plaintiff's claims against Radack should therefore be dismissed.

**B. Specific Personal Jurisdiction Does Not Exist Over Radack in Virginia.**

The Fourth Circuit has a three-part test to determine whether the exercise of specific jurisdiction is appropriate. The Court examines: "(1) [t]he extent to which the defendant purposefully availed [himself] of the privilege of conducting activities in the State; (2) whether the plaintiff's claims arise out of those activities directed at this State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." *ALS Scan, Inc.,* 293 F.3d at 712. (citations omitted). "[S]pecific jurisdiction requires a claim-specific analysis, as a nonresident defendant lacking continuous and systematic contacts with the forum state could not 'reasonably anticipate being haled into court' on claims unrelated to the defendant's forum state contacts, and

3

thus haling them into court on those unrelated claims would violate their due process rights." *Gatekeeper Inc. v. Stratech Sys.,* 718 F.Supp.2d 664, 667-668 (E.D. Va. 2010).

### 1. Radack Did Not Purposefully Avail Herself of the Privilege of Conducting Activities in Virginia.

The Supreme Court has long held that the purposeful availment prong of the personal jurisdiction analysis can be met if a defendant's "intentional conduct [in the foreign state was] calculated to cause injury to [the plaintiff] in [the forum state]." *Calder v. Jones,* 465 U.S. 783, 791, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984). Under the "effects" test, a Court can exercise personal jurisdiction over a defendant if he or she intentionally directed activity in the forum state—here, Virginia—that caused harm to the Plaintiff. *Id*. The "proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum *in a meaningful way.*" *Walden v. Fiore,* 134 S. Ct. 1115, 1125 (2014) (emphasis added). Here, Plaintiff alleges five causes of action which all arise from representations made in connection with, or purported breaches of, the Settlement Agreement entered into by the parties resolving the prior lawsuit Case No. 3:18-cv-247-REP (the "Radack Action"). None of them warrant the exercise of specific jurisdiction for the reasons set forth below.

### i. Plaintiff Cannot Establish Specific Jurisdiction for His Claims Arising Out of the Settlement of the Radack Action.

Plaintiff's claim for fraudulent inducement (Count I) arises out of alleged misrepresentations made by Radack in a Settlement Agreement. Plaintiff contends that the Court has personal jurisdiction over Radack because Radack's conduct caused Plaintiff tortious injury *in* Virginia because Plaintiff "agreed to dismiss his action against Radack that was pending in this Court." Second Am. Compl. ¶ 8. Moreover, Plaintiff alleges that his breach of contract claim (Count II) relates to the Settlement Agreement which was "accepted in Virginia; performed in

4

Virginia; and is governed by Virginia law." Second Am. Compl. ¶ 8.  First, it is important to note that Radack filed a Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction in the original Radack Action.  Radack's Motion was never ruled upon due to the settlement of the Radack Action, therefore it was never established that Radack was subject to personal jurisdiction in Virginia in the original case.  Thus, dismissal of the Radack Action by Plaintiff, which Radack vehemently asserted was never properly filed in Virginia, cannot constitute an intentional action by Radack to cause Plaintiff injury in the forum state.

Second, neither of the parties to the Settlement Agreement are residents of Virginia, therefore the Settlement Agreement could not have been entered into in Virginia, and any purported breach of the Settlement Agreement did not cause Plaintiff harm in Virginia.  Even assuming, *arguendo,* that the Settlement Agreement was entered into in Virginia, it remains unconnected to Virginia.  "[A] contract in and of itself does not automatically constitute sufficient minimum contacts to support personal jurisdiction." *Ellicott Machine Corp., Inc. v. John Holland Party Ltd.,* 995 F.2d 474, 478 (4th Cir. 1993).  Instead, the jurisdictional analysis must focus on the circumstances of the contract negotiations, the contract's execution, and the relationship the contract has to the forum state. *America Online, Inc. v. Huang,* 106 F.Supp.2d 848, 856 (E.D. Va. 2000).  Here, the Settlement Agreement contains no forum selection clause in Virginia or otherwise, neither of the parties resided in Virginia at the time the agreement was negotiated, the agreement was not executed by Radack in Virginia (and there is no allegation that it was executed by Plaintiff in Virginia), and the agreement did not provide for any performance in Virginia, other than the delivery of the settlement check to counsel for the Plaintiff at his Virginia office.  For these reasons, the circumstances surrounding the settlement of the Radack Action and the

Settlement Agreement which form the basis of Plaintiff's fraudulent inducement and breach of contract claims do not satisfy the purposeful availment prong.

