UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JESSELYN A. RADACK, ) <br> ) <br> Defendant. ) | Civil Action No. 3:19-cv-477-REP |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JESSELYN A. RADACK'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant Jesselyn A. Radack ("Radack" or "Defendant"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), submits this Memorandum of Points and Authorities in Support of her Motion to Dismiss the Second Amended Complaint filed herein by Plaintiff Trevor Fitzgibbon ("Fitzgibbon" or "Defendant"), and in support thereof, states as follows:

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move the court to dismiss any claim upon which, as a matter of law based on the allegations in the complaint, relief cannot be granted. *Hewlette v. Hovis,* 318 F.Supp.2d 332, 335 (E.D. Va. 2004). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1959 (2007). The court must accept the complaint's factual allegations as true and view all allegations in a light most favorable to the non-moving party. *Hewlette,* 318 F.Supp.2d at 335 (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 164 (1993)). The plaintiff has the burden of alleging facts sufficient to state

1

all elements of a claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). In reviewing a motion to dismiss, a court need not take as true bare legal conclusions that are unsupported by factual allegations. *Taubman Realty Group Ltd. Partnership v. Mineta*, 320 F.3d 475, 479 (4th Cir. 2003).

## ARGUMENT

### A. Plaintiff's Fraudulent Inducement Claim Fails as a Matter of Law (Count I).

In Count I, Plaintiff seeks to state a claim for fraud in the inducement. A plaintiff asserting a cause of action for fraudulent inducement bears the burden of proving by clear and convincing evidence the following elements: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled. *Persaud Cos. v. IBCS Group, Inc.* 425 Fed. Appx. 223, 226 (4th Cir. 2011). Here, Plaintiff has not sufficiently alleged reasonable reliance, a false representation, or resulting damage, and therefore Count I should be dismissed.

#### 1. Reasonable Reliance

It is simply axiomatic that "to establish fraud, it is essential that the defrauded party demonstrates the right to reasonably rely upon the misrepresentation." *Metrocall of Delaware v. Cont'l Cellular Corp.*, 246 Va. 365, 374 (1993) (*quoting Pettinelli v. Danzig*, 722 F.2d 706, 709 (11th Cir. 1984), and noting that "some courts label this requirement 'justifiable reliance'"); *Sweely Holdings, LLC v. Suntrust Bank*, 820 S.E.2d 596, 605 (Va. 2018) (one element of fraud, particularly fraud in the inducement, is that the victim reasonably relied upon the misrepresentations that allegedly constituted the fraud; absent such reasonable or justifiable reliance, no fraud is established).

Plaintiff alleges that he "reasonably and justifiably relied" upon Radack's representation that she would not post, or direct anyone else to post, anything on social media of, or concerning, the Plaintiff. Second Am. Compl. ¶¶ 11-12. Plaintiff cannot, however, establish that he justifiably relied on any statements made by Radack, a person who he has made abundantly clear he does not trust. In the first lawsuit (the "Radack Action"), Plaintiff describes Radack as being an "unlawful, immoral, and unethical" woman, who "bore false witness" and engaged in "deceitful and illegal conduct" with "ulterior motives . . . which demonstrate a vengeance and willingness to injure the Plaintiff at all costs." *See Introduction* Plts. Amended Complaint (Case No. 3:18-cv-00247-REP) (Dkt. No. 12). In the first lawsuit, Plaintiff goes on to allege that Radack lied on multiple occasions and was dishonest to law enforcement and her own family, including that she "falsely accused [Plaintiff] of heinous crimes," and that "Radack made statements with actual knowledge that they were false and with reckless disregard for the truth." *Id.* at ¶ 10. Immediately after the parties entered into the Settlement Agreement, and before the original lawsuit was even dismissed, Plaintiff filed a motion arguing that Radack should be held in contempt for violating a Restraining Order and Plaintiff purports to give a history of Radack's conduct, which although grossly inaccurate, states that in Plaintiff's view Radack has: "Spoilated Evidence," "Misrepresented the Court's Ruling on her Motion to Seal," "Submitted a False or Misleading Declaration To The Court," "**Continued to Publish Defamatory Statements,**" and made a "Bad-Faith Bankruptcy Filing." *See* Plts. Verified Reply to Defendant's Response to Show Cause (Case No. 3:18-cv-00247-REP) (Dkt. No. 91) (emphasis added). Despite all of the foregoing statements which clearly establish that Plaintiff believes that Radack is dishonest and a liar, Plaintiff now seeks to take the position that he "reasonably relied" upon statements made by Radack.

