UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 3:19-cv-477-REP |
| JESSELYN A. RADACK, | ) |
| Defendant. | ) |

**DEFENDANT JESSELYN A. RADACK'S REPLY BRIEF SUPPORTING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant Jesselyn Radack ("Radack" or "Defendant"), by counsel, states as follows for her Reply Brief Supporting Motion to Dismiss Plaintiff's Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

**I.  This Court can, and should, hold that as a matter of law Plaintiff fails to state a fraudulent inducement claim upon which relief may be granted (Count I).**

Plaintiff seeks to rebut his inability to plead reasonable reliance—a required element to state a fraudulent inducement claim—by stating that reliance is a question of fact that is usually reserved for the trier of fact. Plaintiff does not address whatsoever the plethora of facts which establish, as a matter of law, that no such reasonable reliance can exist in the instant case.[1] *See Fessler v. IBM,* Case No. 1:18-cv-798, 2018 U.S. Dist. LEXIS 202725, *16-23 (E.D. Va. Nov. 28,

---

[1] Plaintiff seeks to distinguish the *Metrocall* and *Muryama* cases relied upon in Radack's Memorandum by stating that they involved actions to rescind a settlement agreement versus the instant case wherein Plaintiff sues for money damages. However, this is a distinction without a difference, the relief sought does not change the fact that reasonable reliance is a required element to state a claim for fraudulent inducement.

1

2018) (holding that reliance on Defendant's statements were unreasonable as a matter of law and dismissing fraudulent inducement claim under Rule 12(b)(6)); *Wilson v. Lee,* 2018 Va. Unpub. LEXIS 9, (Va. 2018) (deciding the issue of reasonable reliance as a matter of law at the pleading stage and finding that "[n]o reasonable person, under all the circumstances alleged in the amended complaint would be justified in relying on the continued assurances that the real estate was actually being placed in trust."); *ShoMe Techs., Inc. v. Nobska Group,* 190 Fed. Appx. 298, *6 (4th Cir. 2006) (holding that as a matter of law plaintiff failed to show reasonable reliance). Additionally, in both the *Metrocall* and *Murayama* cases which are cited in Radack's initial Memorandum, and which are on all fours with the instant case, the Supreme Court of Virginia affirmed the trial courts' findings of lack of reasonable reliance as a matter of law. *Metrocall of Delaware, Inc. v. Cont'l Cellular Corp.,* 246 Va. 365, 375 (1993); *Murayama 1997 Tr. V. NISC Holdings, LLC,* 284 Va. 234, 248 (2012).[2] For the foregoing reasons this Court can, and should, find under Rule 12(b)(6) that Plaintiff cannot establish reasonable reliance based upon the pleadings as a matter of law.

None of the caselaw cited by Plaintiff is at all analogous to the instant case, where the four corners of the Settlement Agreement entered into by the Parties preclude a finding of reasonable reliance. Plaintiff would like for this Court to ignore the parties' lengthy litigation history, Plaintiff's repeated public declarations that Radack is a lying and dishonest individual, and the plain meaning of the liquidated damages clause within the Settlement Agreement, and instead is asking this Court to analyze in isolation the parties' future promise not to make statements defamatory, disparaging, or even concerning the other on social media. The Settlement Agreement states that the "Parties acknowledge and agree" that should social media offenses occur in the future, damages in the amount of $1,000 per social media offense would be the "most accurate

---

[2] In the *Murayama* case the Fairfax County Circuit Court found lack of reasonable reliance at the Demurrer stage and dismissed the plaintiff's complaint which was affirmed on appeal.

estimate" of damages. It is disingenuous, and completely without merit, for Plaintiff to now argue that he "reasonably relied" upon Radack's future promise to refrain from the aforementioned social media offenses and that "Defendant's true colors only became apparent *after* the Plaintiff settled," when in the Settlement Agreement Plaintiff acknowledged, contemplated, and understood that future social media offenses may occur. The fact that the Settlement Agreement assigns a damage value to the exact conduct which Plaintiff complains of in the instant lawsuit, affirmatively undermines any claim of reasonable reliance and bars Plaintiff from pursuing the instant fraudulent inducement cause of action. For the foregoing reasons, Count I of Plaintiff's Second Amended Complaint should be dismissed with prejudice.

## II. The Second Amended Complaint does not state a valid defamation claim (Count III).

Many of the statements at issue are non-actionable opinion because they are expressions of subjective opinion, incapable of objective proof. In opposition, Plaintiff does not respond to the arguments made in Radack's Memorandum, but instead lists the purported statements and summarily concludes that they are actionable. First, it is important to note that the Plaintiff's purported list of actionable statements on pages 14 and 15 of his opposition conflates statements made by third parties with statements made by Radack. As discussed in the conspiracy section below, Plaintiff has failed to establish that these third parties have any connection to Radack, and there is no allegation that Radack tweeted, retweeted, liked, or published any of these third-party statements; thus, the third party statements cannot be used to establish a claim against Radack and should be disregarded. Second, the Opposition Brief deliberately obfuscates the actual statements by inserting the word "Plaintiff" when indeed the only statement made by Radack that actually mentions Plaintiff by name is the "Radack Statement" which she was required to post pursuant to Paragraph 2 of the Settlement Agreement. It is also well established that a fact/opinion

determination is a question of law. Thus, the Second Amended Complaint's attempt to classify Radack's statement as "factual" is a legal conclusion, which is simply unsupported by any factual material in the complaint, and to be taken as true, would require the Court to draw unsupported conclusions. Simply put, Plaintiff's attempt to invert the fact/opinion analysis has no basis in law or logic and must therefore be rejected.

