IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| TREVOR FITZGIBBON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-477-REP |
| | ) | |
| | ) | **TRIAL BY JURY** |
| JESSELYN A. RADACK | ) | **IS DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

# PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S AMENDED COUNTERCLAIM

Plaintiff/Counterclaim Defendant, Trevor Fitzgibbon ("Fitzgibbon"), by counsel, pursuant to Rules 7(a)(3), 8(b-c), and 12(a)(1)(B) of the Federal Rules of Civil Procedure, hereby Answers the amended counterclaim [*ECF No. 57*] filed by defendant, Jesselyn Radack ("Radack"), and raises and states the following as Affirmative Defenses:

## FIRST AFFIRMATIVE DEFENSE

Radack fails to state a claim of defamation upon which relief can be granted. Radack, *inter alia*, fails to allege that Fitzgibbon published actionable statements of or concerning Radack; and fails to allege that Fitzgibbon published any statement with the requisite intent – in this case, *New York Times* malice.

1

**SECOND AFFIRMATIVE DEFENSE**

Radack fails to state a claim of fraud upon which relief can be granted. Radack, *inter alia*, fails to allege fraud with particularity; fails to allege scienter; fails to allege reliance, reasonable and/or justifiable; fails to allege causation; and fails to allege damages.

**THIRD AFFIRMATIVE DEFENSE**

Any statements made by Fitzgibbon of and concerning Radack are not actionable because they are statements of opinion.

**FOURTH AFFIRMATIVE DEFENSE**

Any statements made by Fitzgibbon of and concerning Radack were made in good faith, with the belief that they were true, without actual malice, and for the purpose of informing the public of matters of public concern. Fitzgibbon's free speech is protected by the First and Fourteenth Amendments of the United States Constitution and Article I, § 12 of the Virginia Constitution.

**FIFTH AFFIRMATIVE DEFENSE**

Any statements made by Fitzgibbon of and concerning Radack are absolutely and/or qualifiedly privileged or protected by the fair report privilege or statutory privilege in § 8.01-223.2 of the Virginia Code.

**SIXTH AFFIRMATIVE DEFENSE**

Any statements made by Fitzgibbon of and concerning Radack are true and/or substantially true.

## SEVENTH AFFIRMATIVE DEFENSE

Radack committed the first material breaches of the settlement agreement. She is not entitled to enforce the contract. She materially breached the settlement agreement within days of its execution. She also secretly solicited multiple third-parties to help her disparage Fitzgibbon and violate the settlement agreement. In private, direct messages delivered via Twitter, and concealed from Fitzgibbon, she advised third-parties to tweet and retweet about Fitzgibbon. She told third-parties what to say and even crafted the specific narrative to be used in tweets, *e.g., "years of stalking"*. Her malicious concerted action is evidenced both by public tweets published by her confederates and by Radack's private messages secretly published to third-parties, *e.g.*:





> As part of Settlement, to end YEARS of stalking, I withdrew (not retracted) my allegations bc Trump financierEd Butowsky has been underwriting TF's retaliatory actions against multiple victims,
>
> The Disturbing Story Of Widespread Sexual Assault Al...
> huffpost.com



10:39 AM

### EIGHTH AFFIRMATIVE DEFENSE

Fitzgibbon did not cause any of the damage claimed by Radack in the amended counterclaim.

### NINTH AFFIRMATIVE DEFENSE

Radack did not suffer any damage.

### TENTH AFFIRMATIVE DEFENSE

Radack's amended counterclaim is subject to setoff and counterclaim.

### ELEVENTH AFFIRMATIVE DEFENSE

One or more of the allegations in Radack's amended counterclaim violates Rule 11(b)(3) of the Federal Rules of Civil Procedure. Fitzgibbon reserves his right to seek attorney's fees and costs pursuant to Rule 11, 28 U.S.C. § 1927 and/or the Court's equitable authority and its power to punish contempt.

### Reservation of Rights

Fitzgibbon reserves the right to raise any and all additional Affirmative Defenses that may be revealed in discovery.

### ANSWER

In response to Radack's amended counterclaim, Fitzgibbon denies any and all liability to Radack for any reason whatsoever.

Responding to each numbered paragraph of the amended counterclaim, Fitzgibbon states as follows:

1. The allegations in paragraph 1 are admitted.

2. The allegations in paragraph 2 are admitted.

3. The allegations in paragraph 3 are denied. By filing the counterclaim and amended counterclaim, Radack waived the defense of lack of personal jurisdiction.

4. The allegations in paragraph 4 are denied. By filing the counterclaim and amended counterclaim, Radack waived the defense of improper venue. Further, Radack did not file a motion to dismiss for improper venue.

