IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TREVOR FITZGIBBON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-477-REP |
| ) | |
| ) | |
| JESSELYN A. RADACK ) | |
| ) | |
| Defendant. ) | |
| ) | |

# [Proposed] STATEMENT OF ADDITIONAL CLAIMS

Plaintiff, Trevor Fitzgibbon ("Plaintiff"), by counsel, pursuant to Rule 15 of the Federal Rules of Civil Procedure, hereby supplements his second amended complaint as follows:

## I. SUPPLEMENTAL STATEMENT OF FACTS

1. On December 27, 2019, Defendant, Jesselyn Radack ("Radack"), liked[1] the following tweets that mentioned Plaintiff:

---

[1] On Twitter, "likes" are represented by a small heart and are used to show appreciation for a Tweet. Likes appear on the sender's (*i.e., Radack's*) profile page and can be accessed by anyone simply by clicking or tapping into the "Likes" tab at the top of the page. [https://help.twitter.com/en/using-twitter/liking-tweets-and-moments].

1





2. On January 8, 2020, Radack published the following statement to her followers in Virginia (**@RVAwonk** and **@AdamParkhomenko**) and others:



3. No one forced Radack to tweet. No one forced her to tag[2] any third parties, including **@RVAwonk**, **@AdamParkhomenko**, **@DevinCow** or anyone else. Radack chose to include these users in Twitter conversations that were none of their business. Radack made this case the business of **@RVAwonk**, **@AdamParkhomenko**, **@DevinCow**, and many, many other third parties. She made them witnesses. She chose to broadly tag Twitter users with massive followings because she wanted to increase the audience and, therefore, exacerbate the pain and suffering she inflicted with each foul tweet.

4. On January 10, 2020, Radack published the following statement to her followers in Virginia (**@RVAwonk** and **@AdamParkhomenko**) and others:

---

[2] "Mentions" or "tags" are tweets that contain another account's username, preceded by the "@" symbol. For example: "**@DevinCow**". "Tagging" someone is a way of including them in a conversation. Tags appear on the sender's profile page of public tweets *and* in the recipient's notifications tab *and* will appear on the recipient's home timeline view if the recipient of the tag follows the sender. Anyone who follows the sender of a tag, *i.e. anyone who follows Radack*, will also see the tweet in their home timeline. [https://help.twitter.com/en/using-twitter/types-of-tweets].



5. On January 13, 2020, the user of Twitter account **@jimmysllama** published the following tweet that mentioned Plaintiff:



Radack "liked" the tweet:

5



6. Each of Radack's **public** tweets, retweets, replies and likes after December 10, 2019 – the date Fitzgibbon filed his second amended compliant – is an actionable breach of the settlement agreement.

7. On January 8, 2020, Radack sent the following email to Professor Eugene Volokh ("Volokh"):

> From: jesselyn radack <jar3rad@gmail.com>
> Date: January 8, 2020 at 12:08:01 PM EST
> To: volokh@law.ucla.edu
> Subject: Answer & Counterclaim to 2nd Amended Complaint in Fitzgibbon v. Radack
>
> Dear Professor Volokh,
>
> You have written a few times about my Settlement Agreement in your blog, which I discuss in my counter-claim below. (You also taught at Yale Law School when I was there!)
>
> —Jesselyn Radack

8. On January 8, 2020, Radack sent the following email to Raymond Johansen ("Johansen"), and Bailey Lamon ("Lamon"):

From: jesselyn radack <jar3rad@gmail.com>

Date: January 8, 2020 at 2:28:51 PM EST
To: Raymond Johansen <Raymond.Johansen@hacktivistculture.com>, Bailey Lamon <bailey.lamon@protonmail.ch>
Subject: My counterclaim against TF

9. Neither the email to Volokh nor the email to Johansen and Lamon is subject to any qualified privilege.

10. After December 10, 2019, Johansen republished false and defamatory statements about Fitzgibbon, *e.g.*:



Raymond Johansen
@RayJoha2

"Publicist for Predators" The Fitzgibbon narrative

1hrs mark: "Note how the alleged rapist is literally using the fact as he was accused of rape as a badge of honor and making him a victim." – about Fitzgibbon reinventing himself as a supporter of women.

