IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TREVOR FITZGIBBON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-477-REP |
| ) | |
| ) | |
| JESSELYN A. RADACK ) | |
| ) | |
| Defendant. ) | |
| ) | |

# **MEMORANDUM IN SUPPORT OF MOTION TO SUPPLEMENT SECOND AMENDED COMPLAINT**

Plaintiff, Trevor Fitzgibbon, by counsel, pursuant to Local Civil Rule 7(F), respectfully submits this Memorandum in Support of his motion to supplement second amended complaint. [*ECF No. 64*].

## I. INTRODUCTION

Jesselyn Radack plays a very dangerous game – a game that causes great harm to the reputation and emotions of the Plaintiff and one that unnecessarily multiplies this proceeding and wastes precious judicial resources. In prior litigation between the parties, Radack chose to continue tweeting defamatory statements about Plaintiff after suit was filed. Her contemptuous tweets continued even after entry of a Restraining Order.

Through the revelations of a whistleblower, Plaintiff now knows that Radack is engaged in a far broader campaign to destroy Plaintiff's reputation – a campaign that involves third-parties and the use of private Twitter "direct messages".

1

On April 9, 2019, Radack signed a contract – a settlement agreement. That solemn contract was supposed to end the conflict between the parties, clean the slate, and establish agreed boundaries going forward. In paragraphs 4(a)-(c) of that settlement agreement, Radack promised that she would not tweet, retweet, reply, like or otherwise post anything on Twitter that mentions Plaintiff or that is of and concerning Plaintiff. Radack further promised that she would not publish or communicate – electronically, orally, or in writing – to ***any*** third party (excluding family members) any disparaging comments or words about Plaintiff.

Unfortunately, Radack chose to breach the settlement agreement and further defame Plaintiff.

On June 28, 2019, Plaintiff commenced this action.

Radack was undeterred. In tweets published to her 36,500+ Twitter followers on July 28, 2019, August 5, 2019, and September 2, 2019, she falsely stated that Plaintiff had "attacked me", that Plaintiff's client, Julian Assange, had "disavowed" him, that Plaintiff was using "alts to stalk women", and that she was a "survivor" of Plaintiff's stalking.

On December 10, 2019, Plaintiff filed a second amended complaint to include the additional breaches of the settlement agreement and defamation that had occurred after commencement of this case in June 2019.

Incredibly, Radack persevered in her breaches and attacks upon Plaintiff.

On December 27, 2019, she liked[1] the following tweets that mentioned Plaintiff:

---

[1] On Twitter, "likes" are represented by a small heart and are used to show appreciation for a Tweet. Likes appear on the sender's (*i.e., Radack's*) profile page and can be accessed by anyone simply by clicking or tapping into the "Likes" tab at the top of the page. [https://help.twitter.com/en/using-twitter/liking-tweets-and-moments].





On January 8, 2020, Radack tweeted the following statement to her followers in Virginia (**@RVAwonk** and **@AdamParkhomenko**):



No one forced Radack to tweet. No one forced her to tag[2] any third-parties, including **@RVAwonk**, **@AdamParkhomenko**, **@DevinCow** or anyone else. Radack chose to include these users in Twitter conversations that were none of their business. Radack made this case the business of **@RVAwonk**, **@AdamParkhomenko**, **@DevinCow**, and many, many other third-parties. She made them witnesses. She chose to broadly tag Twitter users with massive followings because she wanted to increase the audience and, therefore, exacerbate the pain and suffering she inflicted with each foul tweet:



---

[2] "Mentions" or "tags" are tweets that contain another account's username, preceded by the "@" symbol. For example: "**@DevinCow**". "Tagging" someone is a way of including them in a conversation. Tags appear on the sender's profile page of public tweets *and* in the recipient's notifications tab *and* will appear on the recipient's home timeline view if the recipient of the tag follows the sender. Anyone who follows the sender of a tag, *i.e. anyone who follows Radack*, will also see the tweet in their home timeline. [https://help.twitter.com/en/using-twitter/types-of-tweets].

