IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TREVOR FITZGIBBON                )
                                 )
          Plaintiff,             )
                                 )
v.                               )          Case No. 3:19-cv-477-REP
                                 )
                                 )
JESSELYN A. RADACK               )
                                 )
          Defendant.             )
                                 )

# MEMORANDUM IN SUPPORT OF
# MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff, Trevor Fitzgibbon, by counsel, pursuant to Local Civil Rule 7(F), respectfully submits this Memorandum in Support of his motion for entry of a protective order [*ECF No. 66*].

1.      Rule 26 of the Federal Rules of Civil Procedure (the ":Rules") governs the scope of discovery.  The Rule states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." *Fed. R. Civ. P. 26(b)(1)*.  Relevance is construed broadly to include "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Cappetta v. GC Servs. Ltd. P'Ship*, 2008 WL 5377934, at * 7 (E.D. Va. 2008) (citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 353 (1978)).  A request for discovery "'should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action.'" *Deutsch Bank National Trust Company v. Fegely*, 2020 WL 201048, at * 6 (E.D. Va. 2020) (quotation omitted).

2.      Rule 26(c)(1) allows a party to "move for a protective order in the court where the action is pending".   A Court may issue a protective order, for good cause shown, to "protect a person from annoyance, embarrassment, oppression, or undue burden or expense." *Fed. R. Civ. P. 26(c)(1)*.   Parties seeking protective orders under Rule 26(c) must show that "specific prejudice or harm will result if no protective order is granted." *United States ex rel. Davis v. Prince*, 753 F.Supp.2d 561, 565 (E.D. Va. 2010) (quotation omitted).

3.      There is good cause to grant Plaintiff's motion and enter a protective order in this case.

4.      In discovery, Plaintiff has, *inter alia*, requested the following records and information:

a.      <u>Financial Statements and Tax Returns</u>

In request for production of documents nos. 2 and 3, Plaintiff seeks the production of Radack's most recent financial statement and 2016, 2017 and 2018 tax returns in order to assess her ability to pay punitive damages.

Radack's financial information is relevant to her ability to pay punitive damages. Plaintiff is entitled to discover information relating to Radack's financial condition in advance of trial and without making a prima facie showing that he is entitled to recover such damages. *See, e.g., Turnage v. Clarity Services*, 2015 WL 5092695, at * 4 (E.D. Va. 2015); *id. Stamathis v. Flying J*, 389 F.3d 429, 442 (4th Cir. 2004) ("a defendant's financial position is a proper consideration in assessing punitive damages"); *Torkie-Tork v. Wyeth*, 2010 WL 11431846, at * 3 (E.D. Va. 2010) ("Evidence of net worth and profits may be probative on the question of punitive damages, and its probative value is not

substantially outweighed by the danger of unfair prejudice under Rule 403, Fed. R. Evid."); *Bennett v. R&L Carriers Shared Services, LLC*, 744 F.Supp.2d 494, 537 (E.D. Va. 2010) (same).

Radack levels stock objections[1] to Plaintiff's request for documents relating to her financial condition, including that Plaintiff's request "requires the production of confidential information".

A protective order eliminates any concern over the confidentiality of Radack personal financial information and facilitates Plaintiff's request for relevant information.

b.      Telephones/Encrypted Messages/Email Addresses

In interrogatory no. 1, Plaintiff asks Radack to identify the telephones, encrypted messaging applications and email addresses she has used to communicate with third parties from the date she signed the settlement agreement – April 9, 2019 – to the present. This information will allow Plaintiff to subpoena documents relevant to Plaintiff's claims of breach of contract and conspiracy.

Radack again claims that the information is "confidential".

A protective order eliminates any concern over the confidentiality of this information and facilitates Plaintiff's request for relevant information.

c.      Radack's Direct Messages With Third Parties

In interrogatory no. 4(e) and request for production nos. 1 and 4, Plaintiff requests the production of Radack's direct messages and other communications with third parties that mention Plaintiff or that are of and concerning Plaintiff.  The documents are relevant

---

[1]      Radack's objections and responses to Plaintiff's discovery requests are attached as *Exhibit "A"*.

to Plaintiff's claims that Radack breached the settlement agreement, that she defamed Plaintiff, and that she combined with third parties to do so.

Radack refuses to produce her direct messages (DMs)[2] and communications with third parties.  In response to request for production no. 4, Radack objected[3] as follows:

> **Objections:** This request is overly broad and unduly burdensome, and seeks information that is not relevant, nor calculated to lead to the discovery of admissible evidence.  This request also seeks privileged and work product information.

Radack's DMs are clearly relevant.  As an example, on February 17-18, 2020, Plaintiff received four (4) **private** direct messages that Radack sent to a third party whistleblower on June 8, 2019.  Radack's direct messages were prompted by the following tweet by the whistleblower:



· 15m ⌄

Suzie Dawson (@Suzi3D) documented the pattern of persecution to ostracize Wikileaks activists & leaders. Now we should all make an effort to reach out to Jacob Appelbaum (@ioerror) & **Trevor Fitzgibbon** to undue the hurtful anti-journalism smear campaign contraspin.co.nz/freeing-julian...

Radack quickly initiated contact with the whistleblower:

---

[2]     Twitter permits users to engage in "non-public" conversations, called "direct messages" or "DMs".  Direct messages are exactly like private emails.  A user can start a non-public conversation or create a group conversation with anyone who follows that user.  Anyone who does not follow the user can send a direct message if the user has opted in to receive direct messages from anyone or if the user has previously sent that person a direct message.  To send a direct message, the user simply taps the envelope icon, types in a username, *e.g.,* **@DevinCow**, and adds text, photo, video, etc., and hits the airplane icon to send the message.  A group message can include up to fifty (50) people. [https://help.twitter.com/en/using-twitter/direct-messages].

