UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, <br><br> PLAINTIFF <br> vs. <br><br> JESSELYN A. RADACK, <br><br> DEFENDANT | Civil Action No. 3:18-cv-247-REP |

**DEFENDANT JESSELYN A. RADACK'S RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant Jesselyn Radack ("Radack" or "Defendant"), by counsel, states as follows for her Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents:

**Interrogatories**

1. Identify the following:

   a. ALL telephones, including the account holder, account number, carrier and telephone number, that Radack used to communicate with any person between April 9, 2019 and the present;

   b. ALL messenging services or applications, including, without limitation, Signal, Wire, WhatsApp, LINE, iMessage, Facebook Messenger, Telegram, Viber, Wickr, Dust, Threema, Cyphr, CoverMe and Skype, that Radack used to communicate with any person between April 9, 2019 and the present; and

   c. ALL email accounts, including, without limitation, Gmail, Protonmail, Tutanota, Hushmail, Countermail, Runbox, Kolab Now, Mailfence, Posteo, Startmail, Mailbox,

and SCRYPTmail, that Radack used to communicate with any person between April 9, 2019 and the present.

**Objections:**  This request is overly broad and unduly burdensome, and seeks information that is confidential and not relevant, nor calculated to lead to the discovery of admissible evidence, as it requests information related to communications by Radack with any person in the US and abroad regarding any topic.  The scope of this request is not relevant to the alleged actions which give rise to the claims at issue in this case.

2. Identify ALL persons to whom Radack made or published any statement of and/or concerning Fitzgibbon between April 9, 2019 and the present (excluding only legal counsel).

**Response:**   Ms. Radack suffers from memory issues which are commonly termed "cog fog" or MS-related brain fog.  This is related both to her underlying disease and the side effects of the approximately ten medications she takes to treat and manage this illness. Cog fog is also a symptom that a majority of people with MS experience.

With that caveat, since April, Ms. Radack has spoken about Fitzgibbon to:

a) Travelers Home and Marine representative Chris Newkirk;
b) Her doctors including her gynecologist and therapist;
c) Her husband;
d) Her colleague Kathleen McClellan;
e) Beth Bogaerts, a witness to Fitzgibbon's obsession with and harassment of Radack;
f) Thomas Drake, a former client and family friend.

3.  Identify ALL persons who have made or published statements to Radack of and/or concerning Fitzgibbon between April 9, 2019 and the present (excluding only legal counsel).

**Objections:** Whether third party statements are "made or published" to Radack is vague, confusing, and undefined.  To the extent Plaintiff is referring to any of Radack's social media followers, it would be impossible for Radack to determine which, if any, of her followers have made statements "of or concerning Fitzgibbon."

**Response:**  Ray Johannsen, Bailey Lamon, and Andy Stepanian have asked Ms. Radack how she is holding up given the ongoing litigation and asked if there is anything they can do to support Ms. Radack.

    4.   For each person identified in your answer to Interrogatory No. 2, describe in detail and identify ALL statements made or published by Radack to such person between April 9, 2019 and the present. For EACH such statement, identify:

    a.   Where and/or how such statement occurred, i.e., in person, by telephone, by mail, by email, by text message, via the Internet or social media;

    b.   The date(s) of ALL statements;

    c.   The identity of any and all persons present when the statements were made and/or any witnesses to the statements;

    d.   The entire substance of ALL statements that mention Fitzgibbon or that are of and/or concerning Fitzgibbon; and

    e.   PRODUCE all documents that constitute, memorialize, evidence, demonstrate, show or refer to such statements, including all emails, text messages, iMessages, direct messages, tweets, retweets, likes, posts, notes, memoranda, correspondence, minutes and records of conversations and meetings, and any and all other records.

**Objections:** The request to produce documents is not an interrogatory as defined by Federal Rule of Civil Procedure 33.

**Response:**  Notwithstanding the foregoing objection, Ms. Radack has had mostly verbal discussions with the following individuals (some discussions have occurred over Signal but Ms. Radack does not have a record of those communications). Outside of the information set forth below Ms. Radack does not recall the specific date, time, or content of the various conversations.

(a) Conversations with Chris Newkirk regarding insurance coverage related to the instant lawsuit and prior lawsuit.
(b) Conversations between Ms. Radack, her medical providers, and her husband are privileged.

(c) Ms. Radack shares an office with Kathleen McClellan, Ms. McClellan also witnessed Fitzgibbon's assault of Ms. Radack. Ms. Radack has discussed with Ms. McClellan the assault and the physical and mental toll that the prior and instant lawsuit have had on her.
(d) Beth Bogaerts has communicated to Ms. Radack conversations she previously had with Fitzgibbon which are reflected in Ms. Radack's counterclaim filed in the instant case.
(e) Thomas Drake is a former client and family friend of Ms. Radack. Ms. Radack has discussed the prior and pending lawsuits with him and Mr. Drake has given her rides to various proceedings related to this case.

