UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, ) <br> ) <br> Plaintiff, ) <br> ) Civil Action No. 3:19-cv-477-REP <br> vs. ) <br> ) <br> JESSELYN A. RADACK, ) <br> ) <br> Defendant. ) | |

**OPPOSITION TO MOTION TO SUPPLEMENT SECOND AMENDED COMPLAINT**

Defendant, Jesselyn A. Radack ("Radack"), by counsel, hereby files her Opposition to Plaintiff, Trevor Fitzgibbon's ("Plaintiff" or "Fitzgibbon") Motion to Supplement Second Amended Complaint (the "Motion"), and in support thereof states as follows:

**INTRODUCTION**

Plaintiff's Motion should be denied because none of the "new" allegations cure the litany of substantive and jurisdictional defects raised in Radack's three pending and fully briefed Motions to Dismiss. The "new" allegations are also based upon tweets and direct messages that either: (i) have been in the public domain for almost a year, which is well before the first version of the complaint was even filed by Plaintiff, and therefore do not fall within the confines of a "supplement" under Fed. R. Civ. P. 15(d); or (ii) have been intentionally doctored to remove the participants names, the time/date stamp, and the complete conversation, making it impossible to understand when the alleged messages were sent, by whom, and the context of the conversation. Thus, Plaintiff's futile and dilatory attempt to "supplement" his Second Amended Complaint should be disallowed.

## PROCEDURAL HISTORY

The procedural history of this case illustrates the first, second, and third bite at the apple Plaintiff has had to compile his allegations and attempt to state a claim upon which relief may be granted. Plaintiff's belated attempt to file yet another version of a complaint which still has substantial jurisdictional and substantive deficiencies serves only to unnecessarily increase the expense of this litigation and prolong the ultimate determination of the dispositive issues which are ripe for decision by this Court. On June 28, 2019, Plaintiff filed his original Complaint against Radack which, at best, seeks redress for a breach of contract claim the remedy for which is governed by an unambiguous liquidated damages clause included specifically to avoid further litigation. Dkt. No. 1. In response, Radack filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12 (b)(1), (b)(2), and (b)(6). Dkt. No. 6. Plaintiff then unilaterally amended his complaint on September 29, 2019. Dkt. No. 13. This Amended Complaint attempted to address the jurisdictional deficiencies raised in Radack's Motion to Dismiss but instead only added more rambling, incoherent, and conclusory allegations lacking any factual basis. More importantly, the majority of the amendments to the Amended Complaint had no relevance to the pled causes of action or the jurisdictional analysis before the Court.[1] *Id.* Radack then filed on October 15, 2019, another Motion to Dismiss for lack of personal jurisdiction, subject matter jurisdiction, and failure to state

---

[1] For example, Plaintiff's Amended Complaint on page 6 adds a YouTube link to Radack's Interview with Rico Brouwer in September of 2019 which occurred in Washington, DC after the original complaint was filed and therefore has no relevance to any jurisdictional inquiry. Additionally, Plaintiff's Amended Complaint on page 6 adds a link to a September 27, 2019, MSNBC interview of Radack which also occurred in Washington, DC after the original complaint was filed and therefore, again, has no relevance to any jurisdictional inquiry. Plaintiff also includes on page 6 a footnote wherein he asserts that "Radack publicly represents that she is counsel for Snowden" then erroneously concludes that she represents Snowden in a criminal case pending in Virginia, which is not what Radack represented and constitutes a gross, and likely intentional, misrepresentation of Radack's statement. It is common knowledge that attorneys can represent clients in a variety of capacities and Radack is not, and has never been, a criminal attorney and therefore has never appeared in any criminal case in Virginia on behalf of Snowden, or any other whistleblower. This is only one example of the patently erroneous statements that Plaintiff and his counsel have continually repeated throughout the pleadings in this case which suggests that Plaintiff is attempting to intentionally mislead this Court.

a claim upon which relief may be granted, again illustrating the numerous jurisdictional and substantive defects which remained in the Amended Complaint. Dkt. No. 17.

