UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| Plaintiff, | ) ) ) Civil Action No. 3:19-cv-477-REP |
| vs. | ) ) |
| JESSELYN A. RADACK, | ) ) |
| Defendant. | ) ) |

### DEFENDANT JESSELYN RADACK'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Defendant, Jesselyn A. Radack ("Radack"), by counsel, hereby files her Memorandum in Support of Motion to Strike Plaintiff, Trevor Fitzgibbon's ("Plaintiff" or "Fitzgibbon") Motion for Protective Order (the "Motion"), and in support thereof states as follows:

### ARGUMENT

Plaintiff's backdoor attempt to escape the strictures of Fed. R. Civ. P. 37 and this Court's Scheduling Order by recasting this discovery dispute as a request for a protective order is misguided and unavailing. Procedurally, Rule 37 provides a party with the option to move to compel requested discovery. Pretrial Schedule A, which is incorporated into the Scheduling Order entered by this Court on November 1, 2019, provides guidance on the steps a party is required to take to resolve a discovery dispute. Dkt. No. 33-1. This Court's Order provides in pertinent part that "*[c]ounsel are expected to resolve discovery disputes without filing pleadings or involving the court.*" *Id.* (emphasis added). The Order goes on to state that if "*after good faith effort, counsel are unable to resolve disputes, they will be resolved, if at all possible, in a telephone conference without the filing of pleadings.*" *Id.* (emphasis added). Here, opposing counsel has

1

made no attempt to resolve this discovery dispute via telephone conference with the Court, without the filing of pleadings, or in accordance with the procedures set forth in this Court's Scheduling Order. Instead, Plaintiff has contumaciously disregarded the applicable rules and Court Order, and requests that this Court compel Radack to produce information under the guise of a Rule 26(c) protective order; a Rule which is inapplicable to the relief sought by Plaintiff in his Motion.

Primarily, a motion for a protective order under Rule 26(c) is intended to *prevent* disclosure of certain information or *protect* a party from annoyance, embarrassment, or oppression. Pursuant to Fed. R. Civ. P. 26(c)(1) "[a] party or any person **from whom discovery is sought** may move for a protective order in the court where the action is pending." (emphasis added). The Rule goes on to state that the Court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party objecting to the production of discovery has the burden of establishing good cause for the protective order and "must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought." *Nix v. Sword,* 11 Fed. Appx. 498, 500 (6th Cir. 2001).

Here, Plaintiff is not the party or person "from whom discovery is sought" as required by Rule 26(c). Nor, would the entry of the protective order proposed by Plaintiff, see Dkt. No. 66-1, protect Radack from the injury, undue burden, oppression, and embarrassment she would inevitably suffer if required to produce the requested information which is precisely the overbroad fishing expedition that the rules prohibit. The substantial defects raised by Radack in response to Plaintiff's discovery requests are not limited to confidentiality concerns. Tellingly, Plaintiff has not attached to his Motion any of the lengthy correspondence from undersigned counsel explaining why the subject discovery is either already in possession of Plaintiff or is not subject to production

due to the fact that it is irrelevant, unduly burdensome, or protected by attorney-client privilege and work product.[1]

Plaintiff's attempt to sidestep all of the valid objections raised by Radack pertaining to the subject discovery, including those raised in Radack's Motion to Quash filed in connection with the Subpoena issued by Plaintiff to Twitter, Inc. which requests similar objectionable information, by framing the issue before the Court as one solely concerning confidentiality is deceptive and misleading. *See In Re: Twitter, Inc.* (Case No. 3:20-mc-00005-REP), Dkt. No. 15. For example, in response to Request for Production No. 4, Radack objects for several reasons including that the request is "overly board and unduly burdensome, and seeks information that is not relevant, nor calculated to lead to the discovery of admissible evidence [and] seeks privileged and work product information." *See* Exh. A to Plts. Mot.

The issuance of a protective order that only potentially addresses one of the many fatal defects concerning Plaintiff's discovery requests, i.e. confidentiality, would not resolve, or even address, the numerous other defects raised by Radack in connection with Plaintiff's discovery requests. The issuance of a protective order compelling Radack to produce information would not, as Plaintiff suggests, provide a means for Radack to "produce the documents without further excuse or delay" or "moot Twitter's motion to quash." Plts. Mot. At 9. The pertinent information that this Court would need to resolve this discovery dispute has not been properly presented by Plaintiff for consideration to this Court. This Court should not be misled into considering the

---

[1] For example, with respect to Plaintiff's request for financial statements and tax returns, this issue was addressed in Radack's discovery responses and also via letter to Plaintiff's counsel dated February 12, 2020. In the February 12, 2020, letter it was explained that Radack filed for bankruptcy last year and that in connection with her bankruptcy Radack filed publicly a summary of all of her assets and liabilities under oath. She also filed monthly operating reports during the pendency of that case. Therefore, even assuming *arguendo,* that Plaintiff had a viable punitive damage claim, Plaintiff would already have in his possession all the financial information needed to allow him to assess Radack's ability to pay punitive damages. This was one of the many discovery issues addressed in undersigned counsel's February 12, 2020, letter which Plaintiff unabashedly doesn't even mention in his Motion.

substantive discovery issues made by Plaintiff which are woven into the instant Motion in an attempt to bypass both the applicable both the Federal Rules and the procedures outlined in Section II(B) of the Scheduling Order.[2] For these reasons, Radack requests that this Court grant her Motion to Strike Plaintiff's Motion for Entry of Protective Order.

WHEREFORE, Defendant, Jesselyn A. Radack requests that this Court strike Plaintiff's Motion for Entry of Protective Order and for such other and further relief as this Court deems appropriate and just.

Dated: March 11, 2020

Respectfully submitted,

/s/ D. Margeaux Thomas

D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*

[2] Plaintiff's reliance upon *Lucas v. Jolin,* No. 1:15-cv-108, 2016 U.S. Dist. LEXIS 64098 (S.D. Oh. May 16, 2016) for the proposition that private communications (direct messages) can be compelled if not produced by Radack is misplaced. The issue before the *Lucas* Court was not raised in a motion for protective order filed by the party seeking the discovery. Furthermore, the information at issue was email correspondence, not direct messages, as in the instant case. Moreover, the District Court considered relevancy, breadth, and other substantive issues before the Court made any findings related to the discovery dispute. None of these issues are properly before the Court in the instant case. Lastly, the Court only compelled the Plaintiff to produce email correspondence between itself and a former independent contractor, not unrelated individuals who have no relevance to the case as requested by Plaintiff here. As such, the holding in the *Lucas* case is of no relevance to this case.

## CERTIFICATE OF SERVICE

I hereby certify that on March 11, 2020, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

    /s/  D. Margeaux Thomas
    D. Margeaux Thomas (VSB #75582)