IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

TREVOR FITZGIBBON           )
                            )
        Plaintiff,          )
                            )
v.                          )              Case No. 3:19-cv-477-REP
                            )
                            )
JESSELYN A. RADACK          )
                            )
        Defendant.          )
_____)

# REPLY IN FURTHER SUPPORT OF
# MOTION TO SUPPLEMENT/AMEND
# SECOND AMENDED COMPLAINT

Plaintiff, Trevor Fitzgibbon, by counsel, pursuant to Local Civil Rule 7(F), respectfully submits this Reply to the opposition [*ECF No. 68*] to Plaintiff's motion to supplement second amended complaint filed by defendant, Jesselyn Radack ("Radack").

1.      Leave to amend or supplement a pleading under Rule 15 should be freely given to further the ends of justice. *See, e.g., Franks v. Ross*, 313 F.3d 184, 198 fn. 15 (4th Cir. 2002)

2.      Plaintiff filed his second amended complaint on December 10, 2019. Since that time, Plaintiff has discovered, through revelations of a whistleblower and through a search of Twitter's archives, that Radack has made additional statements about Plaintiff that breach the settlement agreement and, independently, constitute defamation.

3.      Contrary to Radack's suggestion, her private direct messages with third parties are not, and never have been, "in the public domain".

1

4.     Plaintiff did not know that Radack was defaming him to third parties because Radack has refused to produce her direct messages with third parties.  Moreover, she failed to identify the whistleblower in response to a discovery request.

5.     Contrary to Radack's suggestion, her DMs with the whistleblower have **<u>NOT</u>** been "doctored" or "manipulated" in any way.  There are **<u>NO</u>** "irregularities".  The name of the whistleblower will be revealed to the Court and/or to counsel for Radack upon entry of an appropriate Protective Order.   Plaintiff's concern is that the whistleblower will be subject to the same extreme harassment that Plaintiff has been subjected to by the persons alleged to be acting in concert with Radack.  The threats and attacks and on Plaintiff and his counsel occur almost daily, *e.g.*:

 **Raymond Johansen**
@RayJoha2

The lawyer called Steven S. Biss is a tool for @DevinNunes and we all be hit by their feelings of impunity. I think that the American people need to embrace the @DevinCow and shove a Mexican rotating cactus up Nunes backside. ☠️ 🌪️ 🦝

 **Raymond Johansen** @RayJoha2 · 15h

Why hanging with #TrevorFitzgibbon is not such a good idea, The Series.

(You should have thought twice about who you target, @TrevorFitzgibbon  j/s)

In this thread I will ask legitimate questions meant to give serious pause to the people that fell 4 ...

Show this thread

4:09 PM · Mar 11, 2020 · Twitter Web App

2

6.     Contrary to Radack's suggestion, no "privilege" attaches to her communications with the whistleblower.   The whistleblower is a lawyer, but not Radack's lawyer.  And, the "absolute privilege"  applicable to communications published in judicial proceedings does not apply to _**any**_ of Radack's extra-judicial tweets, retweets, replies and likes published on Twitter or to third parties.

7.     None of the proposed amendments is futile.  The emails, direct messages and archived tweets[1] are relevant to Plaintiff's claims of breach of contract and defamation.  To be clear, the settlement agreement, *inter alia*, provides as follows:

> a.     The Parties each covenant and agree that they will not tweet, retweet, reply, like or otherwise post anything on Twitter, Facebook, YouTube or any other social media platform, or any other print or media outlet, that mentions the other or that is of and concerning the other.  For purposes of this Agreement, a statement is "of and concerning" a Party if the publication was intended to refer to him/her and would be so understood by persons reading it who knew him/her or if the publication was in its description or identification such as to lead those who knew or knew of the Party to believe that the statement was intended to refer to him/her.

Radack is not supposed to post "anything" on Twitter that mentions Plaintiff.  Radack's tweets, retweets, replies and likes that mention Plaintiff or that are of and concerning him most certainly violate the express terms of the settlement agreement.  Radack raises no statute of limitations issue because each of the amendments and additions proposed by Plaintiff is within the one-year statute.

8.     The fact that Radack "disputes" the allegations in Plaintiff's proposed Statement of Additional Claims is not surprising, but it is also not grounds to deny Plaintiff's motion to supplement/amend.  It is very hard to understand how Radack can deny the she sent the direct messages to the whistleblower or tweeted the statements, but

---

[1]     Radack does not dispute that she published the tweets and then deleted them.  Plaintiff attempts to take screenshots of Radack's tweets, but her practice of tweeting and deleting sometimes evades capture.

if Radack can deny these allegations consistent with her obligation to comply with Rule 11, then discovery would be needed to authenticate the direct messages and obtain copies of the tweets from Twitter. This is one of the reasons Plaintiff subpoenaed Twitter.

9.      The statements Radack published in her direct messages to the whistleblower are most certainly capable of a defamatory meaning. She claims to be one of Plaintiff's "victims". She accuses him of "YEARS of stalking". She accuses him of "violat[ing]" her in a "sexual" way.

10.     Finally, Plaintiff seeks to add additional facts that show Radack is working in concert with third parties, including Raymond Johansen, to defame Plaintiff. As the Court knows, on May 23, 2018, Radack republished a link to a radio broadcast called "Publicists for Predators", in which Plaintiff was referred to as a "rapist" and a "sexual predator". [*See Case 3:18-cv-247-REP (Document 60 – Second Amended Complaint, ¶ 43)*]. On February 4, 2020, Johansen tweeted the same broadcast – "Publicist for Predators" – calling it the "Fitzgibbon narrative". The fact that Radack and Johansen are using the same words in tweets and tweeting the same material about Plaintiff is yet further circumstantial evidence of concerted action between Radack and Johansen.

## CONCLUSION

For the reasons stated above, Plaintiff requests leave to file his Statement of Additional Claims, which will supplement the second amended complaint to add the tweets, retweets, replies, likes, *and* private DMs mentioned above.

In the alternative, Plaintiff requests leave to file a third amended complaint to include the additional breaches of contract and acts of defamation.

DATED:        March 12, 2020


                    TREVOR FITZGIBBON



                    By:___/s/ *Steven S. Biss*_____
                              Steven S. Biss (VSB # 32972)
                              300 West Main Street, Suite 102
                              Charlottesville, Virginia 22903
                              Telephone:     (804) 501-8272
                              Facsimile:     (202) 318-4098
                              Email:         **stevenbiss@earthlink.net**

                              *Counsel for the Plaintiff*




## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.



                    By:___/s/ *Steven S. Biss*_____
                              Steven S. Biss (VSB # 32972)
                              300 West Main Street, Suite 102
                              Charlottesville, Virginia 22903
                              Telephone:     (804) 501-8272
                              Facsimile:     (202) 318-4098
                              Email:         **stevenbiss@earthlink.net**

                              *Counsel for the Plaintiff*