IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TREVOR FITZGIBBON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-477-REP |
| ) | |
| ) | |
| JESSELYN A. RADACK ) | |
| ) | |
| Defendant. ) | |
| ) | |

# REPLY IN SUPPORT OF
# MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff, Trevor Fitzgibbon, by counsel, pursuant to General Order No. 2020-03, the Court's Order entered March 18, 2020 [*ECF No. 72*] and Local Civil Rule 7(F), respectfully submits this Reply to defendant, Jesselyn Radack's ("Radack"), motion to strike/opposition [*ECF No. 69*] to Plaintiff's motion for entry of a protective order.

## I. INTRODUCTION

As a party, Plaintiff clearly has standing to seek a protective order for any of the reasons stated in Rule 26(c)(1). *See, e.g., In re Subpoena for Documents Issued to ThompsonMcMullan, P.C.*, 2016 WL 1071016, at * 3 (E.D. Va. 2016). Rule 26(c)(1) plainly states that "[a] party ***or*** any person from whom discovery is sought may move for a protective order in the court where the action is pending". *Fed.R.Civ. P. 26(c)(1)* (emphasis added). Rule 26(c)(1) also authorizes the District Court for "good cause shown" to issue an order "to protect a party or person from annoyance, embarrassment,

1

oppression, or undue burden or expense". Rule 26(c)(1) does not limit the District Court's inherently authority to enter a protective order to facilitate discovery.

Prior to filing this motion, the parties, by counsel, conferred about the motion. Radack refused to consent to the entry of a protective order.

## II. DISCUSSION

There are numerous reasons the Court should enter a Protective Order:

1. **Radack has requested confidential information from Plaintiff in discovery**. Plaintiff requests the entry of a protective order forbidding disclosure of certain information to Radack, *i.e., the name of the whistleblower*, specifying terms for the disclosure of confidential and ATTORNEY"S EYES ONLY information, and limiting Radack's ability to disclose confidential information to non-parties. *Rule 26(c)(1)(A-E)*. For example, in her first discovery requests,[1] Radack broadly sought copies of "all documents in your possession relating in any way to the subject matter or allegations contained in the Amended Complaint" and "all documents, including any notes, diaries, journals and/or correspondence (including text messages), relating to any discussions, conversations or communications you had with anyone concerning or supporting the claims or allegations in the Complaint", which may include Fitzgibbon's medical records and communications with health care providers. In her second discovery requests, Radack specifically seeks, *inter alia*, documents and information that identifies the whistleblower, communications relayed by a third party witness, Plaintiff's telephone records, tax returns, financial statements, and other records that contain sensitive personal, proprietary and/or financial information and material that is not generally

---

[1] True copies of Radack's first and second discovery requests to Plaintiff are attached as *Exhibits "A" and "B"*.

2

known to the public and that is the subject of efforts by the parties, respectively, that are reasonable under the circumstances to maintain the confidentiality of such material. The Court should enter a protective order in this action.[2]

2. **Disclosure should be limited in order to prevent harassment, intimidation and interference with both Plaintiff, Plaintiff's witnesses,** *and* **Plaintiff's counsel**. *See Rule 26(c)(1)(A-E)*. Since April 16, 2018, at least one of Radack's alleged confederates, Raymond Johansen ("Johansen"), has repeatedly threatened to hack and harm Plaintiff. Johansen is a hacker reputed to be connected to the group "Anonymous". Johansen prepared a "Report on Trevor Fitzgibbon and the law suit against Jesselyn Radack" in which he advised Radack as follows:

> OpSec, PerSec
> At no point can you guys communicate about ANY of this outside Protonmail, Wire or Signal. Even with your lawyers. Some of the information in this document has been obtained using techniques that would result in a CFAA charge in the US. When refering to me in any documents use either researcher, source 1 or the alt/persona Razor1911.
>
> My crew will continue to dig. Lastly and more importantly, if any of you two see me tweet or post something that contains #2992 or #1911 - do NOT interact in any way shape or form with the posts/tweets. It is how my crew communicates openly denying even Equation Group (NSA) the ability to ident my crew members. Its an old school way of communicating similar to how the CIA use(d) classified ads and numbers stations. (The latter still in use to this day)
>
> Non of this should make you stressed or feel panic. You should instead be happy that you have the strongest friends there is in our world. We have run counter intel for two decades and not one single one of my crew members has ever been identified or even charged despite us being the target of the longest running op in FBI history. Operation Buccaneer.
>
> …
>
> Lastly> Please share any and all public attacks on your person so I can have my crew fuck with them to such a degree they will not have time to mess with you. Non of that will ever be connected to you - nor I.
>
> Global Pirate Activist
> Raymond Johansen

---

[2] In the first action between the parties, Case 3:18-vb-247-REP, the Court entered a Stipulated Protective Order. [*Case 3:18-cv-247-REP (ECF No. 27)*]. It speaks volumes that Radack refuses to stipulate to the entry of a protective order in this case.

