UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

TREVOR FITZGIBBON,          )
                            )
        Plaintiff,        )
                            )   Civil Action No. 3:19-cv-477-REP
    vs.                )
                            )
JESSELYN A. RADACK,    )
                            )
        Defendant.    )

## DEFENDANT JESSELYN A. RADACK'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF

Defendant Jesselyn A. Radack ("Radack" or "Defendant"), by counsel, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby propounds the following First Set of Interrogatories and Requests for Production of Documents upon Trevor Fitzgibbon ("Plaintiff') to be answered within 30 days of service thereof, subject to the Instructions and Definitions below.

## INSTRUCTIONS

1.    Pursuant to Federal Rules 33 and 34, you are required to answer the following interrogatories and requests for production of documents within 30 days or within the time otherwise required by court order.

2.    Your answers shall include all information available to you or through your agents, representatives, or attorneys. When an answer is made by a corporate party, state the name, title, and address of the person supplying the information and making the affidavit and the source of his or her information.

3.     The pronoun "you" or "your" refers to the party to whom these requests are addressed and the persons mentioned in clause (2) above.

4.     These requests are continuing in nature so as to require you to promptly amend or supplement your answers if you obtain further material information.

5.     Where the name or identity of a person is requested, please state the full name, home address and also business address, and home and business telephone numbers, if known.

6.     If you elect to specify and produce business records in response to any request, then your specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as you can, the records from which the answer may be ascertained.

7.     If in answering these requests you encounter any ambiguities construing either a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

8.     If you do not have the information necessary to answer a request, but know where such information may be procured, identify the nature of the information and the persons in possession or control thereof with the particularity described in clause (2).

9.     If you object to any of the following discovery requests based upon privilege, you must state each privilege you believe applies and provide sufficient explanation to allow Defendant to determine the applicability of the privilege.

10.     It is requested that all documents and/or other data compilations which might have impact on the subject matter of this litigation be preserved and that any ongoing process of document destruction involving such documents cease, whether or not such destruction is pursuant to the unrelated practices of Defendant, be discontinued.

## **DEFINITIONS**

The following definitions shall have the following meanings, unless the context requires otherwise:

1.     "Complaint" means the complaint, and any amendments thereto, filed in the above-captioned action ("Action").

2.     "You," or "Plaintiff" refers to any and all party plaintiffs, their agents or representatives, and all other persons acting in concert with them or under their control, whether directly or indirectly, including any attorney.

3.     "Document" means all written, typed, or printed material and all magnetic or other records or documentation of any kind or description (including, without limitation: letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, inter-office communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information  can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

4.     "File" means any collection or group of documents maintained, held, stored, or used together, including without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

5.     "Person" means any natural person, corporation, firm, association, partnership,

joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

6.    "Relating to" or "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

7.    "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

8.    "Communication" means any oral or written communication of which you have knowledge, information, or belief.

9.    "Date" means the exact date, month, and year, and time if ascertainable, or, if not, the best available approximation.

10.    "Describe" or "identify" when referring to a person, means you must state the following:

   a.    The full name;

   b.    The present or last known residential address;

   c.    The present or last known residential and office telephone numbers;

   d.    The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and,

   e.    In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the interrogatory, and the officer who is responsible for supervising that officer or employee.

11.    "Describe" or "identify," when referring to a document, means you must state the following:

      a.     The nature (e.g., letter, handwritten note, memorandum, etc.) of the document;

      b.     The title or heading that appears on the document;

      c.     The date of the document and the date of each addendum, supplement, or other addition or change;

      d.     The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and,

      e.     The present location of the document, and the name, address, position or titled, and telephone number of the person or persons having custody of the document.

12.    "Describe" or "identify," when referring to a communication, means you must state the person(s) originating the communication, the person(s) receiving  the communication, the method of communication  (i.e., telephonic,  written, electronic,  etc.), the date of the communication, the date of receipt (if different), the substance of the communication, and the address where documents evidencing the communication can be located.

13.    The word "and" means "and/or."

14.    The word "or" means "or/and."

15.    The singular and masculine of any noun or pronoun includes the plural, the feminine, and the neuter, as determined from the context of the interrogatory or request.

## **INTERROGATORIES**

1.    Identify all individuals who participated in or contributed information used in

answering these Interrogatories.  Set forth a description of the information provided by each such person.

**ANSWER:**

2.    Identify the full name, address, home and work telephone numbers and present whereabouts of each person who has knowledge of any facts or circumstances alleged in the Complaint or any responsive pleadings thereto, or knowledge which might lead to the discovery of information relevant to the claims and defenses in this action.   For each person with knowledge, please set forth in detail the facts upon which you believe he or she has knowledge.

**ANSWER:**

3.    For any expert whom you anticipate calling at the trial of this case state all of the information required by Fed. R. Civ. P. 26(a)(2), and the basis for and amount of all compensation you have paid, or have agreed to pay, the expert.

**ANSWER:**

4.    If you intend to rely upon any documents, electronically stored information, or tangible things, in deposition, in support of a motion, or at trial, to support a position that you have taken or intend to take in this action, provide a brief description, by category and location, of all such documents, electronically stored information, and tangible things, and the identity of all persons or entities having possession, custody, or control of them.

**ANSWER:**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Produce all documents relied on by you in answering Defendant's First Set of Interrogatories.

**RESPONSE:**

2.      Produce all documents in your possession relating in any way to the subject matter or allegations contained in the Amended Complaint or responsive pleading thereto.

**RESPONSE:**

3.      Produce the curriculum vitae of all experts you intend to call at the trial in this matter.

**RESPONSE:**

4.      Produce all reports of expert witnesses. Include all drafts, preliminary reports, field notes, drawings, diaries, calculations, correspondence, emails and any other document relied on or referenced by your experts when preparing all of their drafts and final reports.

**RESPONSE:**

5.      Produce all memoranda, emails, or other documents reflecting communications with experts whom you expect to testify at the trial of this matter.

**RESPONSE:**

6.      Produce all documents reviewed or relied upon by any expert witness to form his/her opinions in this matter.

**RESPONSE:**

7.      Produce all documents that you intend to use at the trial of this matter.

**RESPONSE:**

8.      Produce all documents, including any notes, diaries, journals and/or correspondence (including text messages), relating to any discussions, conversations or communications you had with anyone concerning or supporting the claims or allegations in the Complaint.

**RESPONSE:**

Dated this 19th day of November, 2019

       /s/  D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2019, a copy of the foregoing document was mailed and emailed to:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

       /s/  D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)