UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 3:19-cv-477-REP ) ) |
| JESSELYN A. RADACK, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT JESSELYN A. RADACK'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO PLAINTIFF**

Defendant Jesselyn A. Radack ("Radack" or "Defendant"), by counsel, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby propounds the following First Set of Interrogatories and Requests for Production of Documents upon Trevor Fitzgibbon ("Plaintiff') to be answered subject to the Instructions and Definitions below.

**INSTRUCTIONS**

1. Unless otherwise noted, the interrogatories and requests for production seek information for the time period between April 9, 2019 and the present.

2. Pursuant to Federal Rules 33 and 34, you are required to answer the following interrogatories and requests for production of documents within 30 days or within the time otherwise required by court order.

3. Your answers shall include all information available to you or through your agents, representatives, or attorneys. When an answer is made by a corporate party, state the name, title, and address of the person supplying the information and making the affidavit and the source of his or her information.

1

3. The pronoun "you" or "your" refers to the party to whom these requests are addressed and the persons mentioned in clause (2) of "Definition" section below.

4. These requests are continuing in nature so as to require you to promptly amend or supplement your answers if you obtain further material information.

5. Where the name or identity of a person is requested, please state the full name, home address and also business address, and home and business telephone numbers, if known.

6. If you elect to specify and produce business records in response to any request, then your specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as you can, the records from which the answer may be ascertained.

7. If in answering these requests you encounter any ambiguities construing either a question, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

8. If you do not have the information necessary to answer a request, but know where such information may be procured, identify the nature of the information and the persons in possession or control thereof with the particularity described in clause (10) of "Definition" section below.

9. If you object to any of the following discovery requests based upon privilege, you must state each privilege you believe applies and provide sufficient explanation to allow Defendant to determine the applicability of the privilege.

10. It is requested that all documents and/or other data compilations which might have impact on the subject matter of this litigation be preserved and that any ongoing process of document destruction involving such documents cease, whether or not such destruction is pursuant to the unrelated practices of Plaintiff.

## **DEFINITIONS**

The following definitions shall have the following meanings, unless the context requires otherwise:

1. "Complaint" means the complaint, and any amendments or proposed supplements thereto, filed in the above-captioned action ("Action").

2. "You," or "Plaintiff" refers to any and all party plaintiffs, their agents or representatives, and all other persons acting in concert with them or under their control, whether directly or indirectly, including any attorney.

3. "Document" means all written, typed, or printed material and all magnetic or other records or documentation of any kind or description (including, without limitation: letters, correspondence, telegrams, memoranda, notes, records, minutes, contracts, agreements, records or notations of telephone or personal conversations, conferences, inter-office communications, e-mail, microfilm, bulletins, circulars, pamphlets, photographs, facsimiles, invoices, tape recordings, computer printouts, and work sheets), including drafts and copies not identical to the originals, all photographs and graphic matter, however produced or reproduced, all compilations of data from which information can be obtained, and any and all writings or recordings of any type or nature, in your actual possession, custody, or control, including those in the possession, custody, or control of any and all present or former employees, consultants, accountants, attorneys, or other agents, whether or not prepared by you.

4. "File" means any collection or group of documents maintained, held, stored, or used together, including without limitation, all collections of documents maintained, held, or stored in folders, notebooks, or other devices for separating or organizing documents.

5. "Person" means any natural person, corporation, firm, association, partnership,

joint venture, proprietorship, governmental body, or any other organization, business, or legal entity, and all predecessors or successors in interest.

      6.     "Relating to" or "relates to" mean, without limitation, embodying, mentioning, or concerning, directly or indirectly, the subject matter identified in the interrogatory.

      7.     "Concerning" means, in whole or in part, directly or indirectly, referring to, relating to, connected with, commenting on, responding to, showing, describing, analyzing, reflecting, and constituting.

      8.     "Communication" means any oral or written transmission, exchange of information, utterance, notation or statement, by or through any medium, including, without limitation, telephone, telegraph, mail, email, text message, direct message, instant message, telecopy, social media message or post, and personal conversation(s).

