UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 3:19-cv-477-REP |
| JESSELYN A. RADACK, | ) |
| Defendant. | ) |

**DEFENDANT JESSELYN A. RADACK'S MEMORANDUM IN SUPPORT**
**OF MOTION TO STAY DISCOVERY**

Defendant Jesselyn A. Radack ("Radack"), by counsel, hereby moves this Court for an order staying all discovery in this matter until June 10, 2020, or until resolution of the COVID-19 ("Coronavirus") issues, and in support thereof, states as follows:

**STANDARD OF REVIEW**

The issuance of a stay is "an exercise of judicial discretion . . . dependent upon the circumstances of the particular case." *Nken v. Holder,* 556 U.S. 418, 433 (2009) (internal quotation marks and quotations omitted). District courts have broad discretion to stay proceedings as an incident to its power to control its own docket. *Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *see also CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir. 1962) (district court possess "inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants."). Moreover, the "district court should consider the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly

1

course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX,* 300 F.2d at 268.

## ARGUMENT

Radack seeks a stay due to the growing concerns and issues resulting from the ongoing Coronavirus pandemic. Currently the world is experiencing a significant disruption in its regular course of business due the number of people who have contracted the Coronavirus, both in the US and abroad, and the increasing childcare and familial responsibilities which have resulted from school and business closures. Radack wishes to take in-person videotaped depositions of at least two key individuals in this case, namely Plaintiff and the person identified as the "whistleblower" in numerous pleadings filed by Plaintiff, who upon information and belief resides in Florida. *See e.g.,* Plaintiff's Memo in Support of Motion to Supplement Second Amended Complaint at 10 (Dkt. No. 65). Plaintiff asserts that he will not disclose the name of the "whistleblower" until "entry of a Protective Order to protect the Whistleblower against retaliation and harassment from Radack, Johansen and their 'crew.'"[1] *See* Plaintiff's Responses to Second Set of Interrogatories attached hereto as Exhibit A at 2; *see also* Plaintiff's Memo in Support of Motion to Supplement Second Amended Complaint at 10 (Dkt. No. 65). Radack opposes the entry of a Protective Order for the reasons set forth in her Motion to Strike (Dkt. No. 70), however, she is precluded from even attempting to schedule the deposition of the purported "whistleblower" until this issue is decided by the Court. Even if this individual is identified now, the travel restrictions and stay at home orders will significantly delay, or prevent, undersigned counsel's ability to take this deposition.

---

[1] It is important to note that no facts whatsoever have been alleged that would support the conclusion that the "whistleblower" has any bona fide concern of retaliation or harassment by Radack. Additionally, no evidence has been produced linking any alleged actions by Johansen or whomever it is Plaintiff refers to as "their crew" to Radack.

A stay of discovery is appropriate in order to avoid the adverse effect and prejudice to Radack with respect to key witness depositions in this case if a stay of discovery is not granted. *See Sears v. Russell Rd. Food & Bev.,* No. 2:19-cv-01091-APG-NJK, 2020 U.S. Dist. LEXIS 44385, *3-4 (D. NV. Mar. 13, 2020) (granting motion to stay discovery due to "the parties' infringed ability to meaningfully participate in the discovery process because of COVID-19"); *Bryant v. Boyd,* No. 1:18-cv-117-SEP, 2020 U.S. Dist. LEXIS 53618, *4-5 (E.D. Mo. Mar. 27, 2020) (granting motion to stay discovery due to compounding difficulties related to the COVID-19 pandemic); *Garbutt v. Ocwen Loan Servicing, LLC,* No. 8:20-cv-136-T-36JSS, 2020 U.S. Dist. LEXIS 52596, *3-4 (M.D. Fl. Mar. 26, 2020) (granting motion to stay discovery until June 1, 2020, due to the circumstances caused by COVID-19). In sum, the disruptions caused by the spread of COVID-19 impede counsel for Defendant's ability to conduct and meaningfully interact, engage in depositions, and travel, and as such a stay accommodates the present urgent state of events with respect to the Coronavirus, current recommendations, and anticipated potential restrictions.

WHEREFORE, Defendant Jesselyn Radack respectfully requests that the Court enter an order staying all discovery in this matter until June 10, 2020, or until resolution of the COVID-19 ("Coronavirus") issues, and such other and further relief as the Court deems proper.

Dated this 21st day of April, 2020

      /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Jesselyn A. Radack*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2020, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

Charles K. Seyfarth
Mary Grace Miller
O'HAGAN MEYER
411 East Franklin St, Suite 500
Richmond, Virginia 23219

Patrick J. Carome
Ari Holtzblatt
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue, NW
Washington, DC 20006

*Counsel for Non-Party Twitter, Inc.*

      /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)