IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| TREVOR FITZGIBBON | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-477-REP |
| | ) | |
| | ) | |
| JESSELYN A. RADACK | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

# **MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY**

Plaintiff, Trevor Fitzgibbon, by counsel, pursuant to Local Civil Rule 7(F), respectfully submits this Memorandum in Opposition to the motion to stay discovery [*ECF No. 76*] filed by Defendant, Jesselyn Radack ("Radack").

Radack's motion to stay discovery should be denied for the following reasons:

1. On November 1, 2019, the Court entered an Order Setting Pretrial Conference. [*ECF No. 32*]. The Court ordered the parties, *inter alia*, to "forthwith serve interrogatories and requests for production of documents". That same day, the Court entered a Scheduling Order. [*ECF No. 33*]. Pretrial Exhibit A. § III, provides as follows:

```
    C.  Close Of Discovery

    All fact discovery, including all supplementation, shall be
concluded no later than fifty (50) calendar days before the
Final Pretrial Conference.
```

2. The parties appeared before the Court on November 19, 2019 for the initial retrial conference. On November 20, 2019, the Court entered an Initial Pretrial

1

Order [*ECF No. 41*] that established June 29, 2020 as the date of the final pretrial conference. The discovery cut-off, therefore, is May 8, 2020.

3. The parties each served multiple discovery requests. Plaintiff served two sets of interrogatories, requests for production of documents and a request for admissions. Radack served three sets of interrogatories and requests for production of documents.[1]

4. In addition to party discovery, Plaintiff served a subpoena for documents on Twitter. Both Twitter and Radack filed motions to quash. The motions to quash have been fully briefed. If the motions are denied, it is expected that Twitter will produce certain non-content records and information and that Radack will be ordered to sign an authorization directing Twitter to turn over her direct messages.[2]

---

[1] There are disputes regarding Radack's answers to Plaintiff's discovery requests that counsel attempted in good faith to resolve. The discovery disputes largely involve Radack's communications with third-parties, including private direct messaging via Twitter, between April 9, 2019 and January 20, 2020. The third-parties include Raymond Johansen, Bailey Lamon, Beth Bogaerts, Thomas Schoenberger, Manuel Chavez, Andrew Stepanian, Charles Davis, and three anonymous Twitter accounts, @jimmysllama, @Kaidinn and @DevinCow. Plaintiff's counsel will schedule a telephone conference with the Court pursuant to § II(B) of Pretrial Schedule A.

[2] It is possible that Radack has deleted her direct messages. Notwithstanding, she can be compelled to sign an authorization directing Twitter to produce these documents. *Lucas v. Jolin*, 2016 WL 2853576, at * 8 (S.D. Ohio 2016) ("In a personal injury case, when a plaintiff seeks damages for claimed injuries, he or she is often directed to execute a release in order for the defendant to examine his or her medical records related to the injuries, including medical records that may prove pre-existing injuries or otherwise lend credence to the defense. In a similar way, Net VOIP will be compelled to request directly from Google the release of certain emails within the relevant time period, so that Plaintiff has some opportunity to discover relevant documents that may undermine the grounds on which Net VOIP seeks summary judgment and help prove Plaintiff's claim"); *Facebook v. Superior Court*, 4 Cal.5th 1245, 417 P.2d 725, 750 (Cal. 2018) (section 2702(c)(3) [of the Stored Communications Act] compels provider to obey lawful court order for production of content communications); *Fawcett v. Altieri*, 38 Misc.3d 1022, 960 N.Y.S.2d 692, 597 (N.Y. Super. 2013) (private social media posts may be compelled from a user in civil discovery "just as material from a personal diary may be discoverable").

5.  Pursuant to §§ V(C)(1) and V(D)(1) of Pretrial Schedule A, Plaintiff's witness and exhibit lists are due on June 11, 2020. Plaintiff intends to use the documents and information obtained in discovery to prepare his witness and exhibit lists, and to otherwise prepare for trial.

6.  On April 20, 2020, counsel for Radack advised for the first time that she wanted to take depositions. Plaintiff's counsel agreed to make Plaintiff available and to provide dates for a video deposition.

7.  On April 21, 2020, Radack filed the instant motion to stay discovery. In her motion, Radack requests the Court to "stay all discovery until June 10, 2020, or until resolution of the COVID-19 issues". [*ECF No. 76*].³

8.  After filing her motion to stay discovery, Radack did not follow up to schedule any depositions.

9.  Counsel for Plaintiff has reviewed General Order Nos. 2020-3, 2020-7 and 2020-12 (the "General Orders"). The District Court has taken a prudent and measured response to the Coronavirus Disease 2019 (Covid-19).

10. None of the General Orders extended the discovery cut-off in this case.

11. Entry of the General Orders properly extended certain "filing deadlines", but did ***not*** stay discovery in any case, or extend the time for responding to discovery, or relieve counsel of their responsibility to continue to engage in appropriate discovery, including non-stenographic (video) depositions.

---

³ Radack's request to stay discovery "until resolution of the COVID-19 issues" has the potential to delay this proceeding indefinitely. It should be rejected without more.

12. Beginning in early March 2020, the Court has regularly updated counsel concerning its Covid-19 guidance. If counsel for Radack had wanted to do depositions, she should not have left it until April 20, 2020 to raise the issue.

13. Plaintiff objects to the extension of the discovery deadline, as it will unduly interfere with all the other deadlines in the case, including the deadlines for filing summary judgment motions (May 15, 2020), motions in limine (May 28, 2020), the conference regarding stipulations (June 5, 2020), discovery designations (June 8, 2020), and the deadline to file witness and exhibit lists (June 11, 2020).

14. In other words, if the Court grants Radack's motion, she will essentially succeed in delaying this matter.

15. Although the Court permitted Plaintiff to file a third amended complaint, Plaintiff filed his motion to supplement/amend on February 21, 2020. Thus, Radack knew about the substance of the third amended complaint for **two months *before*** she ever mentioned a desire to take depositions.

16. Radack was dilatory in raising the issue of depositions. Further, she now identifies two "key witnesses" who she wants to depose, Plaintiff and the Whistleblower. Plaintiff has always been available. The Whistleblower is an attorney from Florida. There is no reason that Radack cannot take video depositions for use at trial.[4]

Plaintiff respectfully requests the Court to deny Radack's motion to stay discovery.

---

[4] There is also no reason why counsel cannot work together to schedule these depositions. Notably, Radack's motion to stay discovery does not contain a certification that any effort was made in good faith to resolve this dispute prior to the motion being filed.

DATED: May 2, 2020

                          TREVOR FITZGIBBON

By: */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone: (804) 501-8272
      Facsimile: (202) 318-4098
      Email: **stevenbiss@earthlink.net**

      *Counsel for Trevor Fitzgibbon*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By: */s/ Steven S. Biss*
      Steven S. Biss (VSB # 32972)
      300 West Main Street, Suite 102
      Charlottesville, Virginia 22903
      Telephone: (804) 501-8272
      Facsimile: (202) 318-4098
      Email: **stevenbiss@earthlink.net**

      *Counsel for Trevor Fitzgibbon*