UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:19-cv-477-REP |
| | ) |
| JESSELYN A. RADACK, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) and 12(B)(6)**

Defendant Jesselyn A. Radack ("Radack" or "Defendant"), by and through undersigned counsel, hereby supplements her Motion to Dismiss the Second Amended Complaint filed by Plaintiff Trevor Fitzgibbon ("Fitzgibbon" or "Plaintiff") pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. No. 47] and Fed. R. Civ. P. 12(b)(6) [Dkt No. 50], and in support thereof, states as follows:

**ARGUMENT**

**I.     Plaintiff Has Waived The Right To Seek Tort Damages.**

It is well settled under Virginia law that for a claim of fraud in the inducement, a party "must choose to prove fraud and seek recovery under the terms of the contract or to rescind the contract and pursue restitution if applicable. **A party may not do both.**" *Med-Therapy Rehabilitation Services, Inc. v. Diversicare Corp. of America,* 1994 U.S. App. LEXIS 1665, *9 (4th Cir. 1994). In the recent case of *CGI Fed., Inc. v. FGi Fed., Inc.,* 295 Va. 506 (2018), the Supreme Court of Virginia noted:

> We have long held that a contract procured by fraud is voidable at the option of the injured party. [citation omitted]. A victim of fraudulent inducement may rescind the contract or affirm the contract and sue for damages. When a rescission occurs,

1

"the contract is terminated for all purposes, and the parties are restored to the status quo ante." [Citation omitted].

In the *CGI Fed., Inc.* case the Court held that because plaintiff elected to sue for both "tort and contract damages" plaintiff had "as a consequence, 'affirmed the contract' and 'consent[ed] to be bound by its provisions.'" *Id.* (citations omitted). In the instant case, Fitzgibbon's Second Amended Complaint seeks tort damages, i.e., the value of the claims he settled in the Original Radack Action, yet at the same time affirms the contract and seeks contract damages. Fitzgibbon's Second Amended Complaint indisputably runs afoul of the longstanding principle that a party claiming fraud in the inducement must either void the contract or affirm it, but cannot do both.

Virginia law is also clear that if a party seeks recission of the contract and restitution, that election must be made as soon as the party discovers the alleged fraud, or it is waived. *See, e.g., U.S. v. Idlewild Pharmacy, Inc.,* 308 F. Supp. 19, 22 (E.D. Va. 1969) ("Ordinarily, one who after discovering the untruth of representations, conducts himself with reference to the transaction as though it were still subsisting and binding, thereby waives all benefits of and relief from the misrepresentations."). As explained by the Supreme Court of Virginia in both the *McLeskey* and *Lloyd* cases:

> When a ground for recission is discovered, **prompt action is necessary. If a party, after discovering facts which would justify rescission, continues to treat the contract as a subsisting obligation, leading the other party to believe that it is still in effect, the right to rescind is waived."** *McLeskey v. Ocean Park Investors, Ltd.,* 242 Va. 51, 55 (1991) (emphasis added) *citing Link Assoc. v. Jefferson Standard,* 223 Va. 479, 484-85 (1982) ("A party intending to repudiate a contract on the ground of fraud must act within a reasonable time and with great punctuality upon learning of the wrong. He will be deemed to have waived his right of repudiation if, after discovery of the fraud, he treats the contract as a subsisting obligation"); *Dobie v. Sears, Roebuck & Co.,* 164 Va. 464, 470 (1935).
>
> **The person who is misled is required, as soon as he learns the truth, with all reasonable diligence, to disaffirm the contract or abandon the transaction, and give the other party an opportunity of rescinding it, and of restoring both of them to their original position**. . . . If after discovering the untruth of the

2

**representations, he conducts himself with reference to the transaction as though it were still subsisting and binding, he thereby waives all benefit of and relief from the misrepresentations."** *Lloyd v. Smith,* 150 Va. 132, 148 (1928) (citation omitted); *see Virginia-Carolina Rubber Co. v. Flanagan,* 150 Va. 276, 281-82 (1928) (having received the benefits of a fraudulently induced stock subscription agreement, **subscriber could not obtain fraud damages**) (emphasis added).

Here, Fitzgibbon could have easily disaffirmed the Settlement Agreement via any written document informing Radack of his intent to do so and sought fraud damages. *Lloyd,* 150 Va. at 148. Instead he fully embraced the Settlement Agreement, retained the benefits thereof including the $101,541.56 settlement payment, and continues to this day to treat the contract as a subsisting obligation. Therefore, in line with the holdings in *McLeskey* and *Lloyd* and their progeny, Fitzgibbon has waived recovery of any fraud damages, and is only entitled to contract damages. This waiver is further evidenced by Fitzgibbon's repeated reference to the terms of the Settlement Agreement and allegations of specific breaches thereunder. Indeed, in the Second Amended Complaint Fitzgibbon states that "[t]he settlement agreement is a valid and enforceable contract." Second Am. Compl. ¶ 23. The Second Amended Complaint goes on to quote provisions of the Settlement Agreement which Fitzgibbon alleges were breached and also quotes to the liquidated damages clause in the Settlement Agreement. Second Am. Compl. ¶¶ 17-23.[1] Fitzgibbon has continuously affirmed the validity of the Settlement Agreement since it was entered into and over the preceding 10 months of litigation in this case. Fitzgibbon, who has never taken the position that the Settlement Agreement should be rescinded, cannot now 10 months into litigation elect such a remedy; Fitzgibbon has waived the option to elect tort damages. Accordingly, the parties' express contract remains in effect.

---

[1] This same language is also contained in Fitzgibbon's two prior versions of the Complaint. [Dkt Nos. 1 and 13 at ¶¶ 17-23].

3

## II. Plaintiff's Contractual Damages Are Limited By The Liquidated Damages Clause Contained In The Settlement Agreement.

Having affirmed the validity of the Settlement Agreement, Fitzgibbon cannot now selectively disavow specific provisions of the contract. The liquidated damages provision in the Settlement Agreement provides for recovery of $1,000 for "each tweet, retweet, reply, like, post or comment" that is "of and concerning" the other party or which is "defamatory, derogatory, deprecating, detracting, and/or pejorative." Second Am. Compl. ¶¶ 17-18. This liquidated damage provision is applicable and expressly limits the damages which Fitzgibbon can recover in the instant action.

For these reasons, Defendant's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) should be granted.

Dated: May 18, 2020

Respectfully submitted,

JESSELYN A. RADACK

**THE THOMAS LAW OFFICE, P.L.C.**
11130 Fairfax Boulevard, Suite 200
Fairfax, VA 22030
Telephone: 703-957-2577
Facsimile: 703-957-2577
E-mail: mthomas@thomaslawplc.com

By:   /s/ D. Margeaux Thomas
      D. Margeaux Thomas (VSB #75582)
      *Counsel for Defendant Jesselyn A. Radack*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of May 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Steven S. Biss
300 West Main Street, Suite 102,
Charlottesville, VA 22903
stevenbiss@earthlink.net

        /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Defendant Jesselyn A. Radack*