IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| TREVOR FITZGIBBON )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JESSELYN A. RADACK )<br>)<br>Defendant. )<br>) | Case No. 3:19-cv-477-REP |

# **PLAINTIFF'S RESPONSE AND OPPOSITION TO DEFENDANT'S SUPPLEMENTAL BRIEF**

Plaintiff, Trevor Fitzgibbon ("Plaintiff"), by counsel, pursuant to the Court's Order entered [*ECF No. 82*], respectfully submits this Response and Opposition to the supplemental brief [*ECF No. 86*] filed by defendant, Jesselyn Radack ("Defendant") in support of her motions to dismiss under Rules 12(b)(1) and 12(b)(6).

1. On May 18, 2020, Plaintiff, with leave of Court, filed a third amended complaint. [*ECF No. 87*]. In his third amended complaint, Plaintiff elected to pursue three (3) remedies: Breach of Contract (Count I); Defamation (Count II); and Common Law Conspiracy (Count III).

2. In her supplemental brief, p. 4, Radack broadly claims that the liquidated damage provision in ¶ 4(e) of the a settlement agreement "is applicable" and "expressly limits the damages which Fitzgibbon can recover in the instant action." Radack offers no further explanation or argument or case law in support of her position.

1

    3.    Radack's motion to dismiss for lack for subject matter jurisdiction[1] should be denied for the following reasons:

    a.    Plaintiff's amount-in-controversy allegations are made in good faith. *Gilmore v. Jones*, 370 F.Supp.3d 630, 649 (W.D. Va. 2019) ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith.") (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) (citing *Mt. Healthy City Bd. of Ed. v. Doyle,* 429 U.S. 274, 276 (1977) ("'[T]he sum claimed by the plaintiff controls if the claim is apparently made in good faith.'") (further quotation omitted))).

    b.    The liquidated damage provision in ¶ 4(e) is not applicable to tort claims. It applies only to material breaches of the contract. The contract clearly and unambiguously states as follows:

> "The Parties hereby acknowledge and agree that ***the amount of damages in the event of a material breach of the provisions of this paragraph 4*** would be difficult or impossible to determine and that the amount [of] $1,000 for each tweet, retweet, reply, like, post or comment that violates paragraphs 4(a), 4(b)( or 4(c) is the best and most accurate estimate of the damages the non-breaching Party would suffer ***in the event of a material breach of this paragraph 4***, that such estimate is reasonable under the circumstances existing as of the date of this Agreement and under the circumstances that the Parties reasonably anticipate would exist at the time of such ***material breach*** and that the breaching Party agrees to pay the non-breaching Party that amount as liquidated damages, and not as a penalty, if the non-breaching Party asserts, and a court of competent jurisdiction confirms, such a ***material breach***."

(Emphasis added). Nowhere in the contract does it say the liquidated damage provision is applicable to the independently tortious acts committed by Radack or that Plaintiff is

---

[1] Plaintiff's third amended complaint does not state a claim for fraud in the inducement, which moots the argument in the subsection "Resulting Damage" in ECF No. 51 at 7-8.

prohibited from seeking actual damages, *i.e., insult, humiliation, injury to reputation*, in the event Radack publishes false and defamatory statements.

        c.    In Virginia, a single act or occurrence can, in certain circumstances, support causes of action both for breach of contract and for breach of a duty arising in tort, thus permitting a plaintiff to recover both for the loss suffered as a result of the breach and traditional tort damages, including, where appropriate, punitive damages. *Foreign Mission Bd. v. Wade*, 242 Va. 234, 241, 409 S.E.2d 144 (1991). To avoid turning every breach of contract into a tort, however, the Virginia Supreme Court has consistently adhered to the rule that, in order to recover in tort, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties ***solely*** by virtue of the contract." *Id.* (citing *Spence v. Nrfolk & W.R. Co.*, 92 Va. 102, 116, 22 S.E. 815 (1895) (emphasis added). Defamation is a common law tort. In *Fuller v. Edwards*, the Virginia Supreme Court recognized that "[o]ne's right to an unimpaired limb and to an unimpaired reputation are, in each instance, absolute and has been since common law governed England. Indeed, an impaired reputation is at times more disastrous than a broken leg." 180 Va. 191, 198, 22 S.E.2d 26 (1942) (cited in *Gazette, Inc. v. Harris*, 229 Va. 1, 7, 325 S.E.2d 713 (1985) ("In Virginia, as in other states, the law of defamation historically has protected a basic interest. The individual's right to personal security includ[ing] his uninterrupted entitlement to enjoyment of his reputation.")). Here, the duty tortiously breached when Radack defamed Plaintiff is a common law duty. It is not a duty that exists "solely" by reason of the settlement agreement. Virginia law is clear that a plaintiff, such as the Plaintiff in this case, may pursue ***both*** contract ***and*** independent defamation claims arising out of the same

