UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:19-cv-477-REP |
| | ) |
| JESSELYN A. RADACK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DEFER CONSIDERATION OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND FOR EXTENSION OF THE SUMMARY JUDGMENT DEADLINE PURSUANT TO FED. R. CIV. P. 56(d)**

COMES NOW Defendant Jesselyn A. Radack ("Radack"), by counsel, and files this Motion to Defer Consideration of Plaintiff's Motion for Summary Judgment and For Extension of the Summary Judgment Deadline Pursuant to Fed. R. Civ. P. 56(d), and in support thereof, states as follows:

**ARGUMENT**

At the hearing on May 4, 2020, the parties discussed depositions that still needed to be conducted in this case. Undersigned counsel indicated that depositions needed to be taken of witnesses including Plaintiff and Plaintiff's witness Eric Morgan.[1] Mr. Morgan's remote video deposition was confirmed by counsel for Plaintiff on Monday, May 18, 2020, to take place on Thursday, May 21, 2020. *See* Email Correspondence between May 8, 2020, and May 18, 2020, attached as Exhibit A. On May 19, 2020, counsel for Plaintiff was provided with all of the information and instructions for the remote video deposition. *See* May 19, 2020, Email attached

---

[1] Plaintiff has repeatedly referred to Eric Morgan in the pleadings in this case as the "Whistleblower." By law, a whistleblower is defined as someone who reveals fraud, waste, abuse, or dangers to public health and safety. *See e.g. Parkinson v. DOJ*, 874 F.3d 710, 713 (Fed. Cir. 2017). Mr. Morgan is not a whistleblower in any sense of the word.

1

as Exhibit B. On May 20, 2020, at 7:39 pm—the night before the deposition—Mr. Morgan stated that he would not participate in a remote video deposition the next morning because he had "too many important files and materials on [his] equipment to risk it with Zoom . . ."[2] *See* May 20, 2020, Email attached as Exhibit D. He also appeared to suggest that he would not appear unless a court reporting service selected by him was used.[3] *See* May 20, 2020, Email attached as Exhibit E.[4] He went on to state that he had "discussed this with Mr. Biss" and to "[p]lease resolve it with him." *Id.* As a result, undersigned counsel was forced to cancel the deposition, the court reporter, and the videographer, for the deposition scheduled the next morning.

Undersigned counsel continued communications with Mr. Morgan and counsel for Plaintiff in an effort to reschedule the deposition of Mr. Morgan. Undersigned counsel was able to secure a location in Florida, where Mr. Morgan resides, which would allow Mr. Morgan to appear for the remote video deposition without having to use his own equipment. On May 21, 2020, Mr. Morgan stated that he was available to be deposed on June 4, 2020. *See* May 21, 2020, Email attached as Exhibit F. Emails were sent to Mr. Morgan on May 21, 2020, May 22, 2020, and May 26, 2020, to confirm the location of the video deposition, to which no response was received *See* Email Correspondence attached as Exhibit G.

On May 27, 2020, another follow-up email was sent to Mr. Morgan seeking to confirm the rescheduled deposition location. *See* May 27, 2020, Email attached as Exhibit H. On May 27, 2020, counsel for Plaintiff emailed undersigned counsel requesting that he be provided in advance

---

[2] It should be noted that the reported security issues concerning Zoom involve uninvited guests joining a meeting or chat, they do not involve gaining access to a computer or accessing files as suggested by Mr. Morgan. *See* Forbes.com Article attached hereto as Exhibit C.

[3] Mr. Morgan also states that he received a notice of deposition the afternoon of May 20, 2020, however, the Notice of Deposition only contained the information previously confirmed by counsel for Plaintiff on Monday, May 18, 2020.

[4] It is also important to note that in preparation for Mr. Morgan's deposition, undersigned counsel and her staff exchanged numerous calls and emails with the selected court reporting company to ensure that the technology would work seamlessly at the deposition. Two demonstrations were also attended in preparation for the scheduled deposition.

the exhibits to be used at Mr. Morgan's deposition. *See* May 27, 2020, Email attached as <u>Exhibit I</u>. Approximately fifteen minutes later, Mr. Morgan called undersigned counsel's office and left a message requesting that he be sent in advance the deposition exhibits so that he could "finalize the details on appearing at the deposition." *See* May 27, 2020, Transcript of Voicemail from Mr. Morgan attached as <u>Exhibit J.</u> It is apparent that Mr. Biss and Mr. Morgan are communicating as they almost simultaneously raised another frivolous argument in an apparent attempt to delay the deposition of Mr. Morgan further.[5] Undersigned counsel immediately responded to Mr. Morgan and requested that he provide the purported basis underlying his demand to review exhibits in advance of the deposition, no response was received. *See* May 27, 2020, Email attached as <u>Exhibit K</u>.

