UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 3:19-cv-477-REP |
| | ) |
| JESSELYN A. RADACK, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT JESSELYN A. RADACK'S MEMORANDUM IN SUPPORT
OF MOTION TO REMOVE IMPROPER "COUNSEL'S EYES ONLY" DESIGNATION
FROM PLAINTIFF'S SUPPLEMENTAL DISCOVERY PRODUCTION**

Defendant Jesselyn A. Radack ("Defendant" or "Radack"), by counsel, hereby files this Memorandum in Support of Motion to Remove Improper "Counsel's Eyes Only" Designation applied by Plaintiff Trevor Fitzgibbon ("Plaintiff" or "Fitzgibbon") to his Supplemental Answers and Responses to Defendant's Discovery Requests and documents produced on May 2, 2020, and in support thereof, states as follows:

**INTRODUCTION**

Plaintiff proposed a very broad protective order under the auspices of needing to protect the identity of a witness "from retaliation by Radack and her agents." *See* Plaintiff's Statement of Additional Claim, Note 4 (Dkt. No. 64-1); *see also* Reply in Support of Motion for Entry of Protective Order, ¶ 2 (Dkt. No. 73).[1] Radack opposed the entry of the protective order for the reasons stated in her Opposition Brief (Dkt. No. 70). On May 1, 2020, this Court entered Plaintiff's

---

[1] In his pleadings, Plaintiff repeatedly refers to his witness as the "Whistleblower." By law, a whistleblower is defined as someone who reveals fraud, waste, abuse, or dangers to public health and safety. *See e.g. Parkinson v. DOJ*, 874 F.3d 710, 713 (Fed. Cir. 2017). Plaintiff's witness is not a whistleblower in any sense of the word. Plaintiff's use of the term "whistleblower" is a transparent attempt to gaslight Radack because she is an attorney who specializing in whistleblower law. Plaintiff's continued use of the word "whistleblower" is prejudicial to Radack, constitutes harassment, and should be precluded by this Court.

1

proposed Protective Order which provides for "counsel's eyes only" treatment for certain information and documents which are "highly sensitive." Protective Order, ¶ 2(g) (Dkt. No. 79). The protective order provides no explanation of what is considered "highly sensitive," but does state that "any document marked 'COUNSEL'S EYES ONLY', including, but not limited to, personal financial statements and tax returns, shall only be disclosed to Counsel for the parties." *Id.* After the entry of the Protective Order, Fitzgibbon provided "Supplemental Answers to Defendant's Discovery Requests" and twenty-two pages of documents (collectively, the "Supplemental Production"), all of which are designated "attorney's eyes only."[2] The Supplemental Production contains the name, profession, and business address of Plaintiff's witness.

On May 28, 2020, Plaintiff filed a Motion for Partial Summary Judgment supported by a 12-page Declaration by his witness Eric A. Morgan, the same witness whose identity Plaintiff claimed in numerous pleadings filed with this Court could not be disclosed for fear of retaliation by Radack. *See* Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 92); Declaration of Eric A. Morgan (Dkt. No. 91). The Declaration includes Mr. Morgan's name, profession, and business address. *Id.* Mr. Morgan's identity is not, and has never been, "highly sensitive" and thus, there is no basis supporting Plaintiff's continued designation of material provided to him by Mr. Morgan as "Counsel's Eyes Only." It appears that Plaintiff has attached this improper designation to Mr. Morgan's materials in a bad faith attempt to prevent Radack from viewing the documents and likely discovering numerous inconsistencies in statements made by Mr. Morgan and those advanced by Plaintiff in this case. It is Plaintiff's burden to establish that the designation of the Supplemental Production as "Counsel's Eyes Only" is supported by good cause. For the

---

[2] Plaintiff refers to his designated documents as "attorney's eyes only," which for purposes of this Motion are treated as one and the same as documents designated as "counsel's eyes only" under the Protective Order.

2

reasons set forth below, that burden cannot be met and Radack should be awarded her attorney's fees pursuant to this Court's inherent authority.

## ARGUMENT

Paragraph 6 of the Protective Order, provides in pertinent part, that:

> In the event a party objects to a designation of materials as . . . "COUNSEL'S EYES ONLY," that party shall give written notice of such objection to the other party prior to filing a motion with the Court. The parties, by counsel, shall then confer by telephone in a good faith attempt to resolve the dispute. If no resolution is reached within seven (7) days of written notice of the objection, either party may file a motion and request a ruling whether the material in question should be treated as "CONFIDENTIAL" or "COUNSEL'S EYES ONLY" under this Order. Until the Court rules on a motion that challenges the confidentiality of a document, the parties shall continue to treat the materials as "CONFIDENTIAL" or "COUNSEL'S EYES ONLY" under the terms of this Order.

