UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| TREVOR FITZGIBBON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:19-cv-477-REP |
| vs. | ) |
| | ) |
| JESSELYN A. RADACK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JESSELYN A. RADACK'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)**

Defendant Jesselyn A. Radack ("Radack" or "Defendant"), by counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), submits this Memorandum of Points and Authorities in Support of her Motion to Dismiss the Third Amended Complaint filed herein by Plaintiff Trevor Fitzgibbon ("Fitzgibbon" or "Defendant"), and in support thereof, states as follows:

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move the court to dismiss any claim upon which, as a matter of law based on the allegations in the complaint, relief cannot be granted. *Hewlette v. Hovis,* 318 F.Supp.2d 332, 335 (E.D. Va. 2004). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1959 (2007). The court must accept the complaint's factual allegations as true and view all allegations in a light most favorable to the non-moving party. *Hewlette,* 318 F.Supp.2d at 335 (citing *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993)). The plaintiff has the burden of alleging facts sufficient to state

1

all elements of a claim. *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). In reviewing a motion to dismiss, a court need not take as true bare legal conclusions that are unsupported by factual allegations. *Taubman Realty Group Ltd. Partnership v. Mineta*, 320 F.3d 475, 479 (4th Cir. 2003).

## ARGUMENT

### A. Numerous Alleged Breaches of the Settlement Agreement Asserted by Plaintiff in his Third Amended Complaint Fail as a Matter of Law (Count I)

Pursuant to Paragraph 4(a) of the Settlement Agreement, the parties agreed "that they will not tweet, retweet, reply, like or otherwise post anything on . . . [any] social media platform . . . that mentions the other or that is of and concerning the other." Third Am. Compl. ¶ 14. Pursuant to Paragraph 4(b) of the Settlement Agreement, the parties agreed "that they will not direct, request, encourage, entire, procure or otherwise cause any third party . . . to tweet, retweet, reply, like or otherwise post anything . . . [on any] social media platform . . . that mentions the other or that is of and concerning the other." *Id.* Here, a majority of the alleged breaches set forth in Plaintiff's Third Amended Complaint contain no facts which support the conclusion that they are "of and concerning" the Plaintiff. Furthermore, the mere fact that numerous third parties post negative statements about the Plaintiff on social media does not support the conclusion that Radack directed or requested the third parties to make the posts. Indeed, the Third Amended Complaint fails to plead any facts which would plausibly suggest that Radack directed, requested, or encouraged these third parties in any way. Plaintiff's vague and conclusory allegations are insufficient to satisfy *Twombly*'s pleading threshold. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly,* 550 U.S. at 556).

In Paragraph 20(r), Plaintiff references a post by Carrie Goldberg, an attorney and women's rights activist, who posted on Twitter a "Power and Control Wheel" which illustrates "traditional elements of intimate partner violence" including "fear, economic abuse, isolation, minimizing & denying, using children, emotional abuse, coercion & threats." Third Am. Compl. ¶ 20(r). Radack responds to the post by stating "[c]an I put his picture in the middle and throw darts at it? Because he fits every element on this wheel." *Id.* Plaintiff then without any factual underpinnings in support jumps to the erroneous conclusion that this post is "of and concerning" him, when indeed the post refers to Goldberg's own experiences with her ex-boyfriend which are documented in Goldberg's book *Nobody's Victim – Fighting Psychos, Stalkers, Pervs, and Trolls*. Carrie Goldberg, Nobody's Victim – Fighting Psychos, Stalkers, Pervs, and Trolls, Plume (2019). In Goldberg's book she describes how her ex-boyfriend "turned obsessive, jealous, and then full-on 'psycho' and threatened to put her intimate photos online when she left him." *Id.* In *Nobody's Victim,* Goldberg goes on to explain that her ex didn't just threaten to publish photos; he messaged her family, friends, and coworkers on Facebook to tell them Goldberg was a drug addict with a sexually transmitted infection. *Id.* When Goldberg went to the police, reporting the ex for threatening her, stalking her, and trying to break into her apartment, her ex went and filed a police report, too, accusing Goldberg of assault which landed Goldberg in jail. *Id.* Thus, Plaintiff's conclusory statement that "Fitzgibbon is the only male who fits 'every element on the wheel" is wholly inaccurate and not supported by the facts plead in the Third Amended Complaint. Third Am. Compl. ¶ 20(r).