### ii. Plaintiff Cannot Establish Specific Jurisdiction for His Claims Arising Out Twitter Posts.

Counts II, III, IV, and V of Second Amended Complaint all concern purported injury stemming from alleged statements that Radack made, or directed others to make on social media of, or concerning, the Plaintiff. In the Internet context, the Fourth Circuit has framed the effects test as follows: "a State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan, Inc.,* 293 F.3d at 714. The Fourth Circuit recognizes that cases involving the internet can present unique complications with respect to specific jurisdiction. "'[A] person's act of placing information on the Internet' is not sufficient by itself to 'subject [ ] that person to personal jurisdiction in each State in which the information is accessed.' Otherwise, a 'person placing information on the Internet would be subject to personal jurisdiction in every State,' and the traditional due process principles governing a State's jurisdiction over persons outside of its borders would be subverted." *Young v. New Haven Advocate,* 315 F.3d 256, 263 (4th Cir. 2002) (*quoting ALS Scan, Inc. v. Digital Serv. Consultants, Inc.,* 293 F.3d 707, 712 (4th Cir. 2002)).

Here, it is clear that the tweets, likes, and replies that form the basis of Plaintiff's claims have no connection to Virginia. Virginia was not mentioned in a single tweet that forms the basis of this lawsuit; none of the tweets reference any events that took place in Virginia. Even if it could be proven that these statements were directed to Plaintiff, he was not a citizen of Virginia at the time any of the statements were made therefore the activity creates no potential cause of action in

Virginia. Second Am. Compl. ¶ 5. Plaintiff also attempts to hinge specific jurisdiction on the conclusory statement that Radack published tweets which were purportedly read by nine twitter handles (no actual names are identified) listed in Paragraph 6 of the Second Amended Complaint. It is unclear what factual basis Plaintiff has to make the conclusory allegation that these unidentified individuals read any of Radack's tweets in Virginia, as Plaintiff's pleading is void of any facts to support this claim. Regardless, Virginia law is clear that interactions with Virginia readers cannot serve as the basis for specific jurisdiction over Radack. *See McNeil v. Biaggi Prods.,* No. 3:15cv751, 2017 U.S. Dist. LEXIS 93185, at * 17 (E.D. Va. June 16, 2017) (holding that specific jurisdiction was not established when online posts were not expressly directed at Virginia, but to an undefined audience of Internet users around the world); *Young v. New Haven Advocate,* 315 F.3d 256, 261 (4th Cir. 2002) ("The newspapers must, through the Internet postings, manifest an intent to target and focus on Virginia readers."). "A defendant does not consciously or deliberately target a forum if an internet user in that forum unilaterally views or interacts with something the defendant posted online." *FireClean LLC v. Tuohy,* 2016 U.S. Dist. LEXIS 109620, *27 (E.D.Va. June 14, 2016) *citing Intercarrier Commc'ns, LLC v. Kik Interactive, Inc.,* No. 3:12-CV-771-JAG, 2013 U.S. Dist. LEXIS 112715, *4 (E.D. Va. Aug. 9, 2013) (quotations omitted). Thus, the fact that a handful of Virginia residents may have read a Twitter post, does not establish that Radack *intended* Virginia residents in particular to have such an interest. The unilateral actions of third parties cannot serve as the basis for specific personal jurisdiction. *Id.*

      iii.    **The Location of Twitter's Servers Are Irrelevant to the Jurisdictional Analysis.**

Lastly, the location of servers hosting Radack's social media content are irrelevant to the jurisdictional analysis. There is no basis to believe that Twitter has any data centers in Virginia. *See* e.g. https://www.bizjournals.com/atlanta/blog/atlantech/2014/09/tweet-this-twitter-puts-

7

*massive-data-center-in.html.* However, even if they did, the Fourth Circuit has opined that this fact would create a "de minimis" level of contact between an out-of-state defendant and a web server located within a forum." *FireClean LLC,* 2016 U.S. Dist. LEXIS 109620, at * 16 *citing Carefirst of Maryland, Inc.,* 334 F.3d at 402. As explained by the Fourth Circuit, "[i]t is unreasonable to expect that, merely by utilizing servers owned by" a company based in the forum state, a defendant "should . . . foresee[ ] that it could be haled into [that state's] court and held to account for the contents of its website." *Id.* "This comports with common sense; the physical location of a server where information published to the internet is stored will often be a matter of happenstance, known neither to the writer nor the reader." *Id.* Plaintiff's causes of action therefore do not involve Radack availing herself of the privilege of conducting any activities in Virginia.