The Supreme Court of Virginia case *Metrocall* is virtually on all fours with the instant case with respect to its holding that "when negotiating or attempting to compromise an existing controversy over fraud, dishonesty, and self-dealing, it is unreasonable to rely on the representations of the allegedly dishonest party." *Metrocall of Delaware, Inc. v. Cont'l Cellular Corp.,* 246 Va. 365, 375 (1993). In *Metrocall*, an initial action was commenced "by parties holding a minority interest in [a company] complaining that a majority entity, which was the managing general partner, was guilty of a number of improper and fraudulent acts." 246 Va. at 367. This suit was subsequently settled with the parties executing a 15-page general release and agreeing to dismissal with prejudice. *Id.* As part of the settlement agreement, "the minority partners agreed to assign their interests to the majority group for an agreed sum per unit." *Id.* After the sale was consummated, however, the purchasers sold the interests "to a third party for a unit price greater than the price paid to the minority group." *Id.* The minority partners learned that "during the settlement negotiations in the prior litigation, the defendants were simultaneously and covertly conducting negotiations to sell the entire partnership to the third party for the higher price." *Id.* A second suit was filed alleging that "this failure to disclose was fraudulent and was done for the purpose of inducing the plaintiffs to enter into the settlement agreement to their detriment." *Id.*

Examining these facts, the *Metrocall* court concluded that, as a matter of law, "the plaintiffs had no right reasonably to rely upon any misrepresentations or concealment of facts by the defendants in connection with the settlement and execution of the release; there was no justifiable reliance." *Id.* at 374. As explained in a subsequent opinion by the Supreme Court of Virginia,

> [i]n its broader context, *Metrocall* dictates that parties to a settlement agreement that were in an adversarial relationship and represented by counsel at the time of negotiation and settlement . . . will be strictly held to this reasonable reliance standard under Virginia law when seeking to vitiate the settlement based on claims of detrimental reliance on the misrepresentations and/or omissions of information

by the adversary.

*Murayama 1997 Tr. v. NISC Holdings, LLC*, 284 Va. 234, 248 (2012). The holdings in *Metrocall* and *Murayama* are equally applicable to the instant case. In the Radack Action, there was an adversarial relationship, both parties were represented by counsel at the time of the negotiation and settlement, and at each and every turn during the prior litigation Plaintiff seized upon the opportunity to paint Radack as a lying and dishonest individual. Moreover, all of the causes of action alleged in the prior lawsuit, which include malicious prosecution, defamation, insulting words, abuse of process, and conspiracy, seek to attribute fraudulent and dishonest behavior to Radack. *See Schaecher v. Bouffault*, 290 Va. 83, 91 (2015) (to establish cause of action for defamation an actionable statement made must be false); *Goulmamine v. CVS Pharm., Inc.*, 138 F. Supp. 3d 652, 669 (E.D. Va. 2015) (words uttered which falsely convey the charge of a criminal offense involving moral turpitude are insulting and actionable under the insulting words statute); *Donohoe Const. Co. v. Mount Vernon Assocs.*, 235 Va. 531, 540 (1988) (process is maliciously abused when it is used oppressively or as a means of extortion).

Plaintiff's allegation of "reasonably reliance" is also completely undermined by the fact that the parties contemplated at the time of the Settlement Agreement that future breaches, consisting specifically of defamation, disparagement, or simply social media posts "of or concerning" the other party may occur, which is why the Settlement Agreement includes a liquidated damages clause. The conduct covered by the liquidated damages clause is exactly the same conduct for which the Plaintiff seeks relief in the instant Second Amended Complaint. Therefore, Plaintiff's argument that he was induced into the Settlement Agreement is completely without merit. The four corners of the Settlement Agreement, which Plaintiff concedes is valid and enforceable, make clear that Plaintiff never believed any representations made by Radack

which is why he assigned a damage value to the future breaches he anticipated would occur. Plaintiff has not sufficiently alleged justifiable reliance on any statement made by Radack and, thus, Plaintiff's fraudulent inducement claim should be dismissed.