Plaintiff also fails to establish that each statement is "of and concerning" him. Plaintiff summarily argues that "statements or publications by the same Defendant regarding one specific subject or event and made over a relatively short period of time" should be considered together under the "of and concerning" test. However, if this standard is applied in the instant case, then this Court should consider that Radack has written and lectured on issues concerning child abuse, sexual harassment and assault, and violence against women for nearly three decades. Radack Decl., ¶ 2. Radack has been an activist in the feminism movement to end sexual violence against women. Radack Decl., ¶ 3. She has won both community and civil society awards for her work on violence against women issues. Radack Decl., ¶ 4. For example, in 1991 she won the Feminist Majority Foundation's "Feminist of the Year Award" for her activism on issues of campus sexual harassment and assault. Radack Decl., ¶ 4. From 1992-1995 she served as an editor on the *Yale Journal of Law and Feminism* and from 1995-2002 she served on a Justice Department's working group on improving work-life balance for women. Radack Decl., ¶¶ 5-6. Radack even published a chapter in the book by Susan Villari entitled "Just Sex: Students Rewrite the Rule on Sex, Violence, Equality and Activism." Radack Decl., ¶ 7. Therefore, if we consider in totality Radack's advocacy and activism in this field, and then look to the allegations in the Second Amended Complaint which do not mention Plaintiff, but address issues of and concerning sexual assault, *e.g.* pages 16 and 17 of Second Amended Complaint, it becomes clear that a reasonable

reader would not have drawn the conclusion that the tweets specifically refer to Fitzgibbon. *Hanks v. Wavy Broad., LLC,* No. 2:11 cv 439, 2012 U.S. Dist. LEXIS 15729, at *16-26 (E.D. Va. Feb. 8, 2012) (defamation complaint must be dismissed where the plaintiff does not plausibly allege that the statement was "of and concerning" him); *Gazette, Inc. v. Harris,* 229 Va. 1, 37 (1985) ("if the publication on its face does not show that it applies to the plaintiff, the publication is not actionable, unless the allegations and supporting contemporaneous facts connect the libelous words to the plaintiff [otherwise, any plaintiff could] adopt and apply to himself any libelous matter and obtain a recovery."). For these reasons, Plaintiff's defamation allegations raise only a speculative, rather than a plausible right to relief, and are entitled to no deference on a motion to dismiss.

### III. Plaintiff's conspiracy claim must be dismissed (Count IV).

Radack's initial Memorandum noted that the alleged conspiracy claim in Count IV of the Amended Complaint grossly fails to meet the heightened pleading requirements of Fed. R. Civ. P. 9(b) because it does not allege facts that show "who, what, where, when, why and how." *See Feeley v. Total Realty Mgmt.,* 660 F. Supp. 2d 700, *31 (E.D. Va. 2009). The Second Amended Complaint sets out only conclusory statements rather than factual allegations describing the parameters of the alleged conspiracy or how Radack acted "in concert" with any of the arbitrarily listed individuals for the purpose of doing harm to Plaintiff. *See, e.g., Bell Atlantic Court. v. Twombly,* 550 U.S. 544, 547 (2007) (court "not bound to accept as true a legal conclusion couched as a factual allegation" on hearing a motion to dismiss) (quotations omitted). Plaintiff's Opposition does not even attempt to refute this failure, instead Plaintiff again just conclusory asserts that a conspiracy has been adequately alleged.

Pleading civil conspiracy requires Plaintiff to allege a conspiratorial agreement with facts that rise above mere conclusory statements. *Bowman v. State Bank of Keysville,* 229 Va. 534, 541

5

(1985). The Amended Complaint is devoid of any facts establishing that Radack even knows who the people are that she allegedly conspired with, much less that there was a meeting of the minds to commit a conspiracy. Plaintiff makes the conclusory and factually devoid assumption that because people have opinions favorable to Radack about the public history of litigation between the parties, that those people must somehow be connected to Radack. Conversely, if public commentary supports his position, Plaintiff is placated.

The only allegation in the Second Amended Complaint that even begins to approach non-conclusory statements regarding the existence of a conspiratorial agreement provides that "Radack and her agents tweeted and retweeted the same words and messages on the same days, demonstrating that they were working in tandem to defame Fitzgibbon." Second Am. Compl. ¶ 37. However, Plaintiff fails to identify any such tweets; he also fails to identify any communications between Radack and her alleged co-conspirators or how they even know each other. As exemplified in *Gray v. Commonwealth,* 30 Va. App. 725, 736 (1999), a conspiracy claim relying on "inferences that are not fairly and justly drawn from the facts alleged" will not survive a motion to dismiss. Moreover, it is unclear from the Second Amended Complaint whether there are allegedly one, or multiple conspiracies, with the numerous named and unnamed parties (identified by Twitter handle only) because Plaintiff lumps them all together. These allegations cannot, as a matter of law, serve as the foundation for stating a conspiracy claim and should be dismissed with prejudice.

    **IV.    Plaintiff's personal trespass and computer harassment claims must be dismissed (Count V).**

Plaintiff's allegations of personal trespass and computer harassment simply regurgitate the elements of this cause of action and are unsupported by any underlying facts in the Second Amended Complaint. Plaintiff's Opposition does not respond to the fact that none of the tweets

at issue constitute obscenities under the holding in *Barson v. Commonwealth,* 284 Va. 67, 726 S.E.2d 292 (2012). For these reasons, Count V of Plaintiff's Second Amended Complaint should be dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, Defendant Jesselyn Radack respectfully requests that the Court grant her Motion to Dismiss and dismiss with prejudice Counts I, III, IV, and V of Plaintiff's Second Amended Complaint pursuant to Fed. R. Civil P. 12(b)(6).

Dated this 4th day of February, 2020

    /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2020, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102

Charlottesville, VA 22903
*Counsel for Plaintiff*

/s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)