### COUNT I – Breach of Contract

5. The allegations in the first two sentences of paragraph 5 are admitted. All remaining allegations are denied.

6. In response to the allegations in paragraph 6, Fitzgibbon admits that on December 17, 2015 the Huffington Post published an online article entitled, "The Disturbing Story of Widespread Sexual Assault Allegations at a Major Progressive PR Firm" (the "HuffPost Article"), and that the article may be accessed on the Internet by clicking the following hyperlink: https://www.huffingtonpost.com/entry/fitzgibbon-media_us_567330fce4b014efe0d4cb4e. Fitzgibbon denies the accusations in the HuffPost Article. All remaining allegations in paragraph 6 are denied.

1.[1] The allegations in paragraph 1 are denied.

2. The allegations in paragraph 2 are denied.

* Fitzgibbon objects and denies the allegations in the bold and underlined subject header that appears on page 4 of the amended counterclaim.

3. The allegations in paragraph 3 are denied.

4. The allegations in paragraph 4 are denied.

5. The allegations in paragraph 5 are denied.

---

[1] Radack's amended counterclaim reverts from paragraph 6 to paragraph 1. Fitzgibbon responds to the paragraphs as they appear in the amended counterclaim.

6. The allegations in paragraph 6 are denied.

7. The allegations in paragraph 7 are denied.

8. The allegations in paragraph 8 are denied.

\* Fitzgibbon objects and denies the allegations in the bold and underlined subject header that appears on page 8 of the amended counterclaim.

9. The allegations in paragraph 9 are admitted in part. Fitzgibbon admits that the parties entered into the Settlement Agreement and that the terms of the Settlement Agreement speak for themselves. All remaining allegations are denied.

10. The allegations in paragraph 10 are denied.

11. In response to the allegations in paragraph 11, Fitzgibbon states as follows: The allegations in paragraphs 11(a)-(f) are denied. The allegations in paragraph 11(g) are admitted in part. Fitzgibbon published the tweet. All remaining allegations in paragraph 11(g) are denied. The allegations in paragraph 11(h)-(k) are denied. The allegations in paragraph 11(l) are admitted in part. Fitzgibbon published the tweet. All remaining allegations in paragraph 11(l) are denied. The allegations in paragraph 11(m) are admitted in part. Fitzgibbon published the statement on medium. The statement speaks for itself. All remaining allegations in paragraph 11(m) are denied. The allegations in paragraph 11(n) are admitted in part. Fitzgibbon replied to the tweet. His reply speaks for itself. All remaining allegations in paragraph 11(n) are denied. The allegations in paragraph 11(o)-(q) are denied.

12. The allegations in paragraph 12 are admitted.

13. The allegations in paragraph 13 are denied.

## COUNT II – Defamation

14. In response to the allegations in paragraph 14 of the amended counterclaim, Fitzgibbon restates and incorporates herein by reference all the allegations in his Amended Complaint, his Affirmative Defenses set forth above, and his answers to the allegations in paragraphs 1 – 13 of the amended counterclaim.

15. The allegations in paragraph 15 are denied.

16. The allegations in paragraph 16 are denied.

17. The allegations in paragraph 17 are denied.

18. The allegations in paragraph 18 are denied.

19. The allegations in paragraph 19 are denied.

20. The allegations in paragraph 20 are denied.

## COUNT III – Fraudulent Inducement (In the Alternative)

21. In response to the allegations in paragraph 21 of the amended counterclaim, Fitzgibbon restates and incorporates herein by reference all the allegations in his Amended Complaint, his Affirmative Defenses set forth above, and his answers to the allegations in paragraphs 1 – 20 of the amended counterclaim.

22. The allegations in paragraph 22 are denied.

23. The allegations in paragraph 23 are denied.

24. The allegations in paragraph 24 are denied.

25. The allegations in paragraph 25 are denied.

Any and all allegations not expressly admitted are denied. Fitzgibbon denies any and all obligation and liability to Radack for any reason, and moves the Court to dismiss the counterclaim with prejudice and to award Fitzgibbon his attorneys' fees and costs pursuant to Rule 11, 28 U.S.C. § 1927 and the Court's inherent power.

Fitzgibbon reserves the right to raise any additional matters of avoidance and defense revealed in and by any discovery taken in this action.

**CONCLUSION AND PRAYER FOR RELIEF**

For the foregoing reasons, Plaintiff, Trevor Fitzgibbon, requests the Court to dismiss Radack's amended counterclaim with prejudice, and to award attorney's fees and all other costs and expenses suffered or incurred in connection with Fitzgibbon's defense of Radack's baseless amended counterclaim.

**TRIAL BY JURY IS DEMANDED**

DATED: February 17, 2020

TREVOR FITZGIBBON

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: stevenbiss@earthlink.net

*Counsel for the Plaintiff*

9

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*