Victims and Victimizers YouTube
🔗 youtube.com

8:42 PM · Feb 4, 2020 · Twitter Web App

11. After December 10, 2019, the user of Twitter account **@HatedByManyLOL** (formerly known as **@Kaidinn**) continued to defame Plaintiff,

tagging Radack, **@DevinCow** and others, referring to Plaintiff as "Serial Rapist Fitzgibbon":



"A very personal twilight war broke out."
@HatedByManyLOL

An investigation should be made into who pays Steven Biss to sue ppl. Devin Nunes, Serial Rapist Fitzgibbon, and "creator of Qanon" who this weekend threatened me for Fitzgibbon show no signs of having a large $$ supply. @JesselynRadack @LouiseMensch @NatashaBertrand @DevinCow

11:08 PM · Dec 12, 2019 · Twitter Web App

12. After April 9, 2019, Radack sent direct messages (DMs)[3] to third parties that mentioned Plaintiff or that were of or concerning Plaintiff.

13. Radack trolls Twitter searching for tweets about Fitzgibbon.

14. On June 8, 2019 – two months after she signed the settlement agreement – Radack saw the following tweet by a whistleblower:[4]

---

[3] Twitter permits users to engage in "non-public" conversations, called "direct messages" or "DMs". Direct messages are exactly like private emails. A user can start a non-public conversation or create a group conversation with anyone who follows that user. Anyone who does not follow the user can send a direct message if the user has opted in to receive direct messages from anyone or if the user has previously sent that person a direct message. To send a direct message, the user simply taps the envelope icon, types in a username, *e.g.,* **@DevinCow**, and adds text, photo, video, etc., and hits the airplane icon to send the message. A group message can include up to fifty (50) people. [https://help.twitter.com/en/using-twitter/direct-messages].

[4] On February 17, 2020, Plaintiff received information from a whistleblower that revealed Radack was using Twitter privately to defame Plaintiff. The identity of the whistleblower is redacted to protect him from retaliation by Radack and her agents. Plaintiff will share the identity of the whistleblower with the Court *in camera* or subject to the terms of a stipulated protective order.



Suzie Dawson (@Suzi3D) documented the pattern of persecution to ostracize Wikileaks activists & leaders. Now we should all make an effort to reach out to Jacob Appelbaum (@ioerror) & **Trevor Fitzgibbon** to undue the hurtful anti-journalism smear campaign contraspin.co.nz/freeing-julian...

15. Radack quickly initiated contact with the whistleblower:



> I see you follow me. I hope you consider taking that 3rd man off your list of those deserving support. I was one of his victims:
>
> 9:52 AM

16. The whistleblower replied to Radack as follows:

> Hi Ms. Radack. I have appreciated your advocacy on many issues over the years. It was my understanding you reached a settlement with Mr. Fitzgibbon and withdrew your allegations
>
> 10:12 AM ✓

17. Radack then published to the whistleblower – a "third party" within the meaning of the settlement agreement – the following private, direct message (DM):

> As part of Settlement, to end YEARS of stalking, I withdrew (not retracted) my allegations bc Trump financierEd Butowsky has been underwriting TF's retaliatory actions against multiple victims,
>
> **The Disturbing Story Of Widespread Sexual Assault Al...**
> huffpost.com
>
> 10:39 AM

18.     Radack's direct messages to the whistleblower clearly constitute actionable breaches of the settlement agreement and defamation.

19.     Radack has sent direct messages (DMs) that mention Plaintiff or that are of and concerning Plaintiff to the following users of Twitter: **@DevinCow**, **@AdamParkhomenko**, **@RVAwonk**, **@sparrowmedia**, **@foxfire**, **@RayJoha2**, **@UpTheCypherPunx**, **@jimmysllama** and **@Kaidinn**. Radack refuses to consent to the disclosure of those DMs.