On January 13, 2020, the user of Twitter account **@jimmysllama** published the following tweet that mentioned Plaintiff:



Radack chose to "like" the tweet:



Each of Radack's **public** tweets, retweets, replies and likes after December 10, 2019 – the date Fitzgibbon filed his second amended compliant – is an actionable breach of the settlement agreement.

6

**RADACK'S EMAILS WITH THIRD PARTIES**

In addition to her tweets, retweets, replies and likes after December 10, 2019, Radack has violated the settlement agreement in emails to third-parties. For as yet unexplained reasons, Radack published a copy of her answer and counterclaim to Professor Eugene Volokh ("Volokh"), Raymond Johansen ("Johansen"), and Bailey Lamon ("Lamon") as follows:

> **From:** jesselyn radack <jar3rad@gmail.com>
> **Date:** January 8, 2020 at 12:08:01 PM EST
> **To:** volokh@law.ucla.edu
> **Subject: Answer & Counterclaim to 2nd Amended Complaint in Fitzgibbon v. Radack**
>
> Dear Professor Volokh,
>
> You have written a few times about my Settlement Agreement in your blog, which I discuss in my counter-claim below. (You also taught at Yale Law School when I was there!)
>
> —Jesselyn Radack

> **From:** jesselyn radack <jar3rad@gmail.com>
>
> **Date:** January 8, 2020 at 2:28:51 PM EST
> **To:** Raymond Johansen <Raymond.Johansen@hacktivistculture.com>, Bailey Lamon <bailey.lamon@protonmail.ch>
> **Subject: My counterclaim against TF**

Neither of these email publications is subject to any qualified privilege.

After December 10, 2019, Johansen also republished false and defamatory statements about Fitzgibbon that were originally published by Radack in May 2018, showing concerted action between Radack and Johansen, *e.g.*:



After December 10, 2019, the user of Twitter account **@HatedByManyLOL** (formerly known as **@Kaidinn**) also continued to defame Plaintiff, tagging Radack, **@DevinCow** and others, referring to Plaintiff as "Serial Rapist Fitzgibbon":



## RADACK'S *PRIVATE*, DIRECT MESSAGES

To his great dismay, Plaintiff has also discovered that Radack is using Twitter

*__privately__* to defame him behind the scenes in direct messages (DMs) with third parties.

In response to an interrogatory that asked Radack to identify ALL persons to

whom she made or published any statement of and/or concerning Fitzgibbon between the

date of the settlement – April 9, 2019 – and the present, Radack represented that she

"suffers from memory issues which are commonly termed 'cog fog' or MS-related brain

fog." Subject to her claim of "cog fog", Radack answered that "since April", she has

spoken about Plaintiff to:

a)      Travelers Home and Marine representative Chris Newkirk;

b)      Her doctors including her gynecologist and therapist;

c)      Her husband;

d)      Her colleague Kathleen McClellan;

e)      Beth Bogaerts; and

f)      Thomas Drake.

Fitzgibbon has learned that Radack's interrogatory answer is false.

On February 17, 2020, a whistleblower contacted Fitzgibbon, and provided copies

of Twitter "direct messages"[3] he received from Radack on June 8, 2019. It's no wonder

---

[3]      Twitter permits users to engage in "non-public" conversations, called "direct messages" or "DMs". Direct messages are exactly like private emails. A user can start a non-public conversation or create a group conversation with anyone who follows that user. Anyone who does not follow the user can send a direct message if the user has opted in to receive direct messages from anyone or if the user has previously sent that person a direct message. To send a direct message, the user simply taps the envelope icon, types in a username, *e.g.,* **@DevinCow**, and adds text, photo, video, etc., and hits the airplane icon to send the message. A group message can include up to fifty (50) people. [https://help.twitter.com/en/using-twitter/direct-messages].

that Radack concealed these private communications from Fitzgibbon. These direct messages (DMs) provide irrefutable evidence of Radack's ***private*** breaches of the settlement agreement and defamation that she actively concealed.