[3]     These objections are clearly improper. *See, e.g., Fegely*, 2020 WL 201048 at * 6 ("Just as with relevance objections, merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection").



I see you follow me. I hope you consider taking that 3rd man off your list of those deserving support. I was one of his victims:

9:52 AM

The whistleblower replied:

Hi Ms. Radack. I have appreciated your advocacy on many issues over the years. It was my understanding you reached a settlement with Mr. Fitzgibbon and withdrew your allegations

10:12 AM ✓

Radack then published to the whistleblower – a "third party" within the meaning of the settlement agreement – the following private, direct message (DM):

As part of Settlement, to end YEARS of stalking, I withdrew (not retracted) my allegations bc Trump financierEd Butowsky has been underwriting TF's retaliatory actions against multiple victims,



The Disturbing Story Of Widespread Sexual Assault Al...


huffpost.com

10:39 AM

Radack's direct messages clearly constitute actionable breaches of the settlement agreement and defamation.[4]

On February 18, 2020, the whistleblower supplied further incriminating private DMs that he received from Radack on June 8, 2019.  When the whistleblower asked Radack "[w]hat did he [Plaintiff] do to you?", Radack stated the following:



> Referred me twice (unsuccessfully) to the Bar. Has sued me, threatened my CLIENTS with litigation, bad-mouthed me to my colleagues, threatened my FAMILY, and the list just goes on and on. Even when these actions get dismissed, it still costs a fortune in time, money, energy, and resources to defend.
>
> 2:11 PM

---

[4]     In light of the whistleblower's revelations, Radack's private, direct messages – messages that she has hidden from the Court and Fitzgibbon – with **@DevinCow**, **@AdamParkhomenko**, **@RVAwonk**, **@sparrowmedia**, **@foxfire**, **@RayJoha2**, **@UpTheCypherPunx**, **@jimmysllama**, **@Kaidinn** and others are clearly relevant and obviously discoverable.

When the whistleblower offered to help resolve the conflict, Radack hit back with the following private DM:



To be clear, Plaintiff does not believe that Radack's direct messages are confidential or proprietary, but, to the extent they are, Plaintiff requests a protective order, so that Radack can produce the documents without further excuse or delay.[5]  Entry of a protective order, allowing Radack to produce her direct messages, will also moot Twitter's motion to quash, as Plaintiff will have the non-content records and information relating to the third parties with whom Radack is engaged in private communications.

Radack's use of private, direct messages to communicate with third parties is **not** random or fortuitous.  The DMs exposed by the whistleblower are the tip of the iceberg. On February 28, 2020, as this memorandum is being written, Twitter user **@steveouttrim** revealed yet another DM in violation of the settlement agreement:

---

[5]     Plaintiff issued a Subpoena to Twitter seeking copies of Radack's direct messages and other non-content records and information.  Both Twitter and Radack filed motions to quash.  In connection with Twitter's motion, Plaintiff, by counsel, requested Radack to consent to disclosure of her direct messages, which would have resolved Twitter's objection under the Stored Communications Act.  **Radack refused**.  In *Lucas v. Jolin*, 2016 WL 2853576 (S.D. Ohio 2016), the District Court clearly held that the content of Radack's private communications (direct messages) with other Twitter users, including **@Rayjoha2**, **@sparrowmedia**, **@jimmysllama**, **@Kaidinn**, **@foxfire**, **@AdamParkhomenko** and **@DevinCow**, can be compelled if not produced by Radack under Rule 34. 2016 WL 2853576 at * 8 ("In a personal injury case, when a plaintiff seeks damages for claimed injuries, he or she is often directed to execute a release in order for the defendant to examine his or her medical records related to the injuries, including medical records that may prove pre-existing injuries or otherwise lend credence to the defense.  In a similar way, Net VOIP will be compelled to request directly from Google the release of certain emails within the relevant time period, so that Plaintiff has some opportunity to discover relevant documents that may undermine the grounds on which Net VOIP seeks summary judgment and help prove Plaintiff's claim").  **The fact that Radack refuses to consent to Twitter's disclosure of her direct messages is a huge red flag**.



[https://twitter.com/steveouttrim/status/1233325550753611776].

Radack continues to entice third parties, including alleged co-conspirators, to communicate with her privately via Twitter direct messages (DMs):



Plaintiff has a good faith belief that there are far more direct messages between Radack and third parties than simply those revealed by the whistleblower and **@steveouttrim**. A protective order should be entered so that these highly relevant documents can be produced without further issue or debate.

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests the Court to grant Plaintiff's motion and enter a Protective Order.


DATED:        February 28, 2020



TREVOR FITZGIBBON



By:___*/s/ Steven S. Biss*_____
        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:    (804) 501-8272
        Facsimile:    (202) 318-4098
        Email:        **stevenbiss@earthlink.net**

        *Counsel for the Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 28, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By:___/s/ *Steven S. Biss*_____
   Steven S. Biss (VSB # 32972)
   300 West Main Street, Suite 102
   Charlottesville, Virginia 22903
   Telephone: (804) 501-8272
   Facsimile: (202) 318-4098
   Email:  **stevenbiss@earthlink.net**

   *Counsel for the Plaintiff*