### Requests for Production of Documents

1. All documents requested to be produced in and by the above Interrogatories.

**Objections:** See objections to Interrogatory Nos. 1, 3, and 4 above.

2. For purposes of determining her ability to pay punitive damages, a copy of Radack's most recent personal (individual or joint with spouse) financial statement, income and expense statement, statement of assets and liabilities, balance sheet, and/or statement of net worth.

**Objections:** This request is overbroad, unduly burdensome, and requires the production of confidential information. Radack also objects because the liquidated damages provision in the Settlement Agreement provides for specific relief if the Court were to determine a breach of the Settlement Agreement has occurred, which does not include punitive damages. Therefore, Radack's earnings and financial well-being have no relevance to the issues alleged in the pending case.

3. Radack's 2016, 2017 and 2018 federal income tax returns, together with all supporting schedules and attachments.

**Objections:** This request is overbroad, unduly burdensome, and requires the production of confidential information. Radack also objects because the liquidated damages provision in the Settlement Agreement provides for specific relief if the Court were to determine a breach of the Settlement Agreement has occurred, which does not include punitive damages. Therefore, Radack's earnings and financial well-being have no relevance to the issues alleged in the pending case.

    4. All documents that constitute, evidence or reflect communications between Radack and any person (excluding only legal counsel) that mention Fitzgibbon or that are of and concerning Fitzgibbon.

**Objections:** This request is overly broad and unduly burdensome, and seeks information that is not relevant, nor calculated to lead to the discovery of admissible evidence. This request also seeks privileged and work product information.

    5. Any document that identifies the name, physical address, mailing address, email address, and/or IP address of the user or users of the following Twitter handles, email accounts, and/or numbers:

  a. @RayJoha2;

  b. @crypto_pirate;

  c. +47 407 67 074;

  d. Raymond.Johansen@hacktivistculture.com;
     raymond.johansen@pp-international.net;
     raymond@piratpartiet.no;

  e. alt persona "Razor1911";

  f. @UptheCypherPunx;

  g. @YourAnonNews;

  h. @jimmysllama;

  i. @sparrowmedia;

  j. @Kaidinn;

  k. @AnnieDarkhorse;

l. @vcrutldczsdfa;

m. @GiveBackTheAcct;

n. @HatedByManyLOL;

o. MrMic70308@aol.com;
Manhatanite@aol.com;
Allegra@worldnet.att.net;

p. @charliearchy;

q. @Teelin;

r. @alimpersto29;

s. @welltraveledfox;

t. @foxfire2112;

u. @foxfire2113;

v. @foxfire3112;

w. @foxfire3131;

x. @YokoOnoOf301;

y. @DevonCow.

**Objections:** This request seeks information that is overbroad, not relevant, nor calculated to lead to the discovery of admissible evidence, as it requests information related to Twitter handles, email addresses, and numbers of unidentified individuals that have no relevance to the claims set forth in the pending lawsuit.

6. Copies of any tweets, retweets, likes, shares, posts, blogs, photographs, message or written content of any kind or nature posted by Radack or by anyone acting on her behalf between April 9, 2019 and the present on Twitter, Facebook, YouTube and/or any other social media platform or service that mention Fitzgibbon or that are of and concerning Fitzgibbon.

6

**Response:** The only posts which Ms. Radack is aware are those contained in the instant lawsuit (many of which we dispute are of or concerning Fitzgibbon).

7. Bills, invoices and/or other records sufficient to identify all calls made by Radack from any telephone, iPhone, iPad, Blackberry, smartphone, or other media device between April 9, 2019 and the present to any person or entity (excluding only legal counsel).

**Objections:** This request seeks information that is confidential, overbroad, not relevant, nor calculated to lead to the discovery of admissible evidence, as it requests information regarding all calls to any person, business or personal, made by Radack regarding any topic.

8. Any day-timer, calendar (paper or electronic), or appointment book kept or maintained by Radack between April 9, 2019 and the present.

**Objections:** This request seeks information that is confidential, overbroad, not relevant, nor calculated to lead to the discovery of admissible evidence, as it requests information regarding all appointments made by Radack with any person, business or personal, related to any event or occurrence.

9. All documents received by Radack from any third-party, whether in response to a subpoena *duces tecum* or otherwise, that mention Fitzgibbon, that are of and/or concerning Fitzgibbon, or that relate to the allegations in Fitzgibbon's amended complaint and/or Radack's counterclaim.

**Response:** Any and all documents responsive to this request will be produced at a mutually agreeable date and time.

Respectfully submitted,

  /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of December 2019, the foregoing document was sent via email and First-Class postal mail to:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
stevenbiss@earthlink.net

    /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*