On October 17, 2019, the Court ordered Radack to file separate motions and memoranda for each basis supporting dismissal of Plaintiff's Amended Complaint. Dkt. No. 20. On October 23, 2019, Radack filed three separate Motions to Dismiss and then subsequently filed three Reply Briefs for each respective Motion to Dismiss. Dkt. Nos. 25, 27, 29, 37, 38 and 29. At the Initial Pretrial Conference in this case, the Court acknowledged the numerous defects in Plaintiff's Amended Complaint and, at Plaintiff's request, ordered Plaintiff to file his Second Amended Complaint by December 10, 2019. Dkt. No. 43. Despite the foregoing, Plaintiff was still unable to cure the defects in his complaint and Radack for the third time sought dismissal under Rule 12(b)(1), (2), and (6) as a result of the jurisdictional and substantive deficiencies. Plaintiff opposed each Motion to Dismiss. Radack then filed three Reply briefs and at this point, all three Motions to Dismiss are fully briefed and ripe for decision. Plaintiff now seeks to amend his complaint yet again. Dkt. Nos. 58, 59, 61. To allow Plaintiff to amend for the third time (which would be the fourth version of the complaint) would require Radack to file a new set of dispositive motions which is costly, unduly burdensome, and prejudicial at this late stage of the case.[2] Plaintiff has tendered no legitimate justification for this belated and futile attempt to file a fourth version of his complaint. Defendant respectfully submits that these efforts to harass Radack and to delay and needlessly increase the cost of litigation should be disallowed by this Court.

---

[2] Discovery closes in this case on May 8, 2020, and the trial is scheduled to begin July 13, 2020.

I. **THE COURT SHOULD DENY THE MOTION AS FUTILE BECAUSE THE PROPOSED AMENDMENTS DO NOT CURE THE DISPOSITIVE BARRIERS TO RELIEF.**

Plaintiff's proposed "supplements" do not change the deficiencies raised by Radack in her three pending Motions to Dismiss before this Court. Therefore, amending or supplementing the complaint would be a hollow exercise that would not avert dismissal of the lawsuit. First, the additional allegations do not change the fact that Plaintiff has failed to establish that Radack is even subject to personal jurisdiction in Virginia. Dkt. No. 46. Second, the additional factual allegations, even if true (which Radack disputes), do not change the fact that the $4,500,000 in damages claimed by Plaintiff in his Breach of Contract (Count II), Defamation *Per Se* (Count III), and Common Law Conspiracy (IV) (the three causes of action he wishes to amend) claims are barred by the liquidated damages clause in the settlement agreement and as a result this Court lacks subject matter jurisdiction. Dkt. No. 48. Third, even with the proposed additions to Plaintiff's defamation *per se* claim it still fails as a matter of law because it does not involve "actionable" statements as explained in Radack's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Dkt. No. 51.

Lastly, Plaintiff's attempt to "supplement" his conspiracy claim is futile because it is still based upon nothing more than pure speculation and conjecture. For example, Plaintiff alleges on p. 7 of the Motion that Raymond Johansen, a non-party to this lawsuit, republished "false and defamatory statements about Fitzgibbon that were originally published by Radack in May 2018, showing concerted action between Radack and Johansen," Plaintiff then includes an image of a post by Johansen about Fitzgibbon on February 4, 2020, but includes no explanation of what alleged "statements about Fitzgibbon were originally published by Radack in May of 2018." A post by a third-party about Fitzgibbon without more does not establish any factual basis for the conclusion of "concerted action between Radack and Johansen." Even assuming, *arguendo,* that

Johansen had republished a statement by Radack made two years prior, that fact does not support the conclusion that a conspiracy exists between Radack and Johansen.

On page 7 of the Motion, Fitzgibbon includes an image of a post by account @HatedByManyLOL, a non-party, who makes a statement about Fitzgibbon and then tags Radack. Plaintiff fails to explain how the existence of a third-party tweet that tags Radack and three other random individuals supports a claim for conspiracy. Plaintiff's logic is that that every time a third-party posts information which casts Plaintiff in a negative light, this posting is evidence of a conspiracy involving Radack. This litany of third-party posts will result in a never-ending torrent of revisions and amendments to Plaintiff's complaints, none of which would result in Plaintiff clearing the pleading hurdles required by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007). In sum, even with the additional allegations, the Second Amended Complaint remains devoid of any facts which would support a plausible inference that Radack conspired with anyone.

The fact that Plaintiff cannot cure these known deficiencies despite the previous three opportunities to do so supports denial of Plaintiff's motion to amend or supplement yet again. *See, e.g., Glaser v. Enzo Biochem, Inc.,* 464 F.3d 474, 480 (4th Cir. 2006) (no abuse of discretion in denying motion to amend because plaintiffs had "many opportunities to present their claim," where plaintiffs had several months of pre-complaint discovery and had set forth four iterations of their complaint); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (Court possessed discretion to deny a motion to amend "if permitting an amendment would . . . result in futility for lack of merit.").