On January 30, 2020, while the parties were in a mediation, Johansen tweeted the following message, which Plaintiff believes is an order for Johansen's "crew" to hack Plaintiff and possibly Plaintiff's attorney's computers:



On February 6, 2020, Johansen tweeted the following message:



> **Raymond Johansen**
> @RayJoha2
>
> #2992 // halt all on .ch/UN OSINT target immediately. reason for termination of all ops including chat or any approach: serious long standing health issues with subject leading to immense suffering. ref procedure: d.n.harm chpt. 3
>
> scrub all on 1 and 5 and refocus on 2108 VA
>
> 10:18 AM · Feb 6, 2020 · Twitter Web App

On March 13, 2020, a third party published an interview with Johansen. During this interview, Johansen expressly confirmed the hacking operation. Johansen threatened Plaintiff's counsel. Beginning at 1:44:05 of the interview, Johansen point blank states as follows:

> "It's just like this – **I want Biss fucked**. And I want Trevor to go away and stop harassing us and Jesselyn Radack … I'm gonna let you in on a little secret: there are from 20 to 45 people on different crews working on this and have been for maybe six or eight weeks now. And you know … we like to name operations or OPS as we call it. And the OP is called OP BISS".

(Emphasis added). Beginning at 2:16:02 of the interview, Johansen clarified as follows:

> "It should be clear what I want. I want the goddamn Subpoena [to Twitter] gone. I want the harassment of Jesselyn Radack to stop. I want Biss to not have a law license anymore."

[https://twitter.com/dangerzonelive/status/1238587329045876736]. These threats are extremely serious. They *per se* support entry of a protective order in this case.

3. **Entry of a protective order will facilitate production of Radack's private direct messages for use solely in this litigation without fear of disclosure to unauthorized persons**. Fitzgibbon's only goal in this litigation is to discover the full

extent of Radack's breaches of the settlement agreement, defamation after April 9, 2019, and her interactions with certain users of Twitter, including

> @Rayjoha2 (Johansen)
> @jimmysllama
> @Kaidinn[3]
> @WellTraveledFox[4]
> @sparrowmedia
> @charliearchy
> @DevinCow
> @AdamParkhomenko
> @RVAwonk
> @Thomas_Drake1
> @KathleenMcClellan

Radack tweeted, retweeted, replied to, liked, and tagged *each and every one* of these persons during the relevant period in tweets or posts that mention Plaintiff or that are of and concerning Plaintiff. Each of these persons is a potential witness in this case. The entry of a protective order would eliminate or at least greatly ameliorate the concerns about production of Radack's non-privileged direct messages with third parties. *See, e.g., Kessler*, 2018 WL 3730434 (N.D. Cal. 2018).[5]

---

[3] Between April 9, 2019 and the present, the user behind the **@Kaidinn** account operated numerous other Twitter accounts that were used to defame Plaintiff, including **@vcrutldczsdfa**, **@GiveBackTheAcct**, **@HatedByManyLOL**, and **@WhoPaysBiss**.

[4] Between April 9, 2019 and the present, Beth Bogaerts operated the **@WellTraveledFox** Twitter account and the following accounts **@foxfire2112**, **@foxfire2113**, **@foxfire3112**, **@foxfire3131**, **@YokoOnoOf301**, **@NoxFemme**, **@modernnomad3** and **@PaxNomad**.

[5] None of the anonymous Twitter users filed a motion to quash Plaintiff's Subpoena to Twitter. Neither Twitter nor Radack has standing to move to quash the Subpoena on behalf of these non-parties.

4. **Plaintiff can move to compel production of Radack's direct messages, but that is not relevant to the need for a protective order**. Counsel for Plaintiff requested that Radack consent to disclosure of her direct messages with the Twitter accounts identified above. This approach would have saved cost, avoid undue burden, and allowed Twitter to comply with its obligations under the Stored Communications Act ("SCA"), and produce the documents. *See 18 U.S.C. § 2702(b)(3)*. Radack refused to consent. Although Plaintiff can obtain an Order compelling production of the private messages, *see, e.g., Lucas v. Jolin*, 2016 WL 2853576, at * 8 (S.D. Ohio 2016), *Fawcett v. Altieri*, 38 Misc.3d 1022, 960 N.Y.S.2d 692, 597 (N.Y. Super. 2013) (private social media posts may be compelled from a user in civil discovery "just as material from a personal diary may be discoverable") – and Plaintiff will if necessary – the parties are not at that stage and, hopefully, Radack will cooperate in discovery and produce the direct messages without further cost, expense and added burden.

## CONCLUSION

For the reasons stated above, Plaintiff respectfully requests the Court to grant Plaintiff's motion and enter a Protective Order.

DATED: March 18, 2020

Signature of Counsel on Next Page

TREVOR FITZGIBBON

By:   */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:   (804) 501-8272
      Facsimile:   (202) 318-4098
      Email:   **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By:   */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone:   (804) 501-8272
      Facsimile:   (202) 318-4098
      Email:   **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*