      9.     "Date" means the exact date, month, and year, and time if ascertainable, or, if not, the best available approximation.

      10.    "Describe" or "identify" when referring to a person, means you must state the following:

          a.     The full name;

          b.     The present or last known residential address;

          c.     The present or last known residential and office telephone numbers;

          d.     The present occupation, job title, employer, and employer's address at the time of the event or period referred to in each particular interrogatory; and,

          e.     In the case of any person other than an individual, identify the officer, employee, or agent most closely connected with the subject matter of the

4

interrogatory, and the officer who is responsible for supervising that officer or employee.

11. "Describe" or "identify," when referring to a document, means you must state the following:

    a. The nature (e.g., letter, handwritten note, memorandum, etc.) of the document;

    b. The title or heading that appears on the document;

    c. The date of the document and the date of each addendum, supplement, or other addition or change;

    d. The identity of the author and of the signer of the document, and of the person on whose behalf or at whose request or direction the document was prepared or delivered; and,

    e. The present location of the document, and the name, address, position or titled, and telephone number of the person or persons having custody of the document.

12. "Describe" or "identify," when referring to a communication, means you must state the person(s) originating the communication, the person(s) receiving the communication, the method of communication (i.e., telephonic, written, electronic, etc.), the date of the communication, the date of receipt (if different), the substance of the communication, and the address where documents evidencing the communication can be located.

13. The word "and" means "and/or."

14. The word "or" means "or/and."

15. The singular and masculine of any noun or pronoun includes the plural, the feminine, and the neuter, as determined from the context of the interrogatory or request.

## INTERROGATORIES

5.     If you, or any person on your behalf, had any communications with any other person pertaining to the Defendant or the allegations set forth in the pleadings in this case, specifically describe and identify each such communication.

**ANSWER**


6.     If you, or are any person on your behalf, has made or published any statement(s) which are of and concerning Defendant, or which pertain to the allegations set forth in the pleadings in this case, specifically describe and identify each such statement.

**ANSWER**


7.     State the factual basis of any and all defenses that you have asserted to Defendant's Counterclaim and identify every document that supports your affirmative defenses. For each paragraph of Defendant's Counterclaim in which you deny the allegations, please explain and describe any facts that you believe support such denial.

**ANSWER**


8.     Identify all accounts, aliases, and/or proxy accounts that you have setup or used on any social media platform or on the internet including without limitation Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, Tumblr and the dark web.

**ANSWER**

9. Identify the name, address, phone number, email address, and/or IP address of the "whistleblower" who you refer to in footnote 4 of your [Proposed] Statement of Additional Claims (Dkt. No. 64-1).

**ANSWER**

10. Identify and describe all economic, non-economic, liquidated, or special damages and/or losses you believe you sustained as a direct result of Defendant's alleged conduct, including a detailed description of all injuries (including "personal injury"), and the nature, extent, duration and any witnesses to such alleged injury. If you contend that your damages include loss of viable claims, explain in detail your valuation of such claims.

**ANSWER**

11. To the extent you contend that Defendant has conspired with Raymond Johansen, Bailey Lamon, @Kaidinn, @jimmysllama, or "others unknown to Plaintiff without discovery" as alleged in Paragraph 37 of your Second Amended Complaint identify and describe all facts and evidence in support of such contention and provide the source of any such information.

**ANSWER**

12. To the extent you contend that Defendant has made statements which are defamatory or of and concerning Plaintiff, for each such statement:

    a. Identify the specific statement;

    b. Identify when the statement was made;

    c.       Explain why you believe the statement is defamatory or why you believe the statement is of and concerning Plaintiff;

    d.       If you believe the statement is false identify all facts that support your contention;

    e.       Identify all persons and entities with knowledge regarding the truth or falsity of the statement;

    f.       If you believe the statement caused you injury, identify all facts that support your contention;

**ANSWER**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) which support your allegation that Defendant and @Kaidinn conspired together to harm Plaintiff.