3

transaction or occurrence. *See, e.g., Kappa Sigma Fraternity v. Richard G. Miller Memorial Foundation*, 2008 WL 445005 (E.D. Va. 2008) (counterclaim plaintiff alleged both breach of a non-disparagement clause in a settlement agreement and defamation per se). Because Plaintiff's defamation claims are independently actionable, Plaintiff easily satisfies the jurisdictional threshold under § 1332.

      d. Virginia law is equally clear that Plaintiff may pursue a claim of punitive damages where, as here, a breach of contract is accompanied by proof of an independent, willful tort, such as defamation. *A&E Supply Co., Inc. v. Nationwide Mut. Ins. Co.*, 612 F.Supp. 760, 766 (W.D. Va. 1985) ("the court holds that it is proper to award punitive damages where there is an award of compensatory damages for breach of contract accompanied by proof of an independent, willful tort [defamation] beyond the mere breach of a duty imposed by the contract"). To determine whether subject matter jurisdiction is proper, the Court must take into account Plaintiff's demand for punitive damages in the amount of $350,000. *See, e.g., Powers v. Equitable Production Co.*, 2010 WL 547395, at * 3 (W.D. Va. 2010) ("a claim for punitive damages may be used to satisfy the jurisdictional amount in controversy if it is possible for the jury to award punitive damages under the applicable state law") (citations omitted). In *Powers*, the Court ruled as follows:

> Here, Powers claims that representatives of Equitable have purposefully conspired to testify falsely and falsify public records in an effort to deprive him of his ownership interest in certain lands and the coalbed methane located under those lands. If such allegations are true, as they must be assumed to be at this stage, they would 'evince a conscious disregard of the rights of others,' and Powers would be entitled to claim punitive damages in some amount. While a jury considering the facts may not award Powers $10 million in punitives, it could easily award in excess of the jurisdictional amount of more than $75,000.00. That being the case, I find that Powers's Complaint alleges facts specific to satisfy the amount in controversy required by 28 U.S.C. § 1332."

2010 WL 547395, at * 4.

   e. Finally, in determining whether Plaintiff's claims meet the jurisdictional threshold ($75,000 excusive of interest and costs), the Court must take into account Plaintiff's request for attorney's fees. *Twin Trees, LLC v. Haring*, 2019 WL 1983064, at * 7 (W.D. Va. 2019) (attorney's fees are not included in the calculation of the amount in controversy under § 1332(a) "unless the fees are provided for by contract or a statute mandates or permits their payment") (citing *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 368 (4th Cir. 2013) ("Generally, attorney's fees are not included in the amount-in-controversy calculation, but courts have created two exceptions to this rule: '(1) if the fees are provided for by contract; or (2) if a statute mandates or allows payment of attorney's fees.' 15–102 Moore's Federal Practice, Civil § 102.106(6)(a)"); *see Cradle v. Monumental Life Ins. Co.*, 354 F.Supp.2d 632, 635 (E.D. Va. 2005) ("if a state statute makes 'attorney's fees into substantive rights to which the litigants are entitled' then attorney's fees may be considered in calculating the amount in controversy under 28 U.S.C. § 1332"). Here, Plaintiff seeks $250,000 in attorney's fees pursuant to contract. Defendant has introduced no evidence to show that Plaintiff's claim is unreasonable under the circumstances. *Compare McAfee v. Boczar*, 738 F.3d 81, 95 (4th Cir. 2013) (where jury awarded damages of $2,943.60, court of appeals directed that an attorney's fee award of $100,000, exclusive of costs, be entered by the district court on remand). Radack has contested every fact. She refuses to produce her direct message communications with third parties. She has counterclaimed for breach of contract. She has deleted every violative tweet, vastly increasing the cost and expense of this litigation. Plaintiff's attorney's fees will easily exceed $75,000.

## **CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss pursuant to Rule 12(b)(1) should be denied.

DATED: May 24, 2020

TREVOR FITZGIBBON

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone: (804) 501-8272
Facsimile: (202) 318-4098
Email: **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2020 a copy of the foregoing was filed electronically using the Court's CM/ECF system, which will send notice of electronic filing to counsel for the Defendant and all interested parties receiving notices via CM/ECF.

By: */s/ Steven S. Biss*
Steven S. Biss (VSB # 32972)
300 West Main Street, Suite 102
Charlottesville, Virginia 22903
Telephone:   (804) 501-8272
Facsimile:    (202) 318-4098
Email:        **stevenbiss@earthlink.net**

*Counsel for the Plaintiff*