On May 28, 2020, undersigned counsel sent another email to Mr. Morgan asking whether he was prefacing his ability to be deposed upon being provided with copies of the exhibits prior to the deposition. Later that day Mr. Morgan responded by stating that he will attend the deposition on June 4, 2020, but also stated that he has a hearing that morning which may delay his attendance "due to the fact that hearings from prior to the lockdown are being heard, and there is quite a backlog." *See* May 28, 2020, Email attached as <u>Exhibit L</u>. This is the first time Mr. Morgan has mentioned any delay, and it appears that Mr. Morgan is setting the stage for his next excuse which will be that his hearing ran long and he unable was to appear. It is likely that Radack will be forced to reschedule Mr. Morgan's deposition again, due to his most recent email because it is inequitable for her to risk paying hourly for a videographer, and other professionals, waiting for Mr. Morgan's appearance on June 4th.

---

[5] At the hearing on May 4, 2020, counsel for Plaintiff indicated that he was communicating with Mr. Morgan and that he was "amenable to deposition."

In sum, for the past 20 days undersigned counsel has made countless efforts to schedule, and then reschedule, the deposition of Plaintiff's witness Mr. Morgan. Given the last-minute cancellation of the first scheduled deposition for seemingly contrived reasons, it remains unclear whether Mr. Morgan will voluntarily appear for a deposition, or whether he will continue to be evasive, and Radack will be required to move to compel his deposition. Radack is scheduled to depose Plaintiff on June 10, 2020.

Pursuant to the current Pretrial Order (Dkt. No. 33-2), motions for summary judgment are due on May 29, 2020. On May 28, 2020, Plaintiff filed on Motion for Summary Judgment (Dkt. No. 92). Plaintiff's request for summary judgment relies upon information provided to him by Mr. Morgan, including Mr. Morgan's 12-page Declaration (Dkt. No. 91). Pursuant to Fed. R. Civ. P. 56(d), if it is shown by affidavit or declaration that, for specified reasons, a party cannot present facts essential to justify its opposition, the court may allow time to take discovery. Requests for relief pursuant to Rule 56(d) are "broadly favored and should be liberally granted." *McKay v. Novartis Pharm. Corp.,* 751 F.3d 694, (5th Cir. 2014) (citations omitted). In the instant case, despite diligently attempting to complete discovery, Radack has been unable to complete critical depositions of Mr. Morgan and Plaintiff. *See* Declaration of D. Margeaux Thomas attached hereto as <u>Exhibit M</u>. Radack has been unable to gather the facts necessary to move for summary judgment or fully oppose Plaintiff's Motion. Radack requests that the Court defer ruling on Plaintiff's Motion for Summary Judgment and extend the summary judgment deadline to on or after June 29, 2020.[6] *See Rma Lumber v. Pioneer Mach., LLC,* No. 6:08-CV-00023, 2009 U.S. Dist. LEXIS 59298, at *11 (W.D. Va. July 13, 2009) (holding that ". . . parties are entitled to an ample opportunity for discovery before proceedings to the summary judgment stage").

---

[6] Undersigned counsel will be out of office between June 14, 2020, and June 21, 2020. Undersigned also requests sufficient time to issue a subpoena to Mr. Morgan to compel his deposition should he fail to voluntarily appear.

WHEREFORE, Defendant Jesselyn A. Radack, requests that this Court enter an order deferring ruling on Plaintiff's Motion for Summary Judgment and extending the summary judgment deadline to on or after June 29, 2020, and such other and further relief as the Court deems proper.

Dated: May 29, 2020

                                          Respectfully submitted,

                                          __/s/ D. Margeaux Thomas_____
                                          D. Margeaux Thomas (VSB #75582)
                                          The Thomas Law Office PLC
                                          11130 Fairfax Blvd., Suite 200-G
                                          Fairfax, VA 22030
                                          Telephone: 703.957.2577
                                          Facsimile: 703.957.2578
                                          Email: mthomas@thomaslawplc.com
                                          *Counsel for Defendant Jesselyn A. Radack*

**CERTIFICATE OF SERVICE**

I hereby certify that on May 29, 2020, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

      /s/ D. Margeaux Thomas
      D. Margeaux Thomas (VSB #75582)