*See* Protective Order, ¶ 6 (Dkt. No. 79). Pursuant to the terms of the Protective Order entered in this matter, the designator, here Plaintiff, bears the burden of establishing that the "counsel's eyes only" designation is supported by good cause. As explained by the US District Court for the Eastern District of Virginia in the case of *NewMarket Corp. v. Innospec Inc.*:

> To show good cause, the party seeking protection from disclosure must demonstrate that "'(1) the material in question is ... confidential information within the scope of Rule 26(c), and (2) disclosure would cause identifiable harm.'" Minter, 2010 U.S. Dist. LEXIS 136006, 2010 WL 5418910, at *8 (*quoting Deford v. Schmid Prods. Co.,* 120 F.R.D. 648, 652-53 (D. Md. 1987)). Importantly, the party seeking protection must identify "'specific prejudice or harm that will result'" if disclosure is allowed. *Lathon v. Wal-Mart Stores East, LP,* No. 3:09cv57, 2009 U.S. Dist. LEXIS 54682, 2009 WL 1810006, at *5 (E.D. Va. June 24, 2009) (*quoting Sullivan v. Dollar Tree Stores, Inc.,* No. CV-07-5020-EFS, 2008 U.S. Dist. LEXIS 27458, 2008 WL 706698, at *1 (E.D. Wash. Mar. 14, 2008)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the R[ule] 26(c) test." *Minter,* 2010 U.S. Dist. LEXIS 136006, 2010 WL 5418910, at *8.

*NewMarket Corp. v. Innospec Inc.,* No. 3:10cv503, 2011 U.S. Dist. LEXIS 56137, at *10 (E.D. Va. May 25, 2011). On May 21, 2020, undersigned counsel emailed counsel for Plaintiff requesting that the improper designation be removed, no response was received. *See* May 21, 2020,

Email attached hereto as <u>Exhibit 1</u>. On May 22, 2020, undersigned counsel sent another email to counsel for Plaintiff requesting that the improper designation be removed and requested dates for a telephonic meet and confer to discuss this issue. *See* May 22, 2020, Email attached hereto as <u>Exhibit 2</u>. On May 22, 2020, counsel for Plaintiff responded by stating he was not agreeable to removing the designation because he "do[es] not trust [Radack] to share the identity of Mr. Morgan with third parties. The identity of the whistleblower is highly sensitive." *See* May 22, 2020, Email attached hereto as <u>Exhibit 3</u>. Counsel for Plaintiff ignored undersigned counsel's request for a meet and confer date and counsel for Plaintiff went on to state that he objects to Radack attending the deposition of Mr. Morgan without providing any rationale. Counsel for Plaintiff's statement that Mr. Morgan's identity is "highly sensitive" or that he fears Radack will "share the identity of Mr. Morgan," is directly contradicted by the fact that Plaintiff disclosed Mr. Morgan's name, profession, and business address in a publicly filed pleading with this Court on May 28, 2020. *See* Declaration of Eric A. Morgan (Dkt. No. 91). The information designated as "Counsel's Eyes Only" is not confidential or "highly sensitive" and there is no identifiable harm or prejudice which could possibly result from removal of this designation because Plaintiff has disclosed the identity of Mr. Morgan to the public. Plaintiff has not, and cannot, meet the good cause standard.

Radack as a party to this case has a right to review the information produced by Mr. Morgan which Plaintiff relies upon as purported proof that Radack has breached the Settlement Agreement. Further, the plain language of the Protective Order does not support Plaintiff's position that Radack is precluded from attending Mr. Morgan's deposition which is currently scheduled to occur on June 4, 2020. Radack, as a party to this case, has the absolute right to attend the deposition of Mr. Morgan where the improperly designated documents will be used as exhibits. "[A] party's right to attend a deposition is undisputed." *Radian Asset Assur., Inc. v. College of the Christian Bros.*, No.

4

09-0885 JB/DJS, 2010 U.S. Dist. LEXIS 137137, at *13 (D.N.M. Nov. 24, 2010). In sum, there is absolutely no basis for Plaintiff's refusal to remove this improper designation from the Supplemental Production. It is pellucidly clear that the underlying rationale for Plaintiff's designation lacks any good cause or good faith. Thus, the instant Motion should be granted, Plaintiff should be ordered to remove the improper designation, and Radack should be awarded her attorney's fees for having to file the instant Motion.

WHEREFORE, Defendant Jesselyn Radack respectfully requests that the Court enter an order removing Plaintiff's "Counsel's Eyes Only" designation from the Supplemental Production and awarding Jesselyn Radack her attorney's fees, costs, and such other and further relief as the Court deems proper.

Dated this 31st day of May, 2020

    /s/ D. Margeaux Thomas
D. Margeaux Thomas (VSB #75582)
The Thomas Law Office PLC
11130 Fairfax Blvd., Suite 200-G
Fairfax, VA 22030
Telephone: 703.957.2577
Facsimile: 703.957.2578
Email: mthomas@thomaslawplc.com
*Counsel for Jesselyn A. Radack*

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2020, a copy of the foregoing document was filed with the Court electronically. Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

       /s/ D. Margeaux Thomas
       D. Margeaux Thomas (VSB #75582)