In Paragraph 20(z), Plaintiff refers to a post wherein Radack describes herself "as a survivor and victim advocate" who would "never engage in or endorse stalking." Third Am. Compl. ¶ 20(z). There is no explanation whatsoever about how this post is possibly "of and concerning" Plaintiff. Indeed, Radack has been a survivor and victim advocate for over three decades, which is well before she even met Plaintiff. Radack's personal reflections on sexual misconduct on college campuses and advocacy for women's rights is documented in an article written by Radack in October of 2014, entitled *Ivy League Rape Nightmare: My Personal Reflection of Progress – and pain.* See https://www.salon.com/2014/10/09/ivy_leagues_rape_fiasco_a_personal_reflection_of_progress_and_sadness/. Radack's statement using the nonspecific terms "survivor and victim advocate" is not a statement about Plaintiff, nor a breach of the Settlement Agreement.

In Paragraph 20(ff), Radack provides a list of lawsuits that counsel for Plaintiff has filed this year. Third Am. Compl. ¶ 20(ff). A reference to numerous publicly filed complaints in no way constitutes a breach of the Settlement Agreement. In Paragraph 20(ll), Radack seeks to raise funds for her mounting legal costs, her gofundme.com page makes no reference to Plaintiff, and it is unclear how this would ever constitute a violation of the Settlement Agreement. Third Am. Compl. ¶ 20(ll). Lastly, the Twitter posts referenced in Paragraphs 20(a), (b), (c), (d), (e), (f), (p), (q), (aa), (bb), (cc), (dd), (kk), and (mm) of Plaintiff's Third Amended Complaint, all constitute posts by third parties which lack any facts in support of Plaintiff's distorted conclusion that these posts were directed by Radack or constitute a breach of the Settlement Agreement. Accordingly, these alleged breaches asserted by Plaintiff fail as a matter of law and should be dismissed.

### B. Plaintiff's Defamation Claim Fails as a Matter of Law (Count II).

A threshold question of law for the Court in every defamation case is whether the challenged communication is "actionable." The statements at issue here are not actionable because they are expressions of subjective opinion, incapable of objective proof. *See Milkovich v. Lorain Journal Co.,* 497 U.S. 1, 20 (1990) (A statement is not actionable if it "cannot reasonably be interpreted as stating actual facts about an individual.") (internal quotation and citation omitted); *CACI Premier Tech., Inc. v. Rhodes,* 563 F. 3d 280, 293-94 (4th Cir. 2008). Courts recognize that "a statement of opinion is actionable only if it has an explicit or implicit factual foundation and is therefore objectively verifiable." *Guilford Transp. Indus. V. Wilner,* 760 A.2d 580, 597 (D.C. App. 2000) (citations omitted). "The First Amendment protects statements of imaginative expression and rhetorical hyperbole in order to assure that the public debate will not suffer for lack of these statements, which have traditionally added much to the discourse of our nation." *Id.* at 589. "Assertions of opinion on a matter of public concern receive full constitutional protection if they do not contain a provably false factual connotation." *Id.*

Here, the crux of Fitzgibbon's defamation allegations concern generalized commentary and opinions regarding sexual harassment, how individuals are affected, and particular defenses that are commonly raised. These statements do not rise to the level of provably false factual connotation. Defamatory words must be more than unpleasant or offensive; the language must make the plaintiff appear odious, infamous, or ridiculous.'" *Chapin v. Knight-Ridder, Inc.* 993 F.2d 1087, 1092 (4th Cir. 1993). In the instant case, a majority of the subject statements make no reference to the Plaintiff, nor do they rise to the level of "odious, infamous, or ridiculous."

For these reasons, Count II of Plaintiff's Third Amended Complaint should be dismissed.