  **2. Plaintiff's Claims Do Not Arise Out of Radack's Contacts with Virginia and the Exercise of Personal Jurisdiction Would be Constitutionally Unreasonable.**

Consistent with the discussion *infra* regarding Radack's lack of any minimum contacts with Virginia, it is unequivocal that any purported connection between Radack's travels, work, and media appearances and Virginia is specious at best and has absolutely nothing to do with the claims Plaintiff alleges in the Second Amended Complaint. *See Consulting Eng'rs,* 561 F.3d at 278-79 (to satisfy the second prong of the specific jurisdiction test, "defendant's contacts with the forum state [must] form the basis of the suit") (citations omitted). "This court does not have specific personal jurisdiction over [defendant] in this lawsuit because none of [plaintiff's] claims arise out of [defendant's] forum-related activities."). *Reynolds & Reynolds Holdings, Inc. v. Data Supplies, Inc.*, 301 F. Supp. 2d 545, 552 (E.D. Va. 2004). Thus, the exercise of specific jurisdiction over Radack here would be constitutionally unreasonable.

### C. Radack is Not Subject to General Jurisdiction in Virginia.

"General personal jurisdiction is 'all-purpose jurisdiction' over a defendant in the forum state, which is 'limited' in its availability . . . Absent exceptional circumstances, [a] defendant is only subject to the general jurisdiction of the forum state if it is the defendant's domicile." *FireClean LLC v. Tuohy*, No. 1:16cv294, 2016 U.S. Dist. LEXIS 109620, at *4 (E.D. Va. June 14, 2016) (citations omitted); *Kuhnen v. Remington,* No. 1:15cv766, 2016 U.S. Dist. LEXIS 84282 at * 8 (M.D.N.C. June 29, 2016) (holding that because there was no suggestion that any defendant was domiciled in the forum state the court lacks general personal jurisdiction over the defendants); *ADi Motorsports, Inc. v. Hubman*, No. 4:06cv00038, 2006 U.S. Dist. LEXIS 85479, at *11 (W.D. Va. Nov. 27, 2006) (*citing Corry v. CFM Majestic, Inc.,* 16 F.Supp.2d 660 *663 (E.D. Va. 1998) (holding that non-residents are subject to general personal jurisdiction when they "are essentially domiciled within the forum state."); *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."). In the instant case, Plaintiff concedes that Radack does not reside in Virginia. Second Am. Compl. ¶ 6 ("Radack is a citizen of the District of Columbia"). This factor alone weighs strongly against the existence of general jurisdiction. *See Daimler AG v. Bauman,* 134 S.Ct. 746, 761 n. 19 (2014) (observing that only in an "exceptional case" will an individual be subject to general jurisdiction in a state other than his home state).

Plaintiff appears to assert in his Second Amended Complaint that this Court can exercise general jurisdiction over Radack based upon her "continuous and systematic contacts" with Virginia. Second Am. Compl. ¶ 8. The Supreme Court, however, has expressed doubt about whether the concept of general jurisdiction through "continuous and systematic contacts" with the forum can ever apply to non-resident individual defendants. *See Burnham v. Superior Court of Cal.,* 495 U.S. 604, 610 n.1, 110 S. Ct. 2105, 109 L. Ed. 2d 631 (1990) (plurality opinion)

9

(observing that "[i]t may be that [general jurisdiction] applies only to corporations"). As explained by the Court in *Fid. Nat'l Title Ins. Co. v. M & R Title, Inc.,* the Supreme Court has only applied general jurisdiction over foreign corporations because the "continuous and systematic" test "originally derived from the need to create a workable fiction in order to determine the physical presence of corporate entities for jurisdictional purposes, in light of the reality that those entities cannot be physically 'present' anywhere in the traditional sense. **This logic does not seem to apply to natural persons, who physically are present only in one place at a time[.]**" *Fid. Nat'l Title Ins. Co. v. M & R Title, Inc.,* 21 F. Supp. 3d 507, 514 n. 1 (D. Md. 2014) (emphasis added).

Even assuming, *arguendo,* that an out-of-state natural person could theoretically be subjected to personal jurisdiction on the basis of "continuous and systematic contacts" with the forum state, Radack has not conducted any business in Virginia during the time frame relevant to the instant causes of action, such that the exercise of general jurisdiction would be justified. Decl. ¶¶ 10-12. To assert general jurisdiction, plaintiff would need to prove "by a **preponderance of the evidence** that defendant['s] contacts with Virginia are continuous, systematic, and so substantial as to justify suit against defendant[] in Virginia on any cause of action, regardless of its connection to [her] Virginia activities." *Sportrust Assocs. Int'l, Inc. v. Sports Corp.,* 304 F.Supp.2d 789, 793 (E.D. Va. 2004) (emphasis added). This is "a more demanding standard than is necessary for establishing specific jurisdiction." *ALS Scan,* 293. F.3d at 712; *Reynolds & Reynolds Holdings, Inc.* 301 F. Supp. 2d at 550 (Based on this requirement of "continuous and systematic" contact, "the standard for imposing general jurisdiction is high.").