### 2. False Representation of Material Fact

Plaintiff has also failed to allege a critical element of a fraudulent inducement claim—a false misrepresentation by Radack—asserting only an allegedly unfulfilled promise or statement as to future events. Generally, "[b]ecause fraud must involve a misrepresentation of a present or a pre-existing fact, fraud ordinarily cannot be predicated on unfulfilled promises or statements regarding future events." *SuperValu, Inc. v. Johnson*, 276 Va. 356, 367 (2008). Virginia courts have long adopted this requirement, recognizing that "[w]ere the general rule otherwise, every breach of contract could be made the basis of an action in tort for fraud." *Lloyd v. Smith*, 150 Va. 132, 145 (1928). Despite this general requirement, "if a defendant makes a promise that, when made, he has no intention of performing, that promise is considered a misrepresentation of present fact and may form the basis for a claim of actual fraud." *Supervalu*, 276 Va. at 368. Here, the alleged misrepresentation relates to a promise not to post certain information on social media in the future, and Plaintiff does not sufficiently allege that Radack had no intention to perform at the time she made the promise.

Plaintiff seeks to support his conclusory allegation that Radack had no intention of performing her promise at the time it was made by alleging that "exactly **one day** after the effective date of the settlement agreement – Radack and third parties acting in concert with her published . . . false and defamatory statement of or concerning Fitzgibbon." Second Am. Compl. ¶ 27 (emphasis in original). Plaintiff's allegation that Radack defamed him "exactly one day" after the agreement was executed is an inaccurate statement contradicted by Plaintiff's own pleadings. As

part of the Settlement Agreement, Radack was required to post on her timeline the following statement:

> "Since April 2018, I have been involved in litigation with Trevor Fitzgibbon. We have amicably resolved our differences. As part of the settlement, I retract and withdraw every allegation and statement I have ever made about Mr. Fitzgibbon." (the "Radack Statement").

*Id.* It was inevitable that one or more of Radack's 36,500 followers was going to like, reply, or respond to this statement on social media, which indeed did occur. The fact that someone responded to a statement that Radack was required, as part of the Settlement Agreement to post, is not by any stretch of the imagination a basis for a fraudulent inducement claim. If Plaintiff did not want people to exercise their First Amendment rights and voice their opinions about the Radack Statement, then he should not have insisted it be a part of the settlement in the first place.

### 3. Resulting Damage

Lastly, when a party elects to affirm a contract allegedly induced by fraudulent misrepresentations the party may only seek tort damages. These damages are measured using the "benefit of the bargain." In other words, "[t]here is no damage where the position of the complaining party is no worse than it would be had the alleged fraud not been committed." *Community Bank v. Wright,* 221 Va. 172, 175 (1980) (citations omitted). Here, Plaintiff's suggestion that he is somehow harmed in the amount of three million dollars due to the fact that he settled the Radack Action strains all credulity. Plaintiff has not, and cannot, sufficiently allege that he is in a worse position by accepting the agreed upon settlement amount in the Radack Action and releasing claims against Radack, because Plaintiff agreed that the settlement amount was a fair and adequate valuation of his claims alleged in the Radack Action. Whether or not future breaches of the Settlement Agreement occurred, which were indeed specifically contemplated in the Settlement Agreement, does not change the "benefit of the bargain" or put Plaintiff in a worse

position. For all of the foregoing reasons, Count I of Plaintiff's Second Amended Complaint should be dismissed.

### B. Plaintiff's Defamation Claim Fails as a Matter of Law (Count III).

A threshold question of law for the Court in every defamation case is whether the challenged communication is "actionable." The statements at issue here are not actionable because they are expressions of subjective opinion, incapable of objective proof. *See Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 20 (1990) (A statement is not actionable if it "cannot reasonably be interpreted as stating actual facts about an individual.") (internal quotation and citation omitted); *CACI Premier Tech., Inc. v. Rhodes,* 563 F. 3d 280, 293-94 (4th Cir. 2008). Courts recognize that "a statement of opinion is actionable only if it has an explicit or implicit factual foundation and is therefore objectively verifiable." *Guilford Transp. Indus. V. Wilner,* 760 A.2d 580, 597 (D.C. App. 2000) (citations omitted). "The First Amendment protects statements of imaginative expression and rhetorical hyperbole in order to assure that the public debate will not suffer for lack of these statements, which have traditionally added much to the discourse of our nation." *Id.* at 589. "Assertions of opinion on a matter of public concern receive full constitutional protection if they do not contain a provably false factual connotation." *Id*.