20.     On June 8, 2019, the whistleblower asked Radack "[w]hat did he [Plaintiff] do to you?" Radack falsely stated the following in a DM:



> Referred me twice (unsuccessfully) to the Bar. Has sued me, threatened my CLIENTS with litigation, bad-mouthed me to my colleagues, threatened my FAMILY, and the list just goes on and on. Even when these actions get dismissed, it still costs a fortune in time, money, energy, and resources to defend.
>
> 2:11 PM

11

When the whistleblower offered to help resolve the conflict, Radack sent him the following DM:



21. Radack's DMs with the whistleblower breach the settlement agreement.

22. Radack's DMs with the whistleblower contains false and defamatory statements of and concerning Plaintiff.

23. Radack published the following tweets on the dates indicated:



"Shitsfibbin" refers to Plaintiff.

13



The "troll" referred to in Radack's tweet is Plaintiff.



The "predator" referred to in Radack's tweet is Plaintiff.



The "guy" referred to the preceding tweet liked by Radack is Plaintiff.

## II. SUPPLEMENTAL STATEMENT OF CLAIMS

24. Plaintiff restates the allegations in paragraphs 1 – 23 above, and incorporates them herein by reference.

### COUNT II – BREACH OF CONTRACT

25. Plaintiff restates and incorporates herein by reference the allegations in Count II of his second amended complaint, and supplements as follows:

    a. Radack's tweets, retweets, replies, likes and DMs identified above constitute material breaches of the settlement agreement.

    b. Radack's material breaches have caused Plaintiff damage, including attorney's fees and costs.

### COUNT III – DEFAMATION

26. Plaintiff restates and incorporates herein by reference the allegations in Count III of his second amended complaint, and supplements as follows:

    a. Radack published false and defamatory statements about Plaintiff to the whistleblower and to others in DMs after April 9, 2019. Radack's statements constitute defamation *per se*.

    b. Radack's defamation caused Plaintiff to suffer and incur loss, including presumed damage and actual damages, in the sum of $4,500,000 or such greater amount as is determined by the Jury.

### COUNT IV – COMMON LAW CONSPIRACY

27. Plaintiff restates and incorporates herein by reference the allegations in Count IV of his second amended complaint, and supplements as follows:

  a. After December 10, 2019, Radack combined, associated, agreed or acted in concert with Johansen, Lamon, and the user or users of the **@Kaidinn, @jimmysllama**, and **@sparrowmedia** Twitter accounts and with others (unknown to Plaintiff without discovery), for the express purpose of injuring Plaintiff in his business and reputation through the publication and republication of false and defamatory statements.

  b. In furtherance of the conspiracy, Radack directed third parties to publish and republish false and defamatory statements about Plaintiff via Twitter. Radack crafted the themes and messages to disparage Plaintiff, including the false statement that Plaintiff had engaged in "*years of stalking*". Radack instructed her confederates to attach or retweet defamatory articles about Fitzgibbon, and to act in concert to promote the message that Plaintiff was a serial rapist and abuser.

  c. As a direct result of Radack's conspiracy and the third party publication of false statements, Plaintiff suffered loss, including, but not limited to, actual damages, including, loss and injury to his business, insult, pain and suffering, humiliation, embarrassment and injury to reputation, presumed damages, court costs, and other damages in the sum of $4,500,000 or such greater amount as is determined by the Jury.

DATED: February 21, 2020

TREVOR FITZGIBBON

By: ___*/s/ Steven S. Biss*___
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:  (804) 501-8272
      Facsimile:  (202) 318-4098
      Email:  **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By: ___*/s/ Steven S. Biss*___
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:  (804) 501-8272
      Facsimile:  (202) 318-4098
      Email:  **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*