Radack trolls Twitter searching for tweets about Fitzgibbon. On June 8, 2019 – two months after she signed the settlement agreement – Radack saw the following tweet by the whistleblower:[4]



· 15m
Suzie Dawson (@Suzi3D) documented the pattern of persecution to ostracize Wikileaks activists & leaders. Now we should all make an effort to reach out to Jacob Appelbaum (@ioerror) & **Trevor Fitzgibbon** to undue the hurtful anti-journalism smear campaign contraspin.co.nz/freeing-julian…

Radack quickly initiated contact with the whistleblower:



The whistleblower replied:

---

[4] The identity of the whistleblower is redacted to protect him from retaliation by Radack and her agents. Fitzgibbon will share the identity of the whistleblower with the Court *in camera* or subject to the terms of a stipulated protective order.

> Hi Ms. Radack. I have appreciated your advocacy on many issues over the years. It was my understanding you reached a settlement with Mr. Fitzgibbon and withdrew your allegations
>
> 10:12 AM ✓

Radack then published to the whistleblower – a "third party" within the meaning of the settlement agreement – the following private, direct message (DM):



Radack's direct messages clearly constitute actionable breaches of the settlement agreement and defamation.[5]

On February 18, 2020, the whistleblower supplied further incriminating private DMs that he received from Radack on June 8, 2019. When the whistleblower asked Radack "[w]hat did he [Plaintiff] do to you?", Radack stated the following:



Referred me twice (unsuccessfully) to the Bar. Has sued me, threatened my CLIENTS with litigation, bad-mouthed me to my colleagues, threatened my FAMILY, and the list just goes on and on. Even when these actions get dismissed, it still costs a fortune in time, money, energy, and resources to defend.

2:11 PM

---

[5] In light of the whistleblower's revelations, Radack's private, direct messages – messages that she has hidden from the Court and Fitzgibbon – with **@DevinCow**, **@AdamParkhomenko**, **@RVAwonk**, **@sparrowmedia**, **@foxfire**, **@RayJoha2**, **@UpTheCypherPunx**, **@jimmysllama** and **@Kaidinn**, are clearly relevant and obviously discoverable. The whistleblower's revelations demonstrate that Radack is intentionally hiding communications with third parties that breach the settlement agreement and constitute defamation.

When the whistleblower offered to help resolve the conflict, Radack hit back with the following private DM:



These are not minor breaches of the settlement agreement. Radack does not know the whistleblower. Radack's conduct evinces a heedless and palpable abandonment of the settlement agreement. Radack uses words that are malicious and defamatory.[6]

## ADDITIONAL ARCHIVED TWEETS

On February 19, 2020, Fitzgibbon located additional tweets that Radack had published on Twitter after she signed the settlement agreement, but that she had quickly deleted. These tweets were recovered from Twitter's archives. The following tweets mention Plaintiff or are of and concerning Plaintiff. They violate the settlement agreement and are actionable:

---

[6] In a flagrant attempt to disregard for her discovery obligations, Radack continues to entice third parties, including alleged co-conspirators, to communicate with her privately via Twitter direct messages (DMs):



Radack refuses to produce her DMs with third parties in discovery. Plaintiff will be forced to seek relief from the Court.



"Shitsfibbin" refers to Plaintiff.



The "troll" referred to in Radack's tweet is Plaintiff.

16



The "predator" referred to in Radack's tweet is Plaintiff.

17



The "guy" referred to the preceding tweet liked by Radack is Plaintiff.

18

## CONCLUSION

For the reasons stated above, Plaintiff requests leave to file a Statement of Additional Claims, which will supplement the second amended complaint to add the tweets, retweets, replies, likes, *and* private DMs mentioned above.

DATED:   February 21, 2020

TREVOR FITZGIBBON

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:   (202) 318-4098
Email:   **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*