### II. THE COURT SHOULD DENY THE MOTION AS FUTILE BECAUSE NONE OF THE ALLEGED SOCIAL MEDIA OFFENSES ARE DEFAMATORY, BREACHES OF THE SETTLEMENT AGREEMENT, OR INDICATIVE OF A CONSPIRACY.

In order to properly analyze Plaintiff's Motion, it is necessary to look to both Fed. R. Civ. P. 15(a) and 15(d). Federal Rule of Civil Procedure 15(a) pertains to amendments and permits a party to amend a pleading once as a matter of course before a responsive pleading is served. After that opportunity has passed, the party may amend only by leave of court. Fed. R. Civ. P. 15(a)(2). A request to amend should only be denied if one of three facts is present: the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile. *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006). All three of which are present here.

Federal Rule of Civil Procedure 15(d) pertains to supplements and applies in more limited circumstances and provides that "the court may, **on just terms,** permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happed *after* the date of the pleading to be supplemented." (emphasis added). *Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.,* 377 U.S. 218, 227, 84 S. Ct. 1226, 12 L. Ed. 2d 256 (1964) ("Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit."). A supplement is futile where the supplemental pleading could not survive a motion to dismiss. *See Perkins v. United States,* 55 F.3d 910, 917 (4th Cir. 1995); *Miller v. Jack*, No. 1:06-CV-64, 2007 U.S. Dist. LEXIS 29192, 2007 WL 1169179, at *1 (N.D.W. Va. Apr. 19, 2007).

Although difficult to discern from the largely disjointed compilation of alleged social media offenses, it appears that the "supplement" can be broken down into several categories. The first category concerns Radack's emails with third parties. Motion at 7-8. Plaintiff alleges that Radack's act of forwarding publicly filed pleadings to three individuals which include Eugene

6

Volokh, Raymond Johansen, and Bailey Lamon, is somehow a violation of the Settlement Agreement. *Id.* Eugene Volokh is an interested party in this lawsuit and pursuant to the Court's docket he receives notices of all filings in this case. The other individuals can also freely access all of the pleadings in case, and likely have an interest in doing so, because they are named in Plaintiff's Subpoena issued to Twitter on December 21, 2019. Radack cannot "publish" documents that are already filed and publicly accessible and Radack's circulation of previously filed pleadings via email does not violate any term of the Settlement Agreement. Paragraph 4(c) of the Settlement Agreement only prohibits a party from publishing "disparaging comments or words that would cause or contribute to such Party being held in disrepute by the public." Dkt. No. 62. Given that nothing was published, must less disparaging, Plaintiff's request to supplement his complaint on this basis is futile.[3]

The second category entitled "Radack's Private Direct Messages" contains snippets of alleged direct messages that suffer from a host of irregularities. Plaintiff alleges that on or about June 8, 2019, which is before the filing of Plaintiff's first, second, and third versions of the complaint, Radack sent direct messages to an unidentified individual about Plaintiff.[4] Yet, the date/time stamp is manipulated so that the date is not shown on any of the images. The direct messages have also been doctored so that not only does the identity of the "whistleblower" not appear but neither does the full conversation. Plaintiff only chooses to include certain messages with his own self-serving commentary regarding what was allegedly being discussed. This is especially concerning because the message on page 14 of Plaintiff's Motion states that the alleged

---

[3] On page 8 of Plaintiff's Motion, under the heading "Radack's Emails with Third Parties," the Motion refers to social media posts, not emails, and it is unclear how these are related to the foregoing emails.
[4] Plaintiff alleges that the "identity of the whistleblower is redacted to protect him from retaliation by Radack and her agents" which is nothing more than a transparent attempt to bolster Plaintiff's fabulist narrative that Radack is a cyberbully.

7

"whistleblower" is an attorney, therefore omitting the full conversation makes it not only impossible to understand the context of the conversation but also whether a privilege may apply. Even if the foregoing irregularities could be overcome, there is no explanation as to why this information was not available or included in any prior version of the complaint. Plaintiff's manipulation of the direct messages evidences bad faith and his attempt to "supplement" the complaint with occurrences that Plaintiff alleges happened *before* the original complaint was filed do not fall within the confines of Rule 15(d) and should be disallowed.

The third category entitled "Additional Archived Tweets" concerns tweets from May and June of 2019. These tweets predate by more than six months the pleading to be "supplemented"— which is the Second Amended Complaint filed on December 10, 2019. Again, there is no explanation as to why these tweets were not available or included in any of the three prior versions of the complaint. Plaintiff only claims that they were "recovered from Twitter's archives," which is spurious at best because Twitter has not produced this information to Plaintiff. Motion at 15. In response to Plaintiff's Subpoena seeking information from Twitter concerning Radack's social media account, both Twitter and Radack have each filed Motions to Quash which are currently pending. *See In Re: Twitter, Inc.* (Case No. 3:20-mc-00005-REP), Dkt. Nos. 2 and 15. Therefore, it is disingenuous, and misleading, to state that anything was "recovered from Twitter's archives" concerning Radack when Twitter's Motion to Quash makes clear that no content has been produced. *Id.* at Dkt. No. 2.

Lastly, Plaintiff's suggests that four tweets which appear on pages 2-6 of the Motion are defamatory. Yet, none of these "statements" could possibly be construed as defamatory or a breach of the settlement agreement. The first tweet by @WhoPaysBiss is a statement by a third-party about the Subpoena issued by Fitzgibbon to obtain the communications of third-parties who have

no nexus to this lawsuit. This issue is addressed and discussed at length in Radack's Motion to Quash the Subpoena and Radack's Motion for Sanctions in addition to Twitter's Motion to Quash and the Amicus Brief Supporting Twitter's Motion to Quash filed by Public Citizen, Inc. *See In Re: Twitter, Inc.* (Case No. 3:20-mc-00005-REP) Dkt. Nos. 2, 15, 16 and 20. The fact that Radack liked a post that simply states that third parties are being involved in this lawsuit to which they have no connection is neither inaccurate, a breach of the settlement agreement, or defamatory. It is also subject to the absolute judicial privilege as discussed in more detail *infra.*

The second tweet is a list of seven lawsuits filed by Steven S. Biss which is not by any stretch of the imagination a breach of the settlement agreement or defamatory. The third tweet is a statement by Radack that a prior lawsuit against her has been dismissed which is not only a true statement but subject to the absolute judicial privilege. Under Virginia law, the absolute judicial privilege applies to alleged defamatory statements (i) made in connection with a judicial proceeding, and (ii) relevant to the judicial proceeding. *See Donohoe Constr. Co. v. Mount Vernon Assocs.*, 235 Va. 531, 369 S.E.2d 857, 860 (Va. 1988) (the absolute privilege is "broad and comprehensive, including within its scope all proceedings of a judicial nature, and includes any proceeding for the purpose of obtaining such remedy as the law allows" (citation omitted)). "Because its purpose is to encourage unrestricted speech in litigation, the Supreme Court of Virginia has 'extended the application of the absolute privilege well beyond the actual courtroom.'" *Rodarte v. Wal-Mart,* No. 6:12-cv-00055, 2013 U.S. Dist. LEXIS 64458, *16 (W. D. Va. May 6, 2013) (*quoting Lindeman v. Lesnick,* 268 Va. 532, 604 S.E.2d 55, 58 (Va. 2004)). In Virginia the absolute privilege has been applied specifically to written correspondence. *See, e.g., Mansfield v. Bernabei,* 727 S.E.2d 69, 74-75 (2012) (absolute privilege applied to alleged defamation contained in letter and draft complaint); *West v. Marjorie's Gifts, Inc.*, 529 F.2d 518 (4th Cir. 1975) (absolute

9

privilege applied to alleged defamation published via letter).  Radack's comment about the prior lawsuit she was involved in is unequivocally relevant to the current lawsuit and constitutes protected speech under the absolute judicial privilege.  The last tweet referenced by Plaintiff on page 6 of the Motion is by a third party @jimmysllama about witness testimony in the instant case which was liked by Radack and which also falls within the absolute judicial privilege.  For all of the foregoing reasons, this Honorable Court should exercise its discretion and deny Plaintiff's Motion to Supplement his Second Amended Complaint as it is both dilatory and futile.

      WHEREFORE, Defendant, Jesselyn A. Radack requests that this Court deny Plaintiff's Motion to Supplement Second Amended Complaint and for such other and further relief as this Court deems appropriate and just.

Dated:  March 6, 2020

                                                      Respectfully submitted,

                                                      /s/ D. Margeaux Thomas
                                                  D. Margeaux Thomas (VSB #75582)
                                                  The Thomas Law Office PLC
                                                  11130 Fairfax Blvd., Suite 200-G
                                                  Fairfax, VA 22030
                                                  Telephone: 703.957.2577
                                                  Facsimile: 703.957.2578
                                                  Email: mthomas@thomaslawplc.com
                                                  *Counsel for Defendant Jesselyn A. Radack*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2020, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

/s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)