    **RESPONSE**:

2. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) which support your allegation that Defendant and @jimmysllama conspired together to harm Plaintiff.

    **RESPONSE**:

3. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) which support your allegation that Defendant and Raymond Johansen conspired together to harm Plaintiff.

**RESPONSE**:

4. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) which support your allegation that Defendant and Bailey Lamon conspired together to harm Plaintiff.

**RESPONSE**:

5. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) which support your allegation that Defendant conspired "with others unknown to Plaintiff" as alleged in Paragraph 37 of your Second Amended Complaint.

**RESPONSE**:

6. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages

(including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) which support your allegation that Defendant used Twitter, encrypted email and encrypted communications software *e.g.* Signal to defame or conspire to harm Plaintiff.

**RESPONSE**:

7. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) which support your allegation that after the entry of the Settlement Agreement Defendant "had no present intention to comply with the terms and conditions of the settlement agreement [and] . . . misrepresented and concealed the fact that she planned and intended to continue defaming [Plaintiff] on Twitter" as alleged in Paragraph 14 of your Second Amended Complaint.

**RESPONSE**:

8. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) which support your allegation that "Radack and her agents tweeted and retweeted the same words and messages on the same days, demonstrating that they were working in tandem to defame Fitzgibbon" as alleged in Paragraph 37 of your Second Amended Complaint.

**RESPONSE**:

9. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) which support your allegation that Defendant shared draft pleadings with Raymond Johansen as alleged in Paragraph 38 of your Second Amended Complaint.

**RESPONSE**:

10. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) between you and any of Defendant's current or former clients.

**RESPONSE**:

11. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) between you and any of the members of the Advisory Board of ExposeFacts.

**RESPONSE**:

12. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo,

YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) between you and Suzette "Suzie" Dawson which are of and concerning Defendant.

**RESPONSE**:

13. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) between you and Diani Barreto which are of and concerning Defendant.

**RESPONSE**:

14. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) between you and Manuel Chavez III which are of and concerning Defendant.

**RESPONSE**:

15. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) between you and Thomas Schoenberger which are of and concerning Defendant.

**RESPONSE**:

16. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) between you and Beth Bogaerts which are of and concerning Defendant.

**RESPONSE**:

17. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) between you and Ray McGovern which are of and concerning Defendant.

**RESPONSE**:

18. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) which support your allegation that Defendant has had communications of and concerning Plaintiff with:

   a. @DevinCow

   b. @AdamParkhomenko

   c. @RVAwonk

   d. @sparrowmedia

   e. @firefox . . .

  f. @RayJoha2

  g. @UpThe CypherPunx

  h. @jimmysllama

  i. @Kaidinn

**RESPONSE**:

19. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) sent to or received from the "whistleblower" who you refer to in footnote 4 of your [Proposed] Statement of Additional Claims (Dkt. No. 64-1).

**RESPONSE**:

20. Produce all documents and communications that identify the name, address, phone number, email address, and/or IP address of the "whistleblower" who you refer to in footnote 4 of your [Proposed] Statement of Additional Claims (Dkt. No. 64-1).

**RESPONSE**:

21. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) received from or sent to any third party that mention Defendant or are of and concerning Defendant.

**RESPONSE**:

22. Produce all documents and communications, including correspondence, emails, video and audio recordings, voicemails, text messages, social media posts and direct messages (including but not limited to those on Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) between you and the following individuals which mention Defendant or are of and concerning Defendant:

    a. Raymond Johansen

    b. Bailey Lamon

    c. @Kaidinn

    d. @jimmysllama

    e. Thomas Drake

    f. Bill Binney

    g. Randy Credico

    h. Edward Snowden

    i. Ray McGovern

    j. @RVAwonk

    k. @JohnKiriakou and John Kiriakou

    l. @barodi_said

    m. @MarkWarner

    n. @andrewmcockburn

    o. @B_Ehrenreich

    p. @MatthewPHoh

    q. @joshgerstein

r. @AdamParkhomenko and Adam Parkhomenko

s. Diani Barreto

t. Lisa Ling

u. Bill Binney

v. Ray McGovern

w. Andy Mueller-Maguhn

x. Kevin Gosztola

y. Sharyl Attkisson

z. Lara Logan

aa. Cassandra Fairbanks

bb. Manuel "Defango" Chavez III

cc. Beth Bogaerts

dd. Thomas Schoenberger

ee. Suzette "Suzie" Dawson

ff. Elizabeth Lea Vos

gg. Joe Lauria

hh. Ed Butowsky

ii. Margaret Kunstler

jj. Randy Credico

kk. Kim Dotcom

ll. Michael J. Daugherty

mm. Curry Dobson

nn. Jake Appelbaum

  oo. Kitty Hundal

**RESPONSE**:

23. Produce all tweets, retweets, likes and replies published by Plaintiff, including without limitation those published through any of his alternative or proxy accounts, including group accounts with more than one holder who has access privileges, that mention Defendant or are of and concerning Defendant.

**RESPONSE**:

24. Produce true, complete, unaltered, and unredacted copies of all Tweets and direct messages set forth in, or referred to in, your Complaint and Statement of Additional Claims, including but not limited to, the sender, recipient, and date/time stamp.

**RESPONSE**:

25. Produce true, complete, unaltered, and unredacted copies of all Tweets, retweets, likes, shares, posts, blogs, photographs, messages or written content of any kind posted by Plaintiff, or by anyone acting on his behalf, on any platform that mention Defendant or that are of and concerning Defendant.

**RESPONSE**:

26. Produce documentation reflecting all social media accounts (including but not limited to Facebook, Twitter, Instagram, Snapchat, TikTok, Vimeo, YouTube, Reddit, LinkedIn, Pinterest, Medium, Discord, and Tumblr) you have used or directed others to use on your behalf to communicate anything that mentions Defendant or that is of and concerning Defendant. Include in your production all account creation, account opening documents, and username registrations.

**RESPONSE**:

27. Produce documents reflecting all telephones, including the account holder, account number, carrier and telephone number, that you have used to communicate anything that mentions Defendant or that is of and concerning Defendant.

**RESPONSE**:

28. Produce your United States Income Tax Returns for the years 2015, 2016, 2017, 2018 and 2019, including all schedules thereto. You may redact any individual's social security number before producing same. If you have not yet filed your United States Income Tax Return for any of the requested years, then for each such year produce Form 4868 or any other documents reflecting a requested extension of time to file.

**RESPONSE**:

29. All financial statements provided by you to any financial institution from January 1, 2015 to the present.

**RESPONSE**:

30. All documents reflecting or evidencing the lost income you allege you incurred as a result of the actions of the Defendant.

**RESPONSE**:

31. All documents reflecting or evidencing the attorney's fees incurred and paid by or on behalf of Plaintiff with respect to this case, including but not limited to, all retainer agreements, billing records, timesheets, and receipts of payment (which are sufficient to identify the name, date

and amount of all payments made by or on behalf of you in connection with representation in this case).

**RESPONSE:**

32. All documents reflecting, evidencing, or supporting your claim for personal injuries.

**RESPONSE:**

33. All documents reflecting, evidencing, or supporting your claim for compensatory damages.

**RESPONSE**:

34. All documents reflecting, evidencing, or supporting your claim for punitive damages.

**RESPONSE**:

35. All documents reflecting, evidencing, or supporting your valuation of claims which were settled in the *Fitzgibbon v. Radack,* Case No. 3:18-cv-247.

**RESPONSE**:

36. All documents reflecting, evidencing, or supporting your allegation that Defendant spoliated evidence pertinent to the allegations in this case.

        /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2020, a copy of the foregoing document was mailed and emailed to:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
stevenbiss@earthlink.net
*Counsel for Plaintiff*

        /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)