### C. Plaintiff's Common Law Conspiracy Claim Fails as a Matter of Law (Count III).

Plaintiff's conspiracy claim fails to meet the pleading standards set forth in *Ascroft v. Iqbal,* 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556-57 (2007). Under *Twombly,* the Supreme Court of the United States found that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face" in order to avoid dismissal under Rule 12(b)(6). Here, the Third Amended Complaint is devoid of any facts which would support a plausible inference that Radack conspired with any of the arbitrarily individuals listed, some identified by Twitter handle only. Plaintiff's claim fails to allege any facts concerning the parameters of the alleged conspiracy, including the basis for it or any details concerning the purported agreement. Nor does Plaintiff supply any allegations suggesting when or how Radack entered into an agreement to act jointly with the listed individuals to injure Plaintiff. The Third Amended Complaint fails to set forth a factual basis which would even lead to the conclusion that Radack has any connection whatsoever with the alleged co-conspirators. It appears that Plaintiff's sole basis underlying his claim that a conspiracy existed is that random third parties posted information about him on social media over the past year. At most, Plaintiff's allegations amount to broad-brush general allegations which fail to comply with the particularity requirements of Rule 9(b). Accordingly, Plaintiff's conspiracy claim should be dismissed.

### D. Plaintiff's Tort Claims and Demand for Punitive Damages Should be Dismissed (Count II-III).

Plaintiff's tort claims and demand for punitive damages must be dismissed because, as discussed above, this action is, in fact, a run-of-the-mill breach of contract action, based solely on factually deficient allegations of a breach itself, for which independent tort actions and punitive damages do not lie. It is well-settled in Virginia that tort claims and punitive damages are not

available for breach of contract actions or where the duty alleged arises merely from contract. *Goodstein v. Weinberg,* 245 S.E.2d 140, 143 (Va. 1978); *Weidman v. Weidman,* 1992 WL 884894, at *1 (Va. Cir. Ct., Aug. 31, 1992) (dismissing claim for punitive damages and noting "Virginia law does not allow the award of punitive damages when the duty alleged arises merely from contract, or even when the breach of contract is extraordinarily egregious").

This Court should reject Plaintiff's attempt to recast his breach of contract claim into a tort claim in order to seek punitive damages. *Kamlar Corp. v. Haley*, 224 Va. 699, 706 (1983) (finding that the overwhelming weight of authority continues to resist the tendency of "lawyers to turn every breach of contract into a tort"). Not one of Plaintiff's allegations gives rise to a separate tort that is independent of his breach of contract claim, as the Settlement Agreement provides an exclusive contract remedy for the statements Plaintiff alleges here that are: i) "of and concerning" the other party; ii) directed, requested, or encouraged to be made by a third party; or iii) "defamatory, derogatory, deprecating, detracting and/or pejorative" statements. Third Am. Compl. ¶¶ 14-15. *Neurology Servs., Inc. v. Fairfax Med. PWH, LLC*, 67 Va. Cir. 1, *1 (Va. Cir. Ct. 2005) (finding punitive damages are not recoverable for a claim that "relies on a breach of contract for its proper pleading," and thus, "is not a separate and independent tort"). Because Plaintiff's Complaint at most alleges only a breach of contract claim, Plaintiff's prayer for punitive damages should be dismissed.

## CONCLUSION

For the reasons set forth above, Defendant Jesselyn Radack respectfully requests that the Court grant the instant Motion and dismiss with prejudice Plaintiff's Third Amended Complaint pursuant to Fed. R. Civil P. 12(b)(6).

Dated this 8th day of June, 2020

> Respectfully submitted,
>
> ___/s/  D. Margeaux Thomas_____
> D. Margeaux Thomas (VSB #75582)
> The Thomas Law Office PLC
> 11130 Fairfax Blvd., Suite 200-G
> Fairfax, VA 22030
> Telephone: 703.957.2577
> Facsimile: 703.957.2578
> Email: mthomas@thomaslawplc.com
> *Counsel for Defendant Jesselyn A. Radack*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2020, a copy of the foregoing document was filed with the Court electronically.  Notice of this filing will be sent automatically by the Court's CM/ECF system to the following parties:

Steven S. Biss
300 West Main Street, Suite 102
Charlottesville, VA 22903
*Counsel for Plaintiff*

> _/s/  D. Margeaux Thomas_____
> D. Margeaux Thomas (VSB #75582)

8