Radack's contacts with Virginia are tenuous as best:

- Radack does not and has never lived in Virginia. Radack Decl., ¶¶ 2-3.

- Radack does not and has never owned or leased any real or personal property in Virginia. Radack Decl., ¶ 4.

- Radack has no assets or bank accounts in Virginia. Radack Decl., ¶ 6.

- Radack has no liabilities or debts owed to anyone in Virginia. Radack Decl., ¶ 7.

- Radack has never owned or operated a business in Virginia and as a result has never had any employees in Virginia, and has never had a Virginia address, post office box, or telephone number. Radack Decl., ¶¶ 8-9.

- Radack is an attorney who has never been licensed to practice law in Virginia, nor has she ever been admitted *pro hac vice* to practice in a Court in Virginia. Radack Decl., ¶¶ 10-11.

- Radack has no current clients in Virginia. Radack Decl., ¶ 12.

Lastly, Plaintiff argues Radack has multiple clients in Virginia for whom she provides "substantial ongoing legal services."[1] Second Am. Compl. ¶ 6. In addition, Plaintiff alleges that Radack "consults and provides business advice to multiple persons in Virginia, including, without limitation, members of the Advisory Board of ExposeFacts." Second Am. Compl. ¶ 6. It is unclear who Plaintiff is referring to because Plaintiff does not list one purported client of Radack who she has provided "substantial ongoing legal services" to in Virginia, or one person on the Advisory Board of ExposeFacts who Radack has purportedly provided "consults" or "business advice" to in Virginia. Moreover, Radack's Declaration contradicts these allegations, as it states that she has never been licensed to practice in Virginia, has never been admitted *pro hac vice* in Virginia, and

---

[1] Plaintiff also seeks to imply that Radack represents Edward Snowden in the pending criminal case in the United States District Court for the Eastern District of Virginia. *See* Am. Compl. ¶ 6, ft note 2. Plaintiff's assertion is clearly erroneous and a simple PACER search establishes that Radack does not represent Snowden in the litigation pending in Virginia. Radack Decl., ¶ 11. Radack does not now, nor has she ever represented a client in a state or federal court in Virginia or in a regulatory proceeding in Virginia. *Id.* Radack has never been admitted *pro hac vice* to any court in Virginia. *Id.*

11

has no current clients in Virginia. Radack Decl., ¶¶ 10-12. Plaintiff goes on to assert that "[m]any of Radack's high-profile followers – *i.e.,* her audience to whom she tweets, promotes her causes, solicits and engages in business – live and work in Virginia," yet this blanket assertion is also unsupported by any facts. *Id.* The Twitter analytics show that only 1.3% of Radack's 37,00 actually live in Virginia. Radack Decl., ¶ 13. These social media contacts are legally insufficient to justify the exercise of general personal jurisdiction because they are not the kind of contacts that would render a defendant "essentially at home" in this state. *FireClean LLC v. Tuohy*, No. 1:16cv294, 2016 U.S. Dist. LEXIS 109620, at *4 (E.D. Va. June 14, 2016) (failing to find personal jurisdiction in Virginia in a defamation case based on comments made on blog and Facebook page, even though ninety people who "liked" the Facebook page live in Virginia because it was "completely random, fortuitous, or attenuated" that those readers reside in Virginia). The *FireClean* Court explains that "[t]o hold otherwise would subject anyone with an established presence on the internet to general personal jurisdiction throughout the United States, and thereby 'subvert[]' the 'traditional due process principles governing a State's jurisdiction over persons outside its borders." *Id. (citing Young v. New Haven Advocate, 3*15 F.3d 256, 263 (4th Cir. 2002)).

Radack has provided a Declaration specifically denying the false and unsubstantiated conclusory allegations presented by Plaintiff in support of personal jurisdiction; Plaintiff cannot establish that Radack has "continuous and systematic" contact with Virginia as required by due process, and thus Plaintiff's Second Amended Complaint should be dismissed for lack of personal jurisdiction. *See Sportrust Assocs.,* 304 F.Supp.2d at 794 (holding that "insubstantial" contacts cannot support general jurisdiction and dismissing for lack of personal jurisdiction).

## **CONCLUSION**

For the reasons set forth above, Defendant Jesselyn Radack respectfully requests that the

12

Court grant the instant Motion and dismiss with prejudice Plaintiff's Second Amended Complaint pursuant to Fed. R. Civil P. 12(b)(2).

Dated this 6th day of January, 2020

/s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2020, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

/s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)