Here, the crux of Fitzgibbon's defamation allegations concern generalized commentary and opinions regarding sexual harassment, how individuals are affected, and particular defenses that are commonly raised. These statements do not rise to the level of provably false factual connotation. Nor does the Second Amended Complaint sufficiently explain how the alleged statements meet the "of or concerning Plaintiff" requirements. Defamatory words must be more than unpleasant or offensive; the language must make the plaintiff appear odious, infamous, or ridiculous.'" *Chapin v. Knight-Ridder, Inc.* 993 F.2d 1087, 1092 (4th Cir. 1993). In the instant case,

the subject statements make no reference to the Plaintiff, nor do they rise to the level of "odious, infamous, or ridiculous."

For these reasons, Count III of Plaintiff's Second Amended Complaint should be dismissed.

### C. Plaintiff's Common Law Conspiracy Claim Fails as a Matter of Law (Count IV).

Plaintiff's conspiracy claim fails to meet the pleading standards set forth in *Ascroft v. Iqbal,* 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007). Under *Twombly,* the Supreme Court of the United States found that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal under Rule 12(b)(6). Here, the Second Amended Complaint is devoid of any facts which would support a plausible inference that Radack conspired with any of the arbitrarily individuals listed, some identified by Twitter handle only. Plaintiff's claim fails to allege any facts concerning the parameters of the alleged conspiracy, including the basis for it or any details concerning the purported agreement. Nor does Plaintiff supply any allegations suggesting when or how Radack entered into an agreement to act jointly with the listed individuals to injure Plaintiff. The Second Amended Complaint fails to set forth a factual basis which would even lead to the conclusion that Radack has any connection whatsoever with the alleged co-conspirators. It appears that Plaintiff's sole basis underlying his claim that a conspiracy existed is that random third parties posted information about him on social media at various times this year. At most, Plaintiff's allegations amount to broad-brush general allegations which fail to comply with the particularity requirements of Rule 9(b). Accordingly, Plaintiff's conspiracy claim should be dismissed.

**D. Plaintiff's Claims for Personal Trespass and Computer Harassment Must be Dismissed (Count V).**

In Count V, Plaintiff seeks to assert a claim under the Virginia Computer Crimes Act ("VCCA"). The VCCA provides for civil liability where "[a]ny person whose property or person is injured by reason of a violation of any provision of this article." Va. Code § 18.2-152.12(A). Specifically, Plaintiff claims violations of § 18.2-152.7 (personal trespass) and § 18.2-152.7:1 (computer harassment). To state a claim for personal trespass by computer, a plaintiff must show that the defendant "use[d] a computer or computer network to cause physical injury to an individual." Va. Code § 18.2-152.7(A). To state a claim for computer harassment, Plaintiff must plead that defendant "used a computer or computer network to communicate obscene, vulgar, profane, lewd, lascivious, or indecent language, or make any suggestion or proposal of an obscene nature, or threaten any illegal or immoral act." Here, Plaintiff fails to plead any facts which could conceivably satisfy these requirements.

Plaintiff provides absolutely no facts regarding how the alleged statements posted on social media caused him physical injury. Nor do such statements constitute obscene language or an obscene proposal. "The Virginia Supreme Court held in *Barson v. Commonwealth,* 284 Va. 67, 726 S.E.2d 292 (2012), that the first disjunctive element — an 'obscene, vulgar, profane, lewd, lascivious, or indecent' communication — really means only an obscene communication." *Motor v. Commonwealth,* 61 Va. App. 471, 478 (2013). "Merely vulgar, profane, lewd, or lascivious communication, *Barson* held, do not violate Code § 18.2-152.7:1, thereby effectively excising those terms from the statute." *Id. (citing Barson,* 284 Va. at 74.). The VCCA is aimed at preventing hacking and improper salacious solicitation, rising to the level of pornography, not the mere opinions expressed on social media that are the subject of the instant case. *Id.*

## CONCLUSION

For the reasons set forth above, Defendant Jesselyn Radack respectfully requests that the Court grant the instant Motion and dismiss with prejudice Plaintiff's Second Amended Complaint pursuant to Fed. R. Civil P. 12(b)(6).

Dated this 7th day of January, 2